## UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

GLENDA PEREZ,

          Claimant,

v.

CIGNA HEALTH & LIFE INSURANCE CO.,

          Respondent.

Case No. 8:18-cv-01862-T-17-JSS

FILED

2018 JUL 27 PM 3: 24

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

## PETITIONER'S APPLICATION TO VACATE ARBITRATION AWARD

TO THE HONORABLE JUDGE OF SAID COURT:

Petitioner, Glenda Perez ("I", "Petitioner" or "Perez"), on its own behalf, hereby petitions this Court, pursuant to the Federal Arbitration Act, Sections 9 U.S.C. §§ 10 and 11 ("FAA"); to enter an Order Vacating the American Arbitration Association ("AAA") Final Judgment Award ("Award") against Respondents CIGNA HEALTH & LIFE INSURANCE CO.,.

### JURISDICTION AND VENUE

1.    The Court has subject-matter jurisdiction over this action because it presents a federal question to, 28 U.S.C. §§ 451, 654, 1331, 1337, 1343, 1657 and 29 U.S.C. §§ 160.



2.     Further, venue is proper to hear this petition to vacate arbitration final award in this district under 28 U.S.C. § 1391(c), because the underlying arbitration presented discrimination (on the basis of race/national origin) and retaliation, a claim under the Title VII of the Civil Rights Act of 1964, as amended, the Florida Civil Rights Act of 1992, and 42 U.S.C.1981.

## PARTIES

3.     Petitioner, Glenda Perez, is a citizen of the United States and a resident of the State of Florida.

4.     Respondent's CIGNA, ("Cigna", or "Respondents"), is an employer in accordance with 42 U.S. Code § 12111(5)a., a global health services organization that partners with clients (often corporate employers). One type of health benefit plan that Cigna works with employers to provide for their employees is a pharmaceutical benefit plan. As part of being able to provide these pharmaceutical plans, Cigna employs Implementation Set-Up Representatives ("ISRs"). An ISR is responsible for keying data into a computerized system that interfaces with pharmacies allowing the pharmacies to correctly charge consumers attempting to fill prescriptions according to the terms of the plans that Cigna's clients provide to the employees. Generally, an ISR is assigned certain client accounts to work on and certain benefit plans for the client preference. The ISR then

reviews the client preferences and physically keys different "logics" into a computer system that will allow the benefit plan to operate smoothly for the client's employees.

## INTRODUCTION

5.     In this action, the parties entered into a broad, binding arbitration provision that required arbitration of "all controversies." The parties agreed that the Local Rule 3.05 of the Local Rules for the United States District Court in and for the Middle District of Florida rules (Ex. 2)

6.     The proceedings lasted a period of eleven months. The arbitrator incorporated a formal schedule precedent on a hearing that was scheduled for July 16 and 17th of 2018, which was cut short on June 12, 2018. The arbitrator made his decision to the Motion for Summary Judgment via email (Ex.3) and a week later followed up with its decree and his opinion (Ex.4).

## FACTUAL BACKGROUND

7.     The arbitration proceeding began on August 3, 2017 following an employment discrimination dispute and termination.

8.     Petitioner was introduced to Jeffrey Jones, the first of Respondent's three council's (Ex 5) to discuss over the grievance.

9.     Gregory Schmitz was soon placed as the lead attorney and AAA provided a list of Neutral Arbitrators. Petitioner questioned if Mr. Jones would be available or involved and Mr. Schmitz stated, "I'll be handling the day to day aspect of this matter."

10.     Originally, the parties agreed to Edith N. Dinneen and were given a disclosure to which Petitioner later objected due to the candidate's responses (Ex 6). Petitioner conferred with Respondent as to further explain concerns regarding partiality in Ms. Dinneen's response to her oath and Mr. Jones recent mediation (Ex 7). Petitioner was cautioned when there were no objections to the denial of the candidate.

11.     Several weeks later, AAA submitted over a new list and parties failed to agree. Petitioner requested Cary Singeltary to be the arbitrator and Respondents couldn't agree on him and did not give reason.  Carlos Burruezo was on the following list of AAA's arbitrators and was selected by both Parties. The "arbitrator" submitted his oath and amended his disclosure two days later. Petitioner did not recognize any conflict with respect to Mr. Burruezo' taking of an oath and amended answer because Mr. Burruezo and Respondents are officers of the court and are held to the same standards, if not, more acutely than a would be Pro 'se litigant.

12.     The parties met with the arbitrator to go over proceedings schedules and scoped discovery procedures.

13.     Petitioner gave Mr. Schmitz an extension of discovery time to provide requested documents and shortly after, attorney, Nancy Johnson from Respondent, took over the case. There was no explanation as to why the change, however, Petitioner believed this to be of normal practice.

14.     Upon notice of appearance, no disclosure was made regarding Ms. Johnson's relationship to the parties of any kind.

15.     Soon after Ms. Johnson was appointed, issues regarding discovery deadlines and hearing dates were disputed. Ms. Johnson wanted to reschedule the hearing date that was already scheduled back with Mr. Schmitz (Ex 8). She specifically required those days off but never explained why.

16.     Respondent retaliated by committing a series of actions throughout the discovery process. The arbitrator conducted several hearings and orders which respondent consistently fell short of complying (Ex.10..15).

17.     On June 12, 2018, Ms. Johnson had emailed Petitioner to review the stipulation form in preparation of the hearing and communicated in ex-parte with the Arbitrator to explain the timing of the joint

stipulation. An hour later, the arbitrator moved to Summary Judgment in favor of the Respondents and thus for canceled the hearing (Ex 3).

18.   Petitioner reviewed the "motions" to understand the ruling since the decision was without Opinion or decree. A week later, the arbitrator submits his Order with Decree and Opinion "findings of fact and conclusions of law". Petitioner realized the close resemblance of the Respondent's motion for summary judgment and the arbitrators order which appears to be a "copy and paste".

19.   Petitioner reviewed entire case and further researched into the parties and discovered the undisclosed relationships the arbitrator has with Mr. Jones. The arbitrator made it an effort to have Mr. Jones copied in on motions such as Motions for Spoliation, Sanctions and Renew Sanctions (Ex. 16)

20.   As detailed below, the Petition identifies, and satisfies the basis for vacating an arbitration award under 9 U.S.C. § 10 and 11. Therefore, the Petition for vacatur is due to be granted.

## MEMORANDUM OF LAW

### I.      Legal Standard.

The FAA provides for vacatur of an arbitration award in only four (4)

narrow circumstances:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made

## II. AAA's General Arbitrator Oath a Continual Obligation for Disclosure.

In *Gianelli*, the Eleventh Circuit followed its prior precedent and held that "an arbitration award may be vacated due to the 'evident partiality' of an arbitrator only when either (1) an actual conflict exists, or (2) the arbitrator knows of, but fails to disclose, information which would lead a reasonable person to believe that a potential conflict exists." *Gianelli*, 146 F.3d at 1312.

In *Weinger*, "an arbitrator has an affirmative duty to disclose any dealings that might create an impression of possible bias", *Weinger v. State Farm Fire & Cas. Co.*, 620 So. 2d 1298, 1299 (Fla. 4th DCA 1993)(*citing, Commonwealth Coatings Corp. v. Continental Casualty Co.*, 393 U.S. 145, 89 S.Ct. 337, 21 L.Ed.2d 301 (1968); *International Ins. Co. v. Schrager*, 593

So.2d 1196 (Fla. 4th DCA 1992); *Middlesex Mut. Ins. Co. v. Levine*, 675 F.2d 1197 (11th Cir.1982)).

"Failure to disclose such an association undermines the appearance of propriety and the confidence of the fairness of the proceedings and requires the vacation of the award." *See Commonwealth*, 393 U.S. at 149-150, 89 S.Ct. at 339-340; *Schrager*, 593 So.2d at 1197;*concurring*, "it is enough for present purposes to hold, as the Court does, that where the arbitrator has a substantial interest in a firm which has done more than trivial business with a party, that fact must be disclosed. If arbitrators err on the side of disclosure, as they should, it will not be difficult for courts to identify those undisclosed relationships, which are too insubstantial to warrant vacating an award. 393 U.S. at 151-52, 89 S.Ct. at 340.

Herein, neither party objected to selection and upon receiving the arbitrator's amended disclosure. The parties finally reached an agreement. The Petitioner, with complete confidence in the arbitrator's impartiality, was without knowledge of what would ultimately transpire. (Ex. 17).

## A.   Legal Standard for Evident Partiality.

"A party seeking to vacate an arbitration award for bias bears a heavy burden of proof." *Drexel Burnham Lambert Inc. v. Pyles. 701 F. Supp. 217,*

220 (N.D. Ga. 1988) (citing *Saxis Steamship Co. v. Multifacs Int'l Traders. Inc.. 375 F.2d 577*, 582 (2d Cir. 1967)). Section 10 of the FAA authorizes a court to vacate an arbitration award if there "was evident partiality or corruption in the arbitrators, or either of them." *Continental Cas. Co. v. Staffing Concepts. Inc.,* No. 8:09-CV-02036-T-23AEP, 2011 WL 7459781, at *3 - 4 (M.D. Fla. Dec. 20, 2011), (citing 9 U.S.C. § 10(a)(2)).

"[A]n arbitration award may be vacated due to the 'evident partiality' of an arbitrator only when either (1) an actual conflict exists, or (2) the arbitrator knows of, but fails to disclose, information which would lead a reasonable person to believe that a potential conflict exists." *Johnson v. Directory Assistants Inc. No. 14–1563* (11th Cir.2015)(*citing, Univ. Commons–Urbana, Ltd. v. Universal Constructors, Inc.,* 304 F.3d 1331, 1339 (11th Cir.2002)).

### B.    AAA Various Rules, Administered on Various Issues.

In *Sorren v. Kumble*, 578 So. 2d 836 (Fla. Dist. Ct. App. 1991)., i.e., 9 U.S.C. § 10, Without attempting a comprehensive definition, we think "undue means" refers to such matters as ex parte communications or undisclosed relationships between an arbitrator and one of the contestants. *See generally Overseas Private Inv. Corp. v. Anaconda Co.,* 418 F. Supp. 107(D.D.C. 1976).

Upon reviewing the case herein, Petitioner was made aware of three ex parte incidents that were made via email between the arbitrator and respondents (Ex 17, 18, 19).

"[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *J. Don Gordon Constr., Inc. v. Brown,* (Ala, 2015)(citing, *United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987).

### III.   Exceeds Powers

An arbitrator's award fails to draw its essence from the agreement when:

"(1) it conflicts with express terms of the agreement; (2) it imposes additional requirements not expressly provided for in the agreement; (3) it is not rationally supported by or derived from the agreement; or (4) it is based on 'general considerations' of fairness and equity' instead of the exact terms of the agreement." *Beacon Journal Pub, v. Akron News. Guild, Local No. 7,* 114F.3d 596, 599 (6th Cir. 1997) (quoting Dallas & Mavis Forwarding Co. v. Local Union No. 89, 972 F.2d 129, 134 (6th Cir. 1992) (citations omitted). The court's inquiry focuses on whether the Arbitrator had the power, based

upon the agreement, to render a given decision. *Great Amer. Ins. Co. v. Move*, 733 F. Supp. 2d 1298, 1302 (M.D. Fla. 2010).

## IV.   Award shall vacate.

*See generally,* Courts are usually reluctant to impugn the decisions of a jury because of claims of subsequently discovered bias, see *King v. United States,* (2d Cir. 1978) (citing cases), and challenges to a judge's impartiality are typically ruled untimely when the complaining party delays an objection past the point at which he is deemed on notice of potentially disqualifying circumstances. *See, e.g., United States v. Patrick,* 542 F.2d 381, 390(7th Cir. 1976), cert. Denied. *Andros Compania Maritima v. Marc Rich & Co., AG,* 579 F.2d 691 (2d Cir. 1978)(*Arnold & Moyles* Arbs.),

## CONCLUSION

WHEREFORE, Petitioner seeks the court, in light of the event, to Vacate the award.

*Glenda Perez*
Glenda Perez
7/27/18

10158 New munster Loop
Ruskin, FL 33573
Pro Se