C



AMERICAN
ARBITRATION
ASSOCIATION®

INTERNATIONAL CENTRE
FOR DISPUTE RESOLUTION®

P.O. Box 19609
Johnston, RI 02919

August 18, 2017

Glenda Perez
10158 Newminster Loop
Ruskin, FL 33573
Via Email to: glendaperez52@yahoo.com

Gregory R. Schmitz, Esq.
Littler Mendelson, P.C.
111 North Magnolia Avenue
Suite 1250
Orlando, FL 32801-2366
Via Email to: GSchmitz@littler.com

Case Number: 01-17-0004-5405

Glenda Perez
-vs-
CIGNA Health & Life Insurance, Co.

Dear Parties:

The American Arbitration Association acknowledges receipt on August 11, 2017, of a Demand for Arbitration which has been filed with us in accordance with the employment plan or contract containing a clause providing for administration by the AAA.

This arbitration will be administered under the Employment Arbitration Rules and Mediation Procedures (Rules), a copy of which is located on our website at www.adr.org. The AAA has determined that this matter arises from an Employer Plan. In addition, the enclosed Arbitration Information Sheet will provide you with basic information about what you can expect from this process.

Please note the following:

- The Respondent has until **September 5, 2017** to file an answer to the claim. If an answer is not received we will assume a general denial. Please reference the Rules if filing a counterclaim.
- A request has been made for the hearing to be held in Ruskin, FL. Please refer to Section 10 of the Rules.
- Attached is a list for your selection of the arbitrator. Please see the attached list for further instruction on this process. This list is due on **September 5, 2017.**
- Provided that the AAA has email addresses for all parties, the Association will communicate with the parties via email for all AAA communications, unless notified otherwise.
- We also ask that the attached Checklist for Conflicts be returned to the AAA by **September 5, 2017**. Further instructions are also located on the enclosed sheet.

Additionally, the parties may desire to mediate this case prior to an arbitration hearing. Mediation is a private, non-binding process under which the parties submit their dispute to a third-party neutral. The mediator may suggest ways of resolving the dispute, but may not impose a settlement on the parties; the parties attempt to negotiate their own settlement agreement. Please contact the undersigned for further details regarding mediation.

If you have any questions or need clarification on any of the enclosed documents, please feel free to call or email me at any time.

Thank you,


Pro Se Manager of ADR Services
Email: ProSeMADRServices@adr.org


Enclosures

Cc: Victoria Gorokhovich, Esq.

## AMERICAN ARBITRATION ASSOCIATION
## CHECKLIST FOR CONFLICTS

In the Matter of the Arbitration between:

Case Number: 01-17-0004-5405

Glenda Perez
-vs-
CIGNA Health & Life Insurance, Co.

## DATE DUE TO THE ASSOCIATION: **September 5, 2017**

The Association must advise each neutral, upon appointment, complete names of all entities and persons involved in this matter. You should be aware that arbitrators will need to divulge any relevant information in order to make appropriate and necessary disclosures in accordance with the applicable arbitration rules. In order to do so we ask that you complete this attached list including the following:

- Witnesses
- Consultants
- Attorneys
- Subsidiaries
- Any other related entities or persons

This form will only be used as a list for conflicts, not a preliminary or final witness list. Please note that the AAA will not divulge this information to the opposing party and the parties are not required to exchange this list.

For your convenience, this form may be completed online through AAA's WebFile. If you do not have a WebFile account, you will need to create one and then request access to this case using the "Request Case Access" function within WebFile. You may then complete the Conflicts Checklist as part of this case's online record.

FULL NAME                          AFFILIATION                          ADDRESS

DATED: _____   PARTY: _____

Please Print

## AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between:

Case Number: 01-17-0004-5405

Glenda Perez
-vs-
CIGNA Health & Life Insurance, Co.

CASE MANAGER: Pro Se   Manager of ADR Services
DATE LIST SUBMITTED: August 18, 2017

DATE LIST DUE: **September 5, 2017**
LIST FOR SELECTION OF ARBITRATOR
**********************************************************************************

In accordance with the Rules we are providing you a list of arbitrators who are members of our Employment Dispute Resolution Roster. Along with this list are the attached Biographical Information Sheets on each arbitrator listed. We encourage parties to review the following list of arbitrators and if possible, agree to a single arbitrator from this list.

Should parties not be able to agree to an arbitrator please review and independently submit the attached list to me by **September 5, 2017**. In accordance with the Rules:

* Strike any names that you have an objection on

* Number the remaining names in order of preference

* Return list to AAA upon completion

Should you not return your list by the above date all names will be deemed acceptable.

Note: If appointment cannot be made from this list the AAA may appoint without the submission of an additional list, in accordance with the rules. For your convenience, this form may be completed online through AAA's WebFile at www.adr.org.

Kelly N.H, Charles-Collins, Esq.

Lynn H. Cole, Esq.

Edith N. Dinneen, Esq.

Robert B. Hoffman, Esq.

Amy L. Sergent, Esq.

Christopher M. Shulman, Esq.

Cary R. Singletary, Esq.

Harold (Hal) Smith, Esq.

Kenneth R. Starr, Esq.

R. Jeffrey Stull, Esq.

**************************************************************************************
****

Arbitrators are compensated at the rate stated on their biographical data. The compensation is an independent obligation of the parties and it is understood that the American Arbitration Association has no liability, direct or indirect, for such payments. Deposits shall be made promptly with the AAA as required by the case manager, pursuant to the Rules, subject to final appointment by the arbitrator in the award. If you have any questions please call or email me.

Party: _____

By: _____

Title: _____

### Arbitration Information Sheet

This document provides information about your upcoming arbitration and the expectations concerning each party's conduct throughout the process. Please save this information sheet so that you may refer to it throughout the arbitration.

#### Administrative Conference

The AAA may conduct an Administrative Conference with the parties to discuss issues that will assist the Association in administering the case as efficiently as possible. This is also a good time for the parties to discuss ways to conduct the arbitration to meet their specific needs. Please be prepared to discuss the following:

a.  estimates on the expected duration of the case;
b.  method of appointment of arbitrators, if applicable;
c.  your views on the qualifications of the arbitrators to be proposed;
d.  the possibility of submitting this dispute to mediation;
e.  the handling of extension requests;
f.  means of communication between the AAA and the parties.

#### Exchange of Correspondence and Documents

It is also important to note that the parties must exchange copies of all correspondence during the course of the arbitration. The two exceptions are the Checklist for Conflicts mentioned above and the party's arbitrator ranking list, which you will receive further information on during the course of the arbitrator appointment process. The parties only need to send copies of documents, such as discovery, to the AAA if the document is to be transmitted to the arbitrator for a determination.

#### Communications with Arbitrator

It is very important that parties do not engage in any ex-parte communications with the arbitrator. So as to minimize the potential of such communications, this case will be administered by facilitating the exchange of appropriate written documents through the AAA. To ensure the proper handling of all case-related documents, the parties are asked not to submit correspondence directly to the arbitrator. Correspondence should be submitted to your case manager for transmittal to the arbitrator, copying the other party.

#### Timeliness of Filings

Please pay particular attention to response dates included on any correspondence I send you. Untimely filings or responses will not be considered by the Association. Therefore, if you need an extension to any deadline, please contact the other party to reach an agreement. In the event you are unable to agree, the AAA or the arbitrator will determine if an extension will be granted.

#### Locale of the Arbitration

The parties may agree to a locale for the arbitration. This agreement can be made in the parties' agreement or contract, or when the arbitration is submitted to the AAA. The AAA will place the arbitration within the agreed upon locale.

If the parties' contract or agreement does not specify a locale and the parties cannot agree on a locale, the AAA's Rules empower the AAA to determine the locale, subject to the power of the arbitrator, after his or her

appointment, to make a final determination. In these circumstances, the claimant will generally request that the hearing be held in a specific locale. If the respondent fails to file an objection to the locale requested by the claimant within 15 calendar days after the notice of the request has been sent to it by the AAA, the AAA will confirm the locale requested by the claimant is agreeable.

When a locale objection is filed, each party is requested to submit written statements regarding its reasons for preferring a specific locale. In preparing their written statements, the parties are asked by the administrator to address the following issues:

1.  Location of parties & attorneys.
2.  Location of witness and documents.
3.  Location of records.
4.  If construction, location of site, place or materials and the necessity of an on-site inspection.
5.  Consideration of relative difficulty in traveling and cost to the parties.
6.  Place of performance of contract.
7.  Place of previous court actions.
8.  Location of most appropriate panel.
9.  Any other reasonable arguments that might affect the locale determination.

## AAA WebFile

We invite the parties to visit our website to learn more about how to file and manage your cases online. As part of our administrative service, AAA's WebFile allows parties to perform a variety of case related activities, including:

> File additional claims
> Complete the Checklist for Conflicts form
> View invoices and submit payment
> Share and manage documents
> Strike and rank listed neutrals
> Review case status or hearing dates and times

AAA WebFile provides flexibility because it allows you to work online as your schedule permits - day or night. Cases originally filed in the traditional offline manner can also be viewed and managed online. If the case does not show up when you log in, you may request access to the case through WebFile. Your request will be processed within 24 hours, after review by your case manager.

## Refund Schedule

For disputes arising out of employer plans, filing fees are nonrefundable.

For disputes arising out of an individually-negotiated employment agreements and contracts, the Association has a refund schedule in the administrative fee section of the Rules. After 60 days of the Association's receipt of the Demand or the appointment of the arbitrator the filing fees are non-refundable. The Association will only refund filing fees as outlined in the Rules and does not refund neutral costs incurred when parties settle their dispute or withdraw their claims. Final Fees are fully refundable if the parties provide at least 24 hours' notice prior to the hearing.

**AMERICAN
ARBITRATION
ASSOCIATION®** | INTERNATIONAL CENTRE
FOR DISPUTE RESOLUTION®

# Kelly N.H, Charles-Collins, Esq.

| | |
|---|---|
| **Current Employer-Title** | Employment Litigation Attorney
Arbitrator
HR Consultant |
| **Profession** | Employment Litigation
Arbitration
Mediaton
General Civil Litigation |
| **Work History** | Attorney/Arbitrator/HR Consultant
Smoak, Chistolini & Barnett, PLLC 2016-present
Hamilton, MIller & Birthisel, LLP, 2013-2016
Charles-Collins Law, PA, 2011-present
Sr. HR Investigator (Employment) Publix Super Markets, Inc. 2008-2012
Contract Attorney, Devlin & Robinson, P.C., 2007-08
Contract Attorney, Cook & James, LLC, 2006-07
Employment Litigation Attorney, Helms & Greene, LLC, 2003-06
Employment Litigation Attorney, Douberley & Cicero (Staff Counsel for Chubb Insurance Co.), 2000-03
Employment Litigation Attorney, Muller, Mintz, P.A., 1998-00
Assistant Public Defender, Law Offices of the Public Defender (Florida), 1995-98 |
| **Experience** | Has over 17 years of experience representing management in employment law matters. Certified Civil Court Mediator and presides as a Certified Arbitrator with the American Arbitration Association over employment, commercial and consumer cases in the U.S. and internationally.

Broad range of experience in employment law includes providing advice and successful litigation defense of matters in federal and state court and before administrative bodies in areas such as Title VII, the ADEA, FMLA and the ADA, sexual harassment, wrongful discharge, retaliation, whistleblower, federal and state wage and hour laws, state tort claims and restrictive covenant agreements, including non-compete provisions. Provides day-to-day preventive counseling for employers, defends EEOC and other administrative charges, conducts internal investigations, trains management and supervisors, reviews and drafts employment policies, assesses and implements workplace solutions and defends unemployment compensation claims.

Experience as staff counsel for a multibillion dollar, global international insurance firm.  Well-suited to also handle matters covered by employment practices liability insurance (EPLI).

Represents clients in a broad spectrum of industries, including food service, automotive, community management, community associations, healthcare, |

*Kelly N.H, Charles-Collins, Esq.*
*Neutral ID : 155998*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing.  Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

transportation, information technology, security services, cruise lines, risk management and government contractors.

| | |
|---|---|
| **Alternative Dispute Resolution Experience** | Presides as arbitrator in employment, commercial and consumer disputes. Florida Supreme Court Certified Circuit Civil Mediator - Inactive Mediated clients' employment litigation claims. Represented clients in arbitration regarding the interpretation of collective bargaining agreements. Neutral (inactive) state of Georgia. |
| **Alternative Dispute Resolution Training** | AAA Best Practices of Commercial Arbitration, 2017; AAA Challenges at the Preliminary Hearing (ACE006), 2015; AAA Conducting Research and Investigations ~ The Arbitrator's Authority (ACE009), 2015; FL Circuit Civil Mediator Training, Mediation Services, Inc., 2013; AAA Dealing With Delay Tactics in Arbitration (ACE004), 2012; AAA Arbitration Awards: Safeguarding, Deciding & Writing Awards (ACE001), 2011; AAA Arbitration Fundamentals and Best Practices for New Arbitrators, 2010; The Justice Center of Atlanta, Mediation Training, 2007. |
| **Professional Licenses** | Admitted to the Bar: Florida, 1995; Georgia, 2003; Virgin Islands 2014 Registered Neutral, Georgia, 2007 (inactive); Florida Certified Circuit Civil Mediator (2013) |
| **Professional Associations** | The Florida Bar State Bar of Georgia Virgin Islands Bar Broward County Bar Association Florida Association of Women Lawyers Broward County Women Lawyers' Association |
| **Education** | Golden Gate University School of Law, JD w/specialization in litigation (1995) Johnson & Wales University (AS-1988; BS-1990; MBA-1992) |
| **Publications and Speaking Engagements** | Panelist - Empowering Champions: Diversity in Leadership - Diversity Recruiters Network Diversity Career Fair - November 2013, September 2014; Facilitator - Workplace Investigations Roundtable - NAMWOLF Annual Meeting, September 2014. |
| **Willing to serve without travel cost** | No |
| **Citizenship** | United States of America |
| **Languages** | English |
| **Locale** | Tampa, Florida, United States of America |

**Compensation**

| | |
|---|---|
| Hearing: | $250.00/Hr |
| Study: | $250.00/Hr |
| Travel: | $0.00/Hr |

*Kelly N.H, Charles-Collins, Esq.*
*Neutral ID : 155998*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing. Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

Cancellation: $0.00/Day
Cancellation Period: 0 Days
Comment: For complex matters, non-hearing charges are assessed for file review and legal research at a per hour charge of $250.00.

Charges for review and study of pre-hearing briefs, materials submitted by parties, reviewing of pre-hearing motions, review and study of post-hearing submissions by parties, pre-hearing conferences, and discussion/deliberation time with other arbitrators at a per hour charge of $250.00.

May charge cancellation fee, depending upon the circumstances.

Willing to travel. Participants responsible for travel expenses from home base of Florida or Georgia.

*Kelly N.H, Charles-Collins, Esq.*
*Neutral ID : 155998*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing. Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

AMERICAN
ARBITRATION
ASSOCIATION®  |  INTERNATIONAL CENTRE
FOR DISPUTE RESOLUTION®

# Lynn H. Cole, Esq.
## Law Offices of Lynn Cole, P.A.

**Current Employer-Title**   Law Offices of Lynn Cole, P.A. - President and Owner

**Profession**   Full time Dispute Resolution Professional since 2003:Arbitrator, Mediator; Settlement Council; Special Magistrate (State Court) and Special Master (Federal Court)

**Work History**   President and Owner, Law Offices of Lynn Cole, P.A., 1995-present; Fulltime ADR Professional, 2003 - present; Partner, Allen Dell Law Firm, 1984-95; Assistant U.S. Attorney, Department of Justice, U.S. Attorney's Office, 1979-84; Assistant District Attorney, District Attorney of Lehigh County, 1975-78.

**Experience**   Has over 37 years as an attorney with 28 years' experience as trial attorney trying hundreds of cases as lead counsel, in complex commercial litigation (both plaintiff and defense cases), several over $1 Million dollars; labor and employment (private and public employment clients and both employers and employees), construction, contracts, malpractice (legal and medical) banking, products liability, utilities, securities, and all whistle-blower claims (state and federal). Has arbitrated over 270 matters, both with AAA, other organizations and privately, and written several opinions for AAA matters. She has conducted over 800 mediations.

Labor and employment experience includes representing both employers and employees in private and federal sectors. Subject matter experience in Employment Contracts; Non-Compete contracts and clauses;Civil Rights Act of 1991 (Title VII), 42 U.S.C. Section 1983 (including race, ethnicity, gender and retaliation claims); the Fair Labor Standards Act of 1938; Age Discrimination in Employment Act of 1967, 29 U.S.C. '621 (including retaliation claims); The American Disability Act; violation of the Florida Civil Rights Act of 1992; Florida Whistleblower's Act (private and public); Sarbanes-Oxley Act of 2002, 29 CFR, 1980; and Federal False Claims Act, 31 U.S.C. '3729. Has class action lawsuit experience in gender discrimination claims (Title VII and Equal Pay Act), FSLA, and Worker Adjustment and Retraining Notification Act (WARN) cases. Has complex commercial litigation experience representing clients in industries including steel manufacturing, aviation, internet and intellectual properties, pharmaceutical, construction, utilities, and health care. Experience and representative issue in complex commercial matters includes breaches of contract (all issues, federal and state); intellectual property (including ICANN); securities; antitrust (civil and criminal), banking; utilities issues, fraud, partnership, theft and embezzlement, and civil RICO.

Also has experience in construction litigation, representing owners, general contractors, and engineers in trials, arbitrations, and mediations in disputes ranging from $83,000 to over $120 million. Construction projects in dispute included hospital (public), airport terminal, airport runway, water pipelines, bridges, and

*Lynn H. Cole, Esq.*
*Neutral ID : 154241*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing. Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

commercial residences involving issues of delay, interference, critical path, design standards of steel rebar, and glass specifications.

**Alternative Dispute Resolution Experience**

Extensive experience as an AV-rated attorney in representing clients in mediation and arbitration. As a full-time Harvard-trained dispute resolution professional, has experience in all aspects of ADR, including mediation, arbitration, Special Master (Federal Court), Special Magistrate (State Court) settlement counsel, and neutral evaluator. Has served as Special Master in federal complex tax case and real estate cases; has served as Special Magistrate in FL Circuit Court in complex commercial and contract case and in prolonged real estate litigation; and SEC receiver for $20M ponzi scheme. As an arbitrator, mediator, and counsel, has handled numerous matters involving anti-trust; contracts; labor and employment; banking; complex commercial, business; and partnership disputes.

Unique background as former Assistant United States Attorney for qui tam cases, civil theft, civil RICO and civil and consumer fraud cases. Certified by the International Mediation Institute in the Hague.

Extensive international arbitration and mediation training experience:

Has trained mediators and judges in Jordan, Oman, Lebanon, Saudi Arabia, Iraq, Slovenia, Bulgaria, Serbia, Croatia, Kosovo, Greece and Turkey in commercial mediation (beginning and advanced); ethics in mediation; and beginning and advanced mediation.

Since March 2011, has served as the President of the Board of Directors for Mediators beyond Borders International, (MBB) a non-profit organization dedicated to building a more peace-"able" world.
Other training has included:
- Dialogues, Greece, 2013
- Commercial Mediation, Turkey, 2012
- Advanced Commercial Mediation Trainer of judges and mediators in 15 hour certified course in Slovenia (Oct. 2007);
- Basic Commercial Mediation Trainer of judges and mediators in 6 hour course in Beograd, Serbia (Oct. 2007);
- Mediation Trainer for women judges, professionals and attorneys from the Middle East (April 2006);
- Mediation Specialist, USAID/NCSC, assigned to Kosovo to assist in implementation and development of protocols for first Pilot Court-Related Mediation Program (April 2007);
- ADR Specialist, USAID/ABA assigned to Jordan to assist in implementation and development of first Mediation Court Pilot Program in Middle East with Minister of Justice and Chief Judge of Amman Court of First Instance (March-June 2006).

Mediation Specialist, USAID/ABA/CEELI assigned to Bulgaria assisting Minister of Justice and Mediation Steering Committee in drafting and implementing ethical, procedural, educational and certification rules and regulations pursuant to the Mediation Act of 12.2005. Conducted advanced mediation training (April-July 2005).

*Lynn H. Cole, Esq.*
*Neutral ID : 154241*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing. Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

- NASD Dispute Resolution, Public Arbitrator
- U.S. Council for International Business (USCIB), Arbitrator and Mediator
- Willem C. Vis International Commercial Arbitration Moot, Vienna, Arbitral Judge
- National Association of Distinguished Neutrals (NADN), invited member
- CPR (Int'l Institute for Conflict Prevention and Resolution), Mediator and Arbitrator panels
- WIPO (World Intellectual Property Organization), The Hague, Invited Mediator
- NAF (National Arbitration Forum) Mediator and Arbitrator Roster of Neutrals
- USCIB (U.S. Council for International Business), Arbitrator and Mediator
- FINRA (Financial Industry Regulatory Authority), Arbitrator
- NAM (National Arbitrators and Mediators), Mediator and Arbitrator
- Resolute Systems, Inc., Panel of Neutrals, Arbitrator and Mediator
- National Academy of Distinguished Neutrals (NADN), selected member, 2008-present
- International Mediation Leadership Summit, The Hague (ABA/DR Section), invited member, 2010
- World Justice Forum, Barcelona, Spain

| | |
|---|---|
| **Alternative Dispute Resolution Training** | AAA Inter-Cultural Competencies - Critical to Resolving Multi-Cultural Disputes, Faculty, 2017; AAA Best Practices for Counsel - Mediating and Arbitrating The Complex Commercial Case, 2016; ICDR Awards and Commentaries - Just How Different Is International Arbitration Than Domestic Arbitration? 2016; Commercial Arbitration - Getting Your Feet Wet, 2016; AAA Top Techniques for Improving Arbitration Case Management Efficiency, 2015; AAA How You Can Make the Most of Mediation's Global Growth 2015; AAA Protocols, Processes and Protecting the Award 2014; AAA Webinar, Managing ESI Exchanges in Arbitration- Preparing Yourself for the New Landscape and New Challenges- Part 1, 2014; AAA Webinar, Where Do We Draw the Line? Ethics in Arbitration, 2013; AAA Arbitration Awards: Safeguarding, Deciding & Writing Awards (ACE001), 2010; ACR Advanced Commercial Mediation Institute, 2009; ABA-DR Conference, Significant Developments in Arbitration Case Law, 2009; ABA-DR Conference, Preparing for and Managing Your Arbitration Hearing, 2009; AAA/ACR Conference, Advanced Commercial Mediation Institute, Innovation in Commercial Mediation, 2008; ACR Annual Conference, Mediating Abroad, Making the Paradigm, 2008; Dispute Resolution Center of Florida, Annual Conference, Mediation Gone Global - Some Precepts for Mediating Abroad, 2008; DR Annual Conference of the American Bar Association, Mediation-Cultivating the Rule of Law, 2007; ACR/AAA/Advanced Commercial Mediation Institute, 2007, 2006; AAA Arbitration Fundamentals and Best Practices for New AAA Arbitrators, 2007; Federal Bar Association Annual Conference, ADR Section Conference, 2006; JAMS, International Mediation, 2006; Dispute Resolution Center of Florida Continuing Education, 2006, 2004; Harvard Law School, Mediation Institute, 2004; David Strawn, Mediation Training, 2002. Continues to earn and average of over 80 CLE hours annually for certification in Florida for the last 7 years. |
| **Professional Licenses** | Admitted to the Bar:  Pennsylvania (inactive), 1975; Florida Supreme Court, 1980; U.S. District Court: Middle District of Florida, 1981 and Southern District of |

*Lynn H. Cole, Esq.*
*Neutral ID : 154241*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing.  Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

Texas; U.S. Court of Appeals: Fifth (inactive) and Eleventh (1982) Circuits; U.S. Supreme Court, 1985.

**Professional Associations**

ASIL member; ABA DR Section Member; International Mediation Leadership Summit, The Hague (Invited Member; ABA/DR Section); Mediators Beyond Borders (Founding Board Member and President); Florida Academy of Mediators (Vice-President); Civil Justice Reform Commission (Past Chair); International Institute for Conflict Prevention and Resolution; Federal Bar Association (ADR Section, Chair); Eleventh Circuit (Past Vice President; Past National Membership Chair); American Bar Association (ADR Section); Florida Bar Association (International Section; 13th Judicial Circuit, Past Grievance Committee); National Association of Mediators of Bulgaria (First International Member); National Association of Mediators of Slovenia (First International Member); Tampa Commission on Ethics; Hillsborough County Bar Association (Senior Council, Past Chair; Trial Lawyers Section, Past Chair); American Inns of Court (Ferguson-White Inn, Master, Charter Member).

**Education**

University of Maryland (BA; Post Graduate work in counseling); John Marshall Law School (JD-1974); Harvard Law School Program on Negotiation Mediation Program (Certificate of Completion-2004).

**Publications and Speaking Engagements**

PUBLICATIONS: What?s Driving the Global Growth of Mediation in Business and Commerce, International Journal of the Florida Bar, June, 2012; Use of ADR in Restricted Countries, Florida Bar, International Section, Sept. 2010; "Mediators Without Borders," THE CAUCUS, Florida Academy of Professional Mediators, vol. 18, March 2007; "A Journey in Mediation - The Bulgarian Path," THE FEDERAL LAWYER, vol. 53, no. 7, August 2006; "Mediation in the Middle East - Part 1," THE LAWYER, vol. 16, September 2006; "Mediation in the Middle East - Part 2," THE LAWYER, vol. 17, October 2006; "Musings of a Mediator Gone Global - Part 1," THE LAWYER, vol. 16, October 2005; "Musings of a Mediator Gone Global - Part 2," THE LAWYER, vol. 17, no. 3, November 2005; "Mediation-Coming into Your Community," THE LAWYER, vol. 15, no. 5, February 2005; "The Herb Goldberg Award," HCBA LAWYER, vol. 1, no. 1, September 1992; "Survey on Computer Crime in Florida," published by FDLE 1989.

SPEAKING ENGAGEMENTS: "Court-Based Mediation-Expanding Access to Justice in Developing Societies," ABA-DR Conference, April 2009; "Advanced Commercial Mediation," Beograd, Serbia, March 2009; "Ethics for Mediators," Lyubljana, Slovenia, November 2008; "Advanced Commercial Mediation," Zagreb, Croatia, October 2008; "E-Mediation, The New Horizon of Mediation," FAPM Mid-Year Conference, 2008; "Challenges of Establishing Court Mediation Programs Abroad," 16th Annual Dispute Resolution Conference of Florida, August 2007; "Mediation: Enhancing Access to Justice in Developing Nations' Judiciaries," Association for Conflict Resolution, Annual Conference, Phoenix, October 2007; "Challenges of Establishing Court Mediation Programs Abroad," 16th Annual Dispute Resolution Conference of Florida, August 2007; "Mediation-Cultivating the Rule of Law," ADR Annual Conference of the American Bar Association, April 2007; organizer and moderator, "Global Alternative Dispute

*Lynn H. Cole, Esq.*
*Neutral ID : 154241*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing. Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

Resolution - An Overview," Federal Bar Association Annual Meeting, August 2006; "Challenges and Lessons Learned in Establishing Court Mediation Programs Abroad," Chatham College, Speaker's Program, Mesites Foundation, January 2007; "Mediation, Meeting Global Challenges," Tampa Bay Chapter of the United Nations, February 2007; "Challenges of Establishing Court Mediation Programs Abroad - Bulgaria and Jordan," Columbus Bar Association of Attorneys, Columbus Ohio, November 2006; "Rule of Law - Global Efforts," Rotary Club of Tampa Bay, November 2005; "ADR, Expanding to Shrink the World," 14th Annual Dispute Resolution Conference of Florida, August 2005; "Basic Commercial Litigation: Selected Issues on Ethics and Professionalism in Litigation," Florida Bar Continuing Legal Education Seminar, March 1994; "Representing the Public/Private Owner," 17th Annual Construction Contract Litigation Seminar, Florida Bar CLE Seminar, May 1993; "Rule 11 and Other Judicially Imposed Rules of Ethics," Current Issues in Legal Ethics sponsored by The Hillsborough County Bar Association, December 1991; "Basic Commercial Litigation: Selected Issues on Ethics and Professionalism in Litigation," Florida Bar Continuing Legal Education Seminar, March 1991; "Basic Practice: A View from the Bench," Ethics of Federal Practice Seminar, August 1990; "Computer Fraud Training," Florida Association of Computer Crime Investigators, FDLE training course, Orlando, Florida, February 1991.

**Awards and Honors**    Appointed to Tampa Commission on Ethics by mayor, 2004-present; appointed to State Mediation Qualifications Board by Florida Supreme Court, 1994-02; Chair, Civil Justice Reform Act Advisory Commission, 1997-98; appointed as chair, 13th Judicial Nominations Commission by Governor, 1996-97; Special Appointee by State House Committee to Hillsborough County Labor Relations Board, 1995; Chair, Selection Committee for U.S. Magistrate, 1991.

**Citizenship**    United States of America
**Languages**    English; French
**Locale**    Tampa, Florida, United States of America

**Compensation**

| | |
|---|---|
| Hearing: | $300.00/Hr |
| Study: | $300.00/Hr |
| Travel: | $400.00/Day |
| Cancellation: | $1600.00/Day |
| Cancellation Period: | 20 Days |
| Comment: | Hourly fee will be charged for pre-hearing conferences, study, and preparation of written opinion and award(s). Travel time and expenses: No travel time charged. For travel to hearing sites over 100 miles, the actual mileage rate at the current IRS rate or actual travel rates at economy fare prices. For hearing sites within Florida, travel by private automobile will be |

*Lynn H. Cole, Esq.*
*Neutral ID : 154241*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing. Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

charged the IRS accepted mileage rate from Tampa, FL. For hearing sites outside of Florida, coach airfare will be charged and is non-refundable. Lodging, meals, rental car, tolls and parking expenses will be charged at actual cost.

A per-diem flat fee of $1600 for each hearing date cancelled or postponed within 20 days of scheduled hearing.

*Lynn H. Cole, Esq.*
*Neutral ID : 154241*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing.  Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

**AMERICAN
ARBITRATION
ASSOCIATION**  | INTERNATIONAL CENTRE
FOR DISPUTE RESOLUTION®

# Edith N. Dinneen, Esq.

| | |
|---|---|
| **Current Employer-Title** | Self-employed - Dispute Resolution Neutral |
| **Profession** | Attorney, Arbitrator, Mediator, Hearing Officer, Fact-Finder |
| **Work History** | Arbitrator and Mediator, Private Practice, 2000-present; Of Counsel, Akerman Senterfitt, 1999-00; Partner, Annis, Mitchell, Cockey, Edwards & Roehn, 1997-99; Partner, Lane Powell Spears Lubersky, 1992-97; Partner/Associate, Rogers & Wells, 1973-92. |
| **Experience** | Twelve years exclusively in neutral dispute resolution following 27 years as a litigation attorney in labor and employment, as well as a wide variety of complex commercial, civil rights, and constitutional disputes (individual and class actions in federal and state courts and administrative agencies). Familiar with numerous private sector industries such as retail, security, journalism, banking and other financial services, insurance, manufacturing, entertainment, hotel and restaurant, transportation, healthcare, pharmaceutical, agriculture, and utilities. Business litigation issues included breach of contract or warranty, Uniform Commercial Code, securities, commodities, insurance (E&O and D&O), First Amendment, Fair Credit Reporting Act, Truth in Lending Act, Equal Credit Opportunity Act, real estate, lender liability, equipment leasing, tradename misappropriation, antitrust, fraud and unfair or deceptive business practices statutes. Civil rights experience primarily with employment, affirmative action, housing, and public accommodation statutes and related constitutional issues. Employment work addressed all types of federal and state statutes and common law dealing with executive contracts, discrimination, harassment, retaliation, whistleblowing, wages, benefits, I-9's and immigration status, drug testing, leaves of absence, plant closings, noncompetition and nonsolicitation covenants, trade secrets, privacy, defamation, and other personal injury torts. Traditional labor-management work covered NLRB unit clarifications, unfair labor practice charges, contract interpretation and "just cause" arbitrations, successor liability in mergers and acquisitions, "last chance" agreements, union organizing and elections, employee committees, strikes, picketing, and secondary boycotts. |
| **Alternative Dispute Resolution Experience** | Dispute resolution neutral exclusively since 2000, handling cases involving labor and employment, commercial, securities, consumer, and healthcare disputes. American Arbitration Association arbitrator and mediator since 1992. Qualified as court-appointed arbitrator for Florida Circuit Courts since 2003. Los Angeles Superior Court mediator (employment and commercial cases) from 1995 to 1997. Judge pro tempore of Los Angeles Superior Court from 1992 to 1993. EEOC Los Angeles District Office Pilot Mediation Project, 1996. |
| **Alternative Dispute Resolution Training** | AAA Clarity in Award Writing, 2016; AAA Arbitrator Subpoenas: Are They Worth the Paper They're Printed On?, 2015; AAA "Managing ESI Exchanges in Arbitration" 2014; AAA Webinar, What's a Respondent Like You Doing in a Place |

*Edith N. Dinneen, Esq.*
*Neutral ID : 120296*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing. Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

Like This? Confronting Arbitrability and Jurisdiction Issues in Arbitration, 2013; ABA, The Future of Class Actions, 2012; AAA Maximizing Efficiency & Economy in Arbitration: Challenges at the Preliminary Hearing, 2011; California Bar, Wage & Hour Class Actions after AT&T v. Concepcion, 2011; AAA Webinar, Arbitrator Boundaries: What are the Limits of Arbitrator Authority?, 2011; ABA, 6th Annual Commercial Arbitration Training Institute, 2011; AAA Webinar, Solving the Puzzle of "Just Cause" in Labor Arbitration, 2011; California Bar, ADR: Issues and Trends, 2011; ABA, The Future of Employment Discrimination Class Actions after Dukes v. Wal-Mart, 2010; ABA, Class Action Arbitration after Stolt-Nielsen, 2010; ABA Labor and Employment Law Conference, ADR Track, 2009; AAA Webinar, Will Traditional Litigation Strategies Work in Employment Arbitration?, 2009; Hillsborough County Bar, Advanced Mediation Skills, 2009; ABA, Ethical Issues in Mediation and Settlement of Class/Collective Actions, 2009; National Arbitration Forum, Arbitrator Training, 2008; ABA, ADR in Labor and Employment Law, 2007, 2006, 2003, 2002; AAA Neutrals Conference, 2006, 2003; ALI-ABA, Being a Special Master in State and Federal Courts, 2005; NYSE Arbitrator Training, 2007, 2005, 2003; National Futures Assn. Arbitrator Training, 2006; AAA Dealing With Delay Tactics in Arbitration (ACE004), 2005; AAA Arbitration Awards: Safeguarding, Deciding & Writing Awards (ACE001), 2003; AAA Pro Se: Managing Cases Involving Self-Represented Parties (ACE002), 2003; AAA Employment Arbitrator II Training: Advanced Case Management Issues, 2002; NASD Securities Chairperson Training, 2002, 1996, 1995; FMCS, Labor Arbitrator Training, 2002; AAA Arbitrator Update 2001; AAA Employment Arbitrator Training, 2000; SPIDR (now ACR), Advanced Dispute Resolution in Employment, 1998; Los Angeles County Bar Assn., Civil and Workplace Mediator Training, 1996; Los Angeles Superior Court, Mediator Training, 1996; EEOC Mediator Training, 1996; Los Angeles County Bar Assn., Mediator Training, 1995; NASD Introductory Securities Arbitration Training, 1995.

| | |
|---|---|
| **Professional Licenses** | Admitted to the Bar: New York, 1974; Florida, 1988; California, 1989; U.S. District Courts: Southern (1974) and Eastern (1978) Districts of New York; Central (1989), Southern (1989), Northern (1989), and Eastern (1989) Districts of California; Middle (1997), Southern (1997), and Northern (1997) Districts of Florida; U.S. Court of Appeals: Second (1975), Ninth (1989), and Eleventh (1997) Circuits; U.S. Supreme Court, 1979. |
| **Professional Associations** | State Bar of California (Labor and Employment Law Section); The Florida Bar (Labor and Employment Law Section); American Bar Association (Dispute Resolution Section; Labor and Employment Section; Committee on Employment Rights and Responsibilities; Committee on Equal Employment Opportunity; Committee on ADR in Labor and Employment); American Health Lawyers Association. |
| **Education** | Smith College (BA-1969); Boston College (JD-1973). |
| **Awards and Honors** | Member (1971-72) and Articles Editor (1972-73) of BOSTON COLLEGE LAW REVIEW. Judge for ABA (Law Student Division) National Arbitration Competition. |

*Edith N. Dinneen, Esq.*
*Neutral ID : 120296*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing.  Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

**Citizenship**       United States of America
**Languages**        English
**Locale**            Tampa, Florida, United States of America

**Compensation**

|  |  |
|---|---|
| Hearing: | $350.00/Hr |
| Study: | $350.00/Hr |
| Travel: | $200.00/Hr |
| Cancellation Period: | 0 Days |
| Comment: | Hourly rate billed in 1/10 hour increments for hearing time (4-hour minimum); pre-hearing conferences; correspondence with counsel; review and analysis of motions, transcripts, briefs and legal authorities; preparation of orders and awards; and communication with AAA. $200.00 per hour for travel time (trips more than 1/2 hour each way), plus actual expenses. |

*Edith N. Dinneen, Esq.*
*Neutral ID : 120296*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing. Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

AMERICAN
ARBITRATION
ASSOCIATION®

INTERNATIONAL CENTRE
FOR DISPUTE RESOLUTION®

# Robert B. Hoffman, Esq.
### Robert B. Hoffman Ltd., Inc.

| | |
|---|---|
| **Current Employer-Title** | Self-employed - Arbitrator and Mediator |
| **Profession** | Arbitrator, Mediator |
| **Work History** | Full-time Arbitrator and Mediator, 1990-present. Former Chicago law firms: Partner and Chair, Employment and Labor Department, Rooks, Pitts & Poust; Partner, Laner, Muchin, Dombrow &Becker; Partner and Chair, Employment and Labor Department, Arnstein & Lehr; Trial Attorney, National Labor Relations Board. |
| **Experience** | Businesses arbitrated: Food chains; hospitals; major hotel chains; cruise lines; airlines; retail food chain; national restaurant chains; national retail department store chains; credit unions; oil refineries; mortgage brokers; CPA and other business partnerships; property management firms; financial services; mortgage brokers; international collection agencies; physician groups; software developers; product compliance  support services; legal referral services; wholesale liquor distributors; design groups; law firms.

Examples of issues: Partnership disputes, including formation and dissolution issues involving distribution of assets, funds and clients; tort claims relating to defamation, negligence, intentional infliction of emotional distress, fraud, loss of consortium and personal injury; discrimination claims for race, age, sex, national origin, sexual orientation; determinations of contractual "cause" for terminations; heath care terminations involving safety and care of patient and unprofessional conduct; summary judgment motions relating to burden of proof and legal basis for claims; motions to compel; motions to quash subpoenas. ICDR issues: Jones Act; negligence; fraud; emotional distress; misc. torts. |
| **Alternative Dispute Resolution Experience** | Received numerous appointments involving a range of both small and complex commercial disputes, employment disputes concerning terminations of top management employees, and personal injury disputes. He also serves as a labor arbitrator and as written over 1000 decisions, many of them published by BNA, CCH, Westlaw and other arbitration publications. His decisions are also cited throughout the leading arbitration treatises: Elkouri & Elkouri, How Arbitration Works; Brand & Biren, Discipline and Discharge in Arbitration; Fairweather's Practice and Procedure in Labor Arbitration. He is a member of the National Academy of Arbitrators. He serves on permanent panels for various employers and unions, as well as labor, commercial/employment and international panels for the American Arbitration Association, and the International Centre for Dispute Resolution for cruise line personal injury of employees disputes. He is a Special Magistrate for the Florida Public Employee Relations Commission for public employer bargaining disputes. He serves as a mentor to arbitrators under the FMCS mentoring program. Has worked full time as an arbitrator since 1990. He |

*Robert B. Hoffman, Esq.*
*Neutral ID : 127689*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing.  Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

previously practiced law and served with the National Labor Relations Board. Sample of related employment and commercial published cases: Delray Hospital/Tkach, 199 WL 35374583; Northrop Grumman/Glaser, 2003 WL 26623324; Celebrity Cruises Federizzione Ilatianan Transporti, 126 LA 639 (2008); Premier Beverage/Ghibaudy, 2010 WL 10149959; Macy's/Valence, 2010 WL 10149958; Celebrity Cruises & Federizzione Ilatianan Transporti, 126 LA 639 (2011); Fortune Street Partners/ Rosa, 2012 WL 1499088; St. Mary's Hospital/Williams, 2013 WL 6980511; Polk County, FL/ Federation of Public Employees. 2013 WL 7178990; Dillard's/Rodney, 2014 WL 7740500; AVI-SPL/ Clark, 2015 WL 4504183.
ICDR appointments include:. Royal Caribbean Cruises & Ch; RCCL & De;  RCCL & To; RCCL & Tu; RCCL & Ea; RCCL & Ko; Celebrity Cruises & Ta. .

| | |
|---|---|
| **Alternative Dispute Resolution Training** | Employment and Labor Case Law Update: What Arbitrators and Practitioners Need to Know, 2017; AAA Dealing with Difficult Attorneys (ACE013), 2016; ICDR Awards and Commentaries - Just How Different Is International Arbitration Than Domestic Arbitration?, 2015; AAA Making the Most of Mediation; NAA National and Fall Conferences; AAA Pro Se: Managing Cases Involving Self-Represented Parties;  AAA Dealing With Delay Tactics in Arbitration,  AAA Chairing an Arbitration Panel: Managing Procedures, Process & Dynamics;  AAA Arbitrator Ethics & Disclosure;  AAA Labor Arbitrator II Training: Advanced Case Management Issues,  AAA Employment Arbitrator II Training: Advanced Case Management Issues;  AAA Arbitrator Update;  EEOC Mediation Training, AAA Commercial Arbitrator Training;  AAA Employment Arbitrator Training;  Florida Court-Appointed Arbitrators Training Certificate; AAA/Florida Public Employee Relations Commission, Annual Conference; JAMS; various other ADR training. |
| **Professional Licenses** | Admitted to the Bar:  California; Illinois; U.S. Supreme Court. |
| **Professional Associations** | National Academy of Arbitrators; California Bar Association; Illinois Bar; Arbitration and Mediation Services (AMS). |
| **Education** | University of Wisconsin (BS); Northwestern University (JD). |
| **Publications and Speaking Engagements** | LIST FOR 2016 PUBLISHED - COMPLETE LIST of OVER 200 PUBLISHED ARBITRATION DECISIONS AVAILABLE UPON REQUEST <br>St. Lucie Schools/CNA, 2016 WL 7111892; Miami Beach Resort/HERE, 2016 WL 7111895; Nursing Center University Village/1199 SEIU, 2016 WL 6818363; City Lake Worth/ IBEW, 2016 WL 6818364; Miami-Dade County/PBA, 2016 WL 5349695; City Miramar/IAFF, 2016 WL 5349694; Miami-Dade County/AFSCME, 2016 WL 4445578; City Memphis/Memphis Police Association, 2016 WL 4445579; United Parcel Service/IBT, 2016 WL 3742251; Miami-Dade County/TWU, 2016 WL 3742250; City Margate/ FOP. 2016 WL 2893737; City Coral Gables/IBT, 2015 WL 10859972; First Transit/IBT, 2016 WL 1696706 |
| **Citizenship** | United States of America |
| **Languages** | English |
| **Locale** | Fort Myers, Florida, United States of America |

*Robert B. Hoffman, Esq.*
*Neutral ID : 127689*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing.  Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

## Compensation

|  |  |
|---|---|
| Hearing: | $2500.00/Day |
| Study: | $600.00/Hr |
| Travel: | $2500.00/Day |
| Cancellation: | $2500.00/Day |
| Cancellation Period: | 30 Days |
| Comment: | HEARINGS: Per Diem rate. |

PRE-HEARING: Hourly rate for all discovery and other pre-hearing matters parties requiring action by arbitrator.

POST-HEARING: $600.00 per hour for all post-hearing matters requiring action by arbitrator.

POST AWARD: $450 per hour for all such matters. Additional hearings at per Diem rate.

TRAVEL TIME: $450 per hour if travel on day prior to hearing or needed day after hearing. Travel in excess of five hours billed at per Diem $1750 with no hourly charge.

EXPENSES: Lodging, meals and transportation billed as incurred. Automobile mileage .65 per mile.

INTERIM BILLING: For expenses and/or fees when extensive time and/or expenses incurred before hearing; multiple hearing dates scheduled over period of time; unusual length of time between close of hearing and filing briefs; postponement fees.

CANCELLATION/POSTPONEMENT FEE: Full per Diem fee charged for each hearing day reserved if canceled or postponed by any party for any reason less than 45 days prior to each date reserved.

PAYMENT DUE PROMPTLY UPON RECEIPT OF INVOICE.

*Robert B. Hoffman, Esq.*
*Neutral ID : 127689*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing. Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

*Robert B. Hoffman, Esq.*
*Neutral ID : 127689*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing.  Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

AMERICAN
ARBITRATION
ASSOCIATION®

INTERNATIONAL CENTRE
FOR DISPUTE RESOLUTION®

# Amy L. Sergent, Esq.

| | |
|---|---|
| **Current Employer-Title** | Amy L. Sergent, P.A., Attorney - Arbitrator |
| **Profession** | Arbitrator, Attorney, Mediator |
| **Work History** | Amy L. Sergent, P.A., Attorney - Arbitrator 2016 - Present; Law Clerk/Apprentice, Stanley Sergent Arbitrator, 2012 - 2017; Attorney, Alicia A. Piro, P.A., 2010 - 2015; Attorney-Partner, Lancaster & Eure, P.A., 1994 - 2010. |
| **Experience** | Prior to becoming a neutral arbitrator/mediator, practiced as a long-term partner and litigator serving as Lead Counsel on several hundred cases. Represented a diverse group of clients in a wide range of civil litigation matters including breach of contract actions, separation agreements, and discrimination based on race, sex, religion, national origin and disability. |

In those cases which stemmed from discrimination or retaliation in the workplace, routinely initiated proceedings through the EEOC as the administrative prerequisite to litigation. Has worked closely with EEOC investigators to ensure that they were supplied with all of the necessary facts and witness information in order for the EEOC to make a reasonable cause determination. Has represented numerous clients in EEOC-sponsored mediations and conciliations, and was often successful in bringing the parties to a mutually acceptable resolution of the issues prior to the institution of expensive and often lengthy litigation. There were many cases where despite a reasonable cause finding by the EEOC, pre-suit resolution was not possible, and prosecuted and defended discrimination claims at both the state and federal court levels, up to and including appeals.

Significant portion of law practice was focused on representing plaintiffs in disability discrimination cases. Has represented many victims of harassment - individuals in these cases were victims of unwelcome conduct based on their race, color, religion, sex (including pregnancy), national origin, or age (40 or older). Handled dozens of cases which involved the anti-discrimination laws which prohibit employer retaliation against an employee who has filed a discrimination charge, testified, or participated in any way in an investigation, EEOC proceeding, or a lawsuit; or opposed employment practices that they reasonably believed were discriminatory against certain classes of individuals or otherwise violated state or federal law. Also has handled cases involving violations of OSHA and state Whistle-blower laws, the Fair Labor Standards Act, and the FMLA. Litigation experience also includes involvement in several class actions.

Also serving as a Member of the AAA Consumer Panel, this portion of the arbitration practice is focused on cases involving various types of breach of contract actions in the realm of consumers. Over the years has handled numerous contract actions in the areas of automobile purchases, (including Lemon Law violations and auto warranties); machine and office equipment leasing agreements;

*Amy L. Sergent, Esq.*
*Neutral ID : 4298819*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing. Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

homeowners' insurance policies; home warranties; home inspection contracts; moving and storage contracts; health club memberships; educational testing; credit card agreements; and telecom agreements concerning cell phone and cable contracts.

**Alternative Dispute Resolution Experience**

In addition to considerable substantive and practical knowledge pertaining to employment, consumer and contract law issues, has substantial background in alternative dispute resolution. Has represented individuals and corporations in employment and contractual disputes in formal and informal negotiations, mediation, conciliation, and arbitration proceedings in the areas of breach of contract, Title VII discrimination, harassment, retaliation, ADA, ADEA, FMLA, FLSA wage and hour violations, separation agreements, non-competition agreements, and whistle-blower claims.

In addition to working for many years as a neutral arbitrator, has extensive experience serving as an advocate for both plaintiffs and the defense in mediation and arbitration, and has a deep-seeded understanding that the arbitration and mediation processes are an expedient, more efficient and less formal alternative to litigation.

Prior to become an arbitrator, worked as a Law Clerk/Apprentice for a prolific and highly-regarded Labor Arbitrator. These arbitration cases addressed a myriad of labor and employment law issues, including contract interpretation, discharge and discipline, disparate treatment, harassment, violence and intimidation in the workplace, drug testing, and arbitrability, amongst others.

**Alternative Dispute Resolution Training**

AAA Arbitration Fundamentals and Best Practices for New AAA Arbitrators, 2016; AAA Arbitration Awards; Safeguarding, Deciding & Writing Awards (ACE001), 2016; "International Commercial Arbitration: Who Decides the Threshold Issues - the Court or the Arbitrators?" (Lawline, 2014).

"EEOC Procedures, Mechanics, and Impacts on Future Litigation" (Lawline, 2014); "Dispute Resolution Boards for Construction Projects" (2014); "Effective Representation in Mediation" (Lawline, 2014).

**Professional Licenses**

Admitted to the Bar, Florida, 1993.

**Professional Associations**

Florida Bar; Sarasota County Bar; National Employment Lawyers Association; Former Vice President of the Florida Association of Women Lawyers (Sarasota Chapter); American Arbitration Association Employment Law Panel Member; American Arbitration Association Consumer Law Panel Member; MENSA.

**Education**

Stetson University College of Law (J.D. 1991)
University of South Florida (B.A. 1988)

**Citizenship**

United States of America

**Languages**

English

**Locale**

Sarasota, Florida, United States of America

*Amy L. Sergent, Esq.*
*Neutral ID : 4298819*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing. Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

**Compensation**

| | |
|---|---|
| Hearing: | $2000.00/Day |
| Study: | $300.00/Hr |
| Travel: | $200.00/Hr |
| Cancellation: | $2000.00/Day |
| Cancellation Period: | 60 Days |
| Comment: | $2,000.00 cancellation fee if less than 30 days' notice; $1,000.00 if more than 30 days' but less than 60 days' notice. |

No travel cost within a 30-mile radius of Sarasota, FL.  Hearings in Florida outside 30-mile radius will be billed at hourly travel rate plus mileage and expenses.

Willing to serve in AL, GA, MS, NC, SC, VA and WV at no additional hourly cost for travel time, only actual expenses for transportation, food and lodging.

*Amy L. Sergent, Esq.*
*Neutral ID : 4298819*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing.  Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

AMERICAN
ARBITRATION
ASSOCIATION®   INTERNATIONAL CENTRE
FOR DISPUTE RESOLUTION®

# Christopher M. Shulman, Esq.
Shulman ADR Law, P.A.

| | |
|---|---|
| **Current Employer-Title** | Shulman ADR Law, P.A. |
| **Profession** | Arbitrator, Mediator, Hearing Officer, Attorney |
| **Work History** | Shulman ADR Law, P.A., 2014 - present; Christopher M. Shulman, PA, 2003-2014; EEO Solutions, Inc. 1999-2014; Investigator/Reviewer, JDG Associates, Inc., 2002-04; Director of Employee Relations, Eckerd Youth Alternatives, Inc., 2000-02; Attorney/Law Clerk, Frank Hamilton & Associates, P.A., 1998-00, 1991-94; Labor Attorney, City of Lake Worth, 1994-95. |
| **Experience** | Practicing attorney for almost 25 years, representing individuals, labor unions, and employers in connection with a variety of statutory (including FLSA), contractual, and common-law employment law claims.  Also handled general practice, business, wills, estates, and personal injury matters for individuals.  Practice now limited to service as neutral (95%) and wills/estate planning (5%).  Have served as mediator in over 2600 cases and arbitrator or decision-maker in over 900 matters; at least 20% of these mediations or arbitrations have entailed claims under the FLSA.  In addition to substantial experience as a neutral in employment, labor, and business disputes, has also mediated or arbitrated more than 100 personal injury cases.  Finally, as an attorney, mediator, and arbitrator, have substantial experience with drafting, interpretation, and application of external law to contracts in the fields of labor, employment, consumer law (e.g., telephone, warranty, billing), small business practice, and real property. |
| **Alternative Dispute Resolution Experience** | Diplomat and 2005-2006 Board Member of the Florida Academy of Professional Mediators, a certified Florida Circuit and County Court Mediator, a Florida Court-Appointed Arbitrator, an EEOC Mediator, AAA Employment Mediator and Arbitrator, Florida Hurricane Mediation Mediator, a Federal Court Mediator and a Primary Circuit and County Mediator Trainer. Between service as a mediator, arbitrator, hearing officer, and federal-sector EEO complaint adjudicator, has resolved, or in the case of mediation, helped the parties resolve, more than 1800 matters (1100 mediations).  Certified by the Florida Supreme Court and the Florida Dispute Resolution Center as a Trainer of Circuit Civil Mediators, County Mediators, and Court -Appointed Arbitrators. |
| **Alternative Dispute Resolution Training** | The ICDR's International Arbitration Rules: Assessing the Impact of the 2014 Amendments, 2016; AAA Arbitration Awards - Safeguarding, Deciding and Writing Awards (ACE001), 2015; AAA Labor Arbitrator II Workshop, 2011; AAA - Labor Arbitrator I, 2010; AAA Chairing an Arbitration Panel: Managing Procedures, Process & Dynamics (ACE005), 2007; AAA Arbitrator Ethics & Disclosure (ACE003), 2006; AAA Pro Se: Managing Cases Involving Self-Represented Parties (ACE002), 2005; AAA Employment Arbitrator II Training: Advanced Case Management Issues, 2004; AAA Arbitrator I Training- |

*Christopher M. Shulman, Esq.*
*Neutral ID : 152785*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing.  Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

Fundamentals of the Arbitration Process, 2004; Association for Conflict Resolution/DRC Conference, Mediator Training, 2003; Florida Supreme Court/DRC Annual Conference, Mediation Training, 2002; Florida Supreme Court/County Mediation Summit, Mediation Training, 2002; AAA Advanced Mediation, 2002; NASD New Chairperson Training, 2000; NASD New Panel Member Training, 1999; 13th Judicial Circuit, Mediation Training, 1999; Florida Dispute Resolution Center Mediator Conference, Mediation Training, 1999; Florida Dispute Resolution Center Annual Mediator Conference, Mediation Training, 1997; Dispute Management Resolution, Mediation Training, 1997; USF Mediation Institute, Mediation Training, 1997; Florida Dispute Resolution Center, Arbitrator Training, 1996; various other ADR training.

**Professional Licenses**  Admitted to the Bar:  Florida, 1992; U.S. District Court:  Middle and Southern Districts of Florida; U.S. Court of Appeals, Eleventh Circuit.  Florida Supreme Court Circuit Civil Mediator, 1997.  Florida Supreme Court Certified County Mediator, 1996.

**Professional Associations**  American College of Civil Trial Mediators (past Fellow); Florida Academy of Professional Mediators (Diplomat; Past Board Member); Florida Bar (Labor and Employment Law Section; Clients' Security Fund Committee, Past Chair); Hillsborough County Bar Association (ADR Committee, Past Chair).

**Education**  Rutgers University (BA, Political Science-1987); Stetson University (JD, cum laude-1991).

**Publications and Speaking Engagements**  PUBLICATIONS:  "Wage Theft Ordinances: There's a New Sheriff in Town", The Checkoff, Vol. LV No. 2, at 1 (Florida Bar Labor and Employment Section February 2016); "Revised Florida Arbitration Code: Arbitration Face-Lift", Hillsborough County Bar Association Lawyer, Vol. 24, No. 4, at 46 (February 2014); "Having Your ADR Cake & Eating It Too:  MED-ARB & ARB-MED?," HILLSBOROUGH COUNTY BAR ASSOCIATION LAWYER, vol. 16, no. 7, pp. 42-43, April 2006; "Circuit Mediator Certification: Not Just for Lawyers Anymore," HCBA LAWYER,  vol. 16, no. 4, pp. 16-17, December 2005; "Mandatory and Voluntary ADR of Homeowner Association Disputes," HCBA LAWYER, vol. 16, no. 2, pp. 12-13, October 2005; "Advancing Successful Mediation: The Mediation Confidentiality and Privilege Act," HCBA LAWYER, vol. 15, no. 2, pp. 22-23, October 2004; "Voluntary Trial Resolution: Tailor-Made for Employment Claims," THE CHECKOFF, vol. XLII, no. 3, p. 5, May 2004; "Non-Binding Arbitration: a Primer and a Proposal," HCBA LAWYER, vol. 14, no. 3, pp. 44-45, November 2003; "Cave Canem-Police Department Liability and Equitable Standing Under 42 U.S.C. 1983," 19 STETSON LAW REVIEW 973, 1990.

SPEAKING ENGAGEMENTS:
Primary Arbitration Trainer, "Court-Appointed Arbitrator Training", February 12, 2016, Tampa, FL; Co-Presenter, "How to 'Win' at Mediation", Professional Mediation Institute/Florida Workers' Compensation Institute Conference, August 26, 2015, Orlando, FL;  Co-Presenter, "Guardianship Mediation", Dispute Resolution Center Conference, July 31 – August 1, 2015, Orlando, FL; Primary

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing.  Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

Arbitration Trainer, "Court-Appointed Arbitrator Training", Dispute Resolution Center Conference, July 30, 2015, Orlando, FL; Primary Mediation Trainer, "Circuit Civil Mediator Certification Training", July 18 – 19, 24 – 26, 2015, Tampa, FL; Presenter, "Revised Florida Arbitration Code: Arbitration in Florida gets a Face-Lift", Hillsborough County Bar Association, January 29, 2014, Tampa, FL; Presenter, "Family & Medical Leave Act Update", Tampa Bay Workforce Alliance, November 12, 2013, Tampa, FL; Primary Arbitration Trainer, "Court-Appointed Arbitrator Training", November 1, 2013, Tampa, FL; Panelist, "Mediator Ethics Plenary", Dispute Resolution Center Conference, August 10, 2013, Orlando, FL; Lecturer, Circuit Mediation Training, March 19-23, 2012; Lecturer, Court-Appointed Arbitrator Training, February 3, 2012; Lecturer, County Mediation Training, January 5-7, 2012; Lecturer, Florida Supreme Court Dispute Resolution Center, Annual Conference for Mediators and Arbitrators, 2003-09; "Mediator Ethics," CME Works Teletraining, March and June 2009; "Avoiding Impasse," CME Works Teletraining, April 14, 2009; "Managers' Employment Law and Harassment Prevention Training," Orlando-area public employers, 2008-09; "The Hearing From an Arbitrator's Perspective," NPELRA Labor Relations Academy II, April 13, 2008; "Circuit Civil Mediator Certification Training," 2007-09; "Court-Appointed Arbitrator Training," 2007-09; "County Mediator Certification Training," 2007-09; panelist, "The Shape of Things to Come: Legal and Ethical Trends in Mediation," Florida Association of Family and Conciliation Courts (AFCC), Annual Conference, November 2-3, 2007, Orlando, FL; panelist, "The Search for Truth: How Arbitrators Determine Witness Credibility," National Academy of Arbitrators, Southeast Regional Conference, Atlanta, GA, February 23-24, 2007; panelist, Ethics Plenary, and Lecturer, "Nuts and Bolts of Running a Successful ADR Practice," Florida Supreme Court's Dispute Resolution Center's A

| | |
|---|---|
| **Awards and Honors** | Outstanding Mediator, Pinellas County Office of Human Rights; EEO Investigator of the Quarter, JDG Associates, 2003. |
| **Citizenship** | United States of America |
| **Languages** | English |
| **Locale** | Tampa, Florida, United States of America |

**Compensation**

| | |
|---|---|
| Hearing: | $2800.00/Day |
| Study: | $350.00/Hr |
| Travel: | $350.00/Hr |
| Cancellation: | $2800.00/Day |
| Cancellation Period: | 21 Days |
| Comment: | Daily rate plus expenses for hearings, conferences (in-person), deliberating, and rendering awards (billed in half-day increments of $1400.00). Hourly rate for prehearing telephonic conferences. Travel time billed (in half-day increments) when hearing location requires air travel or other travel of more than one |

*Christopher M. Shulman, Esq.*
*Neutral ID : 152785*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing. Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

hour each way.

Cancellation Policy: Notice of cancellation or postponement of a scheduled arbitration hearing must be received at least 21 calendar days prior to the scheduled commencement of the arbitration hearing. Absent such timely notification, the parties will be billed their pro rata shares of the cancellation/postponement fee of $2800.00 per day reserved for the arbitration hearing plus pro rata share of travel expenses incurred, e.g., airline change fees or penalties (if applicable). If the days or partial days previously reserved for the hearing are "sold," the dollar value of the services provided to other clients will be deducted from the amount owed by the parties at the rate of $350.00 per hour.

*Christopher M. Shulman, Esq.*
*Neutral ID : 152785*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing.  Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

**AMERICAN ARBITRATION ASSOCIATION®** | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

# Cary R. Singletary, Esq.
Cary R. Singletary, P.A.

**Current Employer-Title**    Cary R. Singletary, P. A. - Attorney

**Profession**    Arbitrator, Mediator; Trainer

**Work History**    Arbitrator/Mediator, Cary R. Singletary, P.A., 1982-present; Director, Labor Arbitration Services, Inc., 2000-present; Adjunct Professor and Distinguished Professorial Lecturer, Stetson University, College of Law, 1984-02; Partner, Yanger & Singletary, P.A. 1974-82.

**Experience**    From 1973 until 1995, engaged in the general practice of law in Tampa, Florida which included corporate and partnership matters, contracts, real estate, business litigation, personal injury litigation and labor-management matters including collective bargaining, grievances, unfair labor practices, arbitrations, Title VII of the Civil Rights Act of 1964, Fair Labor Standards Act, Age Discrimination in Employment Act, Civil Rights Enforcement Acts Sections 1981 and 1983, Rehabilitation Act of 1973, Americans with Disabilities Act of 1990, and the Equal Pay Act. Board Certified Civil Trial Lawyer, Florida Board of Legal Specialization and Education, 1987-1992. Martindale-Hubbell AV rating; listed in The Best Lawyers in America, Arbitration/Mediation, 1995-2007; named in Florida Trend magazine's "Legal Elite" 2005-2007. Engaged full time as an arbitrator, mediator and trainer from 1995 until present.

**Alternative Dispute Resolution Experience**    Arbitrator experience includes court ordered and voluntary arbitrations of disputes arising from: business contracts, life insurance, products liability, employment contracts, non-compete contracts, change in control agreements, stock option agreements, partnership agreements, buy-sell agreements, unpaid wages, severance pay, Family Medical Leave Act, whistleblower, sex discrimination, sex harassment, national origin discrimination, religious discrimination, age discrimination, workers compensation retaliation, personal injury, real estate contracts, property insurance claims, common law torts and labor-management disputes including discipline, discharge, contract interpretation and pay disputes.

Mediation experience includes court ordered and voluntary mediations concerning disputes arising from: business contracts, class action claims, employment contracts, non-compete contracts, business buy-sell agreements, partnership agreements, real estate buy-sell agreements, breach of warranty, products liability, Magnusson-Moss, consumer claims, home construction, architectural malpractice, medical malpractice, legal malpractice, will contests, Federal tort Claims Act, consumer debt, mortgage foreclosure, sales commissions, life insurance, sex abuse of minors, consumer fraud, elevator and escalator claims, health insurance claims, animal attacks, bad faith claims against insurance companies, insurance subrogation claims, personal injury protection insurance claims, personal injury, wrongful death, bonus - compensation claims, wrongful discharge, whistleblower,

*Cary R. Singletary, Esq.*
*Neutral ID : 125603*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing. Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

Employment Retirement Income Security Act, Family Medical leave Act, Age Discrimination in Employment Act, Equal Pay Act, Fair Labor Standards Act, Civil Rights Enforcement Acts, Sections 1981 and 1983, Pregnancy Discrimination Act, Title VII employment discrimination claims including race, color, sex, sexual harassment, religion, national origin, Americans with Disabilities Act; whistleblower, labor-management disputes, collective bargaining impasse, union grievances.

Primary Trainer, Florida Supreme Court Certified Civil Circuit and County Court Mediator Training Course; Primary Trainer, Florida Supreme Court Arbitrator Training Course.  Former Director of Stetson Law School's Center for Dispute Resolution and taught negotiation, mediation and arbitration.

| | |
|---|---|
| **Alternative Dispute Resolution Training** | Keeping It Real: How Arbitrators Handle Witness Credibility, 2017; AAA The Role of Fairness and Justice in Arbitration, 2016; AAA Best Practices in Commercial Arbitration, 2016; AAA Navigating the Evidence and Discovery Roadmap in Arbitration, 2016; AAA Dispositive Motions in Arbitration: Best Practices for Advocates & amp; Arbitrators, 2016; AAA The Ethics of eDiscovery in Arbitration, 2015; "Exceeded Powers"• - Recent Trends in Cases Challenging Arbitrator Authority, 2015; AAA Maximizing Efficiency & Economy in Arbitration: Challenges at the Preliminary Hearing, 2011; Faculty, AAA/ICDR Neutrals Conference, 2010; National Academy of Arbitrators, Annual Meeting of National Academy of Arbitrators, S.E. Region: 2012, 2011, 2010, 2009, 2008, 2007; Supreme Court of Florida, Dispute Resolution Center, Approved Arbitration Training, 2007; Supreme Court of Florida, Dispute Resolution Center, 16th Annual Conference for Mediators and Arbitrators, 2007; National Academy of Arbitrators, Fall Education Conference, 2007; AAA Pro Se: Managing Cases Involving Self-Represented Parties (ACE002), 2005; AAA Chairing an Arbitration Panel: Managing Procedures, Process & Dynamics (ACE005), 2005; Advanced Mediator Skills for Court-Based Settlement Programs, 2005; AAA Arbitrator Ethics & Disclosure (ACE003), 2005; LAB001 - Labor Arbitrator I, 2005; AAA Dealing With Delay Tactics in Arbitration (ACE004), 2005; AAA Neutrals Conference, 2004; AAA Annual Arbitrator Update, 2001, 2004; AAA Arbitration Awards: Safeguarding, Deciding & Writing Awards (ACE001), 2003; AAA Employment Arbitrator II Training: Advanced Case Management Issues, 2002; AAA Commercial Arbitrator Training, 1998; AAA Employment Arbitrator Training, 1997; Florida Supreme Court, Approved Course for Court Arbitrators; various other ADR training. |
| **Professional Licenses** | Admitted to the Bar:  Florida, 1973; U.S. District Court, Middle District of Florida, 1973; U.S Court of Appeals, Eleventh Circuit, (1982); U.S. Supreme Court (1988); Florida Supreme Court Certified Circuit Civil and County Court Mediator, 1989. |
| **Professional Associations** | The Florida Bar (Labor and Employment Law Section, Past Chair); The Hillsborough County Bar Association (Dispute Resolution Section, Past Chair); The St. Petersburg Bar Association; American Bar Association (Dispute Resolution Section); American College of Civil Trial Mediators; Association for Conflict Resolution; Florida Academy of Professional Mediators. |

*Cary R. Singletary, Esq.*
*Neutral ID : 125603*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing.  Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

| | |
|---|---|
| **Education** | University of Tampa (BS-1968); Rollins College (MCS-1970); Stetson University (JD-1973). |
| **Publications and Speaking Engagements** | Co-author, "What Attorneys and Their Clients Want Most from Mediators," DISPUTE RESOLUTION JOURNAL, American Arbitration Association, Feb-April 2011; "High Court Boosts Arbitration in Buckeye," DISPUTE RESOLUTION JOURNAL, American Arbitration Association, May-July, 2006; "Florida's New Mediation Confidentiality and Privilege Act; What the Litigator Needs to Know," THE CHECK OFF, The Florida Bar, vol. XLIV, no. 2, April-May 2005; "Voluntary Trial Resolution: A New Dispute Resolution Process in Florida," THE CHECK OFF, The Florida Bar, vol. XXX, no. 4, July 2000; "High Court Reads FAA Venue Broadly," ADR CURRENTS, AAA, June 2000; "The Expanding Scope of Judicial Review of Statutory Employment Arbitration Awards," THE CHECK OFF, The Florida Bar, vol. XXIX, no. 3, March 1998; "Successful Employment Mediation: Ten Employer Traps to Avoid," H.R. ADVISOR, December 1996; "Securing a Durable Settlement Agreement in Employment Disputes," 46 LABOR LAW JOURNAL 223, 1995; "Mediation of Employment Discrimination Claims: The Win-Win ADR Option," 45 LABOR LAW JOURNAL 388, 1994. |

SPEAKING ENGAGEMENTS: "Boot Camp Negotiation Training for Medical Students," Univ. of So. Fla., Medical School, 2011; Circuit Civil Mediation Certification Training, Florida Supreme Court, Univ. of So. Fla., Conflict Resolution Consortium, Tampa, Fla., 2011, 2010, 2009, 2008, 2007; Maritime Arbitrator Training, Maritime Arbitration Association of the United States, Sanibel Fla., 2007; Basic Labor Arbitration Advocacy Training Course, Labor Arbitration Services, Inc., Clearwater, Fla., 2012-1980; Florida Supreme Court Arbitrator Training for Court Appointed Arbitrators, Florida Dispute Resolution Center, Orlando, Fla., 2007; Arbitrator Training for Florida's New Motor Vehicle Arbitration Board, Orlando, Fla., Attorney General of Florida, 2007; "Investigate, Mediate and Litigate," Hillsborough County Bar Association CLE, Tampa, 2007; The Search for Truth: How Arbitrators Determine Witness Credibility, National Academy of Arbitrators, 2007; "Employment Arbitration: From Deciding to Arbitrate to Challenging the Award," The Florida Bar CLE, Plantation, Fla., 2006; Certified Arbitrator Training, The Florida Supreme Court, Dispute Resolution Center, Orlando, Fla., 2006; "Presenting an Effective Arbitration Case," Florida Labor Management Conference, St. Petersburg, Fla., 2006; Alabama Arbitrator Training Course, Supreme Court of Alabama, Dispute Resolution Center, Montgomery, Ala., 2006; "Advanced Labor Topics," The Florida Bar CLE, Ponte Verde Beach, Fla., 2006; "Employment Arbitration: What Works and What Doesn't," Hillsborough County Bar Association CLE, Tampa, Fla., 2006; Advanced Mediator Training for Court Based Settlement Programs, American Arbitration Association, Tampa, Fla., 2005; "Negotiating and Mediating Employment Disputes," Conflict Resolution Collaborative, Univ. of So. Fla., Tampa, Fla., 2005; "Proposed changes to Mediator Certification," Hillsborough County Bar Association CLE, Tampa, Fla., 2005; Alabama Arbitrator Training Resolution Center, Orlando, Fla., 2005; "What Lawyers Do Right and What Lawyers Do Wrong in Mediation," The Florida Bar CLE, Duck Key, Fla., 2004; "Advanced Mediator Training for Court Based Programs," American Arbitration

*Cary R. Singletary, Esq.*
*Neutral ID : 125603*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing. Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

Association, Tallahassee, Fla., 2004; "Getting All the Players Into the Game: Coaching Skills for the Mediator," Florida Supreme Court, Dispute Resolution Center, Orlando, Fla., 2004; "Trial Skills and Techniques: Becoming a Champion Litigator," Stetson College of Law & The Florida Bar CLE, St. Petersburg, Fla., 2004; "Arbitration and Voluntary Trial Resolution: Practical Tips and Lessons Learned," Hillsborough County Bar Association CLE., Tampa, Fla., 2004; "Alternative Dispute Resolution in Labor and Employment Law," Hillsborough County Bar Association CLE, Tampa, Fla., 2004; "Jury Trial Simulations and Their Use for Juror Selection," Lomar Education Service, Tampa, Fla., 2003.

**Awards and Honors**  Martindale-Hubbell Preeminent rating; Listed in The Best Lawyers in America, Arbitration & Mediation, 1995-2007; Super Lawyers, 2011, 2010, 2009, 2008; Listed in Florida Trend Magazine's Florida "Legal Elite", 2005-2007; Paul D. May Meritorious Service Award, Stetson Lawyers' Association, 2002; Distinguished Alumnus Award, University of Tampa, 1979; Certificate of Excellence, Society of Trial Advocacy, Stetson University, College of Law, 1976.

**Citizenship**  United States of America
**Languages**  English
**Locale**  Tampa, Florida, United States of America

**Compensation**

| | |
|---|---|
| Hearing: | $2000.00/Day |
| Study: | $250.00/Hr |
| Travel: | $0.00/Hr |
| Cancellation: | $1000.00/Day |
| Cancellation Period: | 10 Days |
| Comment: | Rates for all pre-arbitration and post-hearing matters, including study and award preparation time. |
| | Cancellation/rescheduling charge: one-half full daily rate for all days reserved if cancelled with less than 10 days' notice. Travel expenses are billed at actual cost. No charge for travel time. |

*Cary R. Singletary, Esq.*
*Neutral ID : 125603*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing.  Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

**AMERICAN
ARBITRATION
ASSOCIATION®** | INTERNATIONAL CENTRE
FOR DISPUTE RESOLUTION®

# Harold (Hal) Smith, Esq.

| | |
|---|---|
| **Current Employer-Title** | Law Offices Harold D. Smith, P.A. |
| **Profession** | Arbitrator - Employment |
| **Work History** | Full-time Arbitrator, 1999-present; Attorney, Private Practice of Law, 1976-99; In-house Labor Lawyer, Eastern Airlines, 1973-76; prior to completing law school held management positions in Labor and Employee Relations with General Electric, Texaco, Harshaw Chemical Co., and BF Goodrich Co., Worked in various factory jobs with Ford Motor Co. and Goodyear Tire and Rubber Co. during college. |
| **Experience** | Private practice of law, 1976 to 1999, concentrating in labor and employment law. Experience in federal public sector before the Merit Systems Protection Board. Experience with Railway Labor Act, National Labor Relations Act, Florida Public Employees Relations Act, and constitutional law. Represented private and public sector employers and employees in litigation, administrative proceedings and appeals in state and federal courts, including arguing cases before the Supreme Court of Florida and filing jurisdictional briefs in the United States Supreme Court. Federal Public Sector experience, including Merit Systems Protection Board (MSPB) proceedings. Represented the American Federation of Government Employees (AFGE) as outside counsel in two cases filed in Florida courts in the 1970s. Member of the American Arbitration Association Labor Panel since 1980 and the Employment panel since 1999. Member of the AAA panel for large complex employment contract disputes. Member of the Labor Arbitration Roster of the Federal Mediation and Conciliation Service (FMCS) since 1998. Listed on the Employment Arbitration Roster of the FMCS. Member of the National Mediation Board Labor Arbitrator Roster, since 1998. Serves as Instructor for Labor Arbitration Services, Inc., Tampa, Fl., to train Arbitration Advocates. Selected in 1996 as a Leading Florida Attorney in Labor Law following a survey of over 20,000 attorneys, conducted by American Research Corporation. Rated AV preeminent 5.0 out of 5.0, the highest numerical rating within the Martindale-Hubbell Peer Review Rating Program. Listed in Marquis Who's Who in American Law, 5th Edition. |
| **Alternative Dispute Resolution Experience** | EMPLOYMENT ISSUES - Fair Labor Standards Act (FLSA), Title VII, Civil Rights Act of 1991 (discrimination claims based on national origin, race religion, pregnancy, sex, sexual harassment and retaliation), Civil Rights Act (42 U.S.C. Sections 1981, 1983 and 1985), COBRA, ADEA age discrimination, Rehabilitation Act of 1973 (handicap discrimination), Americans with Disabilities Act (ADA), Family and Medical Leave Act of 1993 (FMLA), ERISA, USERRA, Florida Whistleblower Act, Florida Civil Right Act of 1992, breach of employment contracts, covenants not-to-compete, Employment Torts (defamation, intentional infliction of emotional distress, negligent hiring, negligent retention, assault and battery and invasion of privacy), UC, PERC and local Ordinances. |

*Harold (Hal) Smith, Esq.*
*Neutral ID : 127596*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing. Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

| | |
|---|---|
| **Alternative Dispute Resolution Training** | Exceeded Powers - Recent Trends in Cases Challenging Arbitrator Authority, 2016; Exceeded Powers - Recent Trends in Cases Challenging Arbitrator Authority, 2016; Exceeded Powers - Recent Trends in Cases Challenging Arbitrator Authority, 2016; Exceeded Powers - Recent Trends in Cases Challenging Arbitrator Authority, 2016; Exceeded Powers - Recent Trends in Cases Challenging Arbitrator Authority, 2016; Exceeded Powers - Recent Trends in Cases Challenging Arbitrator Authority, 2016; Exceeded Powers - Recent Trends in Cases Challenging Arbitrator Authority, 2016; Exceeded Powers - Recent Trends in Cases Challenging Arbitrator Authority, 2016; Exceeded Powers - Recent Trends in Cases Challenging Arbitrator Authority, 2016; Arbitrators Conducting Legal Research - Good Idea or Bad? 2015; AAA Rise in Retaliation Claims - Risks and Best Practices, 2014; AAA Employment & Labor Case Law Update: What Arbitrators and Practitioners Need to Know, 2013; NAA Annual Meeting 2012 (Advocacy Skills Training); NAA Southeast Regional Meeting, 2013, 2012, 2011, 2010, 2008, 2007; NAA Fall Education Conference, 2011, 2009; Mediation Hidden Challenges, 2009, 2008; Florida DRC Annual Conference for Mediators & Arbitrators: Insight & Inspiration, 2009; AAA Arbitrator Ethics & Disclosure (ACE003), 2006; AAA Chairing an Arbitration Panel: Managing Procedures, Process & Dynamics (ACE005), 2005; AAA Arbitration Awards: Safeguarding, Deciding & Writing Awards (ACE001), 2004; AAA Labor Arbitrator II Training: Advanced Case Management Issues, 2003; AAA Annual Arbitrator Update 2002; AAA Employment Arbitrator II Training: Advanced Case Management Issues, 2002; AAA Effective Employment Conflict Management, 2000; AAA Employment Arbitrator Training, 1999; AAA Circuit Court Mediation Training Program for State Certification; various other ADR trainings. |
| **Professional Licenses** | Admitted to the Bar: Ohio, 1972; Florida, 1974; U.S. District Court: Southern, Middle, and Northern Districts of Florida; U.S. Court of Appeals: Fifth, Eleventh, and Federal Circuits; U.S. Supreme Court. |
| **Professional Associations** | National Academy of Arbitrators (Advocacy Continuing Education Committee, 2010-2012; Committee on Statutory Disputes in Arbitration, 2012-2014); American Bar Association (Dispute Resolution Section); Florida Bar Labor and Employment Law Section (Past ADR/Litigation Committee Member); Broward County Bar Association (Employment Law Section, Past Chair); Equal Employment Opportunity Commission (Southeast Florida, Past Advisory Council Member). |
| **Education** | Kent State University (BSBA-1961); Cleveland State University (JD-1972). |
| **Publications and Speaking Engagements** | 134 LA 1185 (2015);133 LA 1395 (2014);133 LA 1333 (2014);133 LA 1128 (2014);133 LA 1009 (2014);133 LA 242 (2014);132 LA  1524 (2013):132 LA 963 (2013);131 LA 1367 (2013);131 LA 1111 (2012); 131 LA 1076 (2012) [13-1 ARB 5757]; 131 LA 226 (2012) [13-1 ARB 5767]; 130 LA 628 (2012) [12-2 ARB 5591]; 129 LA 1614 (2011) [12-1 ARB 5541]; 129 LA 1005 (2011) [11-2 ARB 5419]; 129 LA 481 (2011); 129 LA 285 (2011) [11-2 ARB 5302]; 12-1 ARB 5445 (2011); 129 LA 232 (2011) [11-2 ARB 5332]; 129 LA 110 (2011) [11-2 ARB 5273]; 11-1 ARB 5184 (2010); 128 LA 834 (2010) [11-1 ARB 5159]; 128 LA 280 |

*Harold (Hal) Smith, Esq.*
*Neutral ID : 127596*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing.  Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

(2010); 127 LA 1434 (2010) [10-2 ARB 5039];10-1 ARB 4949 (2010);127 LA 821 (2010) [10-1 ARB 4917; 09-2 ARB 4680 (2009); 127 LA 649 (2009) [ 10-1 ARB 4916]; 09-1 ARB 4467 (2009); 127 LA 327 (2009) [10-1 ARB 4859]; 126 LA 450 (2009) [09-1 ARB 4555]; 09-2 ARB 4619 (2008); 09-1 ARB 4499 (2008); 09-1 ARB 4586 (2008);125 LA 1492 (2008) [09-1 ARB 4437]; 125 LA 610 (2008) [08-2 ARB 4350]; 125 LA 203 (2008) [08-2 ARB 4316]; 125 LA 179 (2008) [08-2 ARB 4259]; 124 LA 1674 (2008) [ 08-2 ARB 4408]; 08-2 ARB 4287 (2008); 08-1 ARB 4224 (2008); 08-1 ARB 4198 (2008); 124 LA 937 (2007) [08-1 ARB 4139]; 124 LA 850 (2007);124 LA 150 (2007) [07-2 ARB 4014];124 LA 60 (2007) [07-2 ARB 3959]; 123 LA 1464 (2007) [07-2 ARB 3929]; 123 LA 1163 (2007) [07-2 ARB 3987]; 123 LA 460 (2007) [07-2 ARB 3901]; 123 LA 314 (2006) [07-1 ARB 3789]; 06-2 ARB 3578 (2006); 121 LA 1624 (2005) [06-1 ARB 3396]; 121 LA 1419 (2005) [05-2 ARB 3335]; 121 LA 445 (2005) [05-2 ARB 3220]; 120 LA 1765 (2005) [05-2 ARB 3249]; 05-1 ARB 3115 (2005); 120 LA 797 (2004); 120 LA 168 (2004); 05-1 ARB 3055 (2004); 04-2 ARB 3876 (2004); 119 LA 901 (2004) [04-1 ARB 3842]; 04-2 ARB 3961 (2004); 119 LA 651 (2003); 119 LA 210 (2003) [04-1 ARB 3693]; 118 LA 1206 (2003); 118 LA 947 (2003); 03-2 ARB 3517 (2002); 118 LA 646 (2002); 02-2 ARB 3583 (2002); 02-2 ARB 3232 (2002); 117 LA 242 (2002); 116 LA 1697 (2002) [02-2 ARB 3315]; 116 LA 852 (2001) [02-1 ARB 3028]; 114 LA 1302 (2000);

"Arbitration of Right of Employee to Self-Expression," 21 CLEVELAND STATE LAW REVIEW 162, May 1972.

SPEAKING ENGAGEMENTS: EEOC Technical Assistance Programs, NAA 2011 Fall Education Conference, various NAA Southeast Regional Meetings, Instructor at various NAA Advocacy Training Programs, and for Labor Arbitration Services, Inc., Tampa, FL.

| | |
|---|---|
| **Citizenship** | United States of America |
| **Languages** | English |
| **Locale** | Bradenton, Florida, United States of America |

**Compensation**

| | |
|---|---|
| Hearing: | $2500.00/Day |
| Study: | $300.00/Hr |
| Travel: | $2500.00/Day |
| Cancellation: | $2500.00/Day |
| Cancellation Period: | 30 Days |
| Comment: | Daily rate for hearing is any portion up to seven hours. Hourly fee will be charged for review of demand for arbitration, answer, motions, conducting pre-hearing conferences, review of transcripts, post-hearing briefs, research, and preparation of written opinion and award. Per-diem fee charged for each hearing date cancelled or postponed within 30 days of |

*Harold (Hal) Smith, Esq.*
*Neutral ID : 127596*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing. Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

scheduled hearing. Travel time and expenses: For hearing sites within Florida, travel by private automobile will be charged at $0.56 per mile from Bradenton. Lodging, meals and parking expenses will be charged at actual cost. For hearing sites outside of Florida, coach airfare will be charged. Travel by private automobile will be charged at $0.56 per mile. Lodging, meals, rental car, tolls and parking expenses will be charged at actual cost. Non-refundable airfares will be charged. Daily rate charge for round-trip travel, when hearing sites are more than 100 miles from the Bradenton address.

*Harold (Hal) Smith, Esq.*
*Neutral ID : 127596*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing.  Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

**AMERICAN ARBITRATION ASSOCIATION®** | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

# Kenneth R. Starr, Esq.

| | |
|---|---|
| **Current Employer-Title** | ADR Professional, Self-Employed |
| **Profession** | Arbitrator, Attorney, Mediator, Educator |
| **Work History** | ADR Professional, Self-Employed, 1999 - Present; Shareholder, Starr & Daniell, P.C., 1991 - 1999; Shareholder, Luther, Anderson, et al., 1980 - 1991; Associate Attorney, Falligant, Kent & Toporek, 1979 - 1980. |
| **Experience** | Experienced Litigation attorney for over 20 years. Began serving as a mediator in 1995, and was among the initial panel of qualified mediators certified by the Tennessee Supreme Court. Arbitrator and mediator for numerous organizations, handling various labor and employment disputes. Florida Public Employees Relations Commission, Special Magistrate (2001-present). Federal Mediation and Conciliation Services, Labor Arbitration Panel (2001-present). Has taught Business Law at the University of South Florida (2005-2007); Labor and Employment Law and Labor-Management Relations at Webster University (graduate programs, 2002-present); Alternative Dispute Resolution at Georgia State University, College of Law (2002); Principles of Insurance, University of Tennessee at Chattanooga (1985); and Business Law at Chattanooga State Community College (1983-1984). Issues--Annual leave, arbitrability, contract interpretation/application, disability benefits, discharge/discipline, discrimination, last chance agreements, pensions, personal leave promotions, seniority, subcontracting and timeliness, vacation time. |
| | Industries--Auto, chemicals, clothing, commercial lending, communications, construction, defense contractors, federal sector (Dept. of Corrections, Veteran's Affairs & Air Reserve), health care, insurance, machinery, paper, printing and publishing, public employees (police, fire & general employees), public schools and transportation. |
| **Alternative Dispute Resolution Experience** | Has handled more than 100 arbitrations/ fact finding and recommendations in the areas of labor, employment and commercial law. Has served as a Hearing Officer for Miami-Dade County Civil Service disputes and as a Florida Public Employment Relations Commission Special Magistrate for contract impasses between union bargaining units and Florida cities and counties. Labor matters have included collective actions regarding contract interpretation and benefits of employment. Also discipline and discharge of tenured public school employees. Employment matters have included a hearing on an FLSA Collective Action that lasted 13 days, with more than $1 million dollars in alleged damages. Also, an executive employment agreement and various disputes involving employee benefits. |
| | Has accumulated extensive experience with the following statutory employment disputes: Title VII, including race, religion, sex and national origin; ADA and |

*Kenneth R. Starr, Esq.*
*Neutral ID : 152124*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing. Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

ADAAA; Rehabilitation Act of 1973; ADEA; FLSA (including collective actions); FMLA; and various types of employee benefits. Has also worked with the U.S. Postal service as a neutral on various types of EEO employment disputes. Is certified as an ADR professional by the Tennessee Supreme Court, the U.S. District Court for the Eastern District of Tennessee and is recognized as a qualified arbitrator by the State of Florida. The majority of work in these capacities has involved statutory employment law disputes.

Commercial matters have included breach of supply contract, terms of contract for business organization, collection on promissory notes and access to secured real estate. Also discipline and discharge of tenured public school employees.

Has also served as a mediator on cases involving employment contracts, alleged employment discrimination, tort liability and labor-management impasses on collective bargaining agreements.

| | |
|---|---|
| **Alternative Dispute Resolution Training** | AAA When Experts Come From Different Planets: Tips for Maximizing the Value of Experts, 2017; AAA The Nuts and Bolts of an Arbitration Hearing: Procedure Evidence and Practicalities, 2016; AAA Arbitrator Subpoenas: Are They Worth the Paper They're Printed On? , 2015; AAA Arbitration Awards: Safeguarding, Drafting and Writing Awards (ACE001), 2015: AAA Arbitration Fundamentals and Best Practices for New AAA Arbitrators, 2015; The Florida Bar, 39th Annual Employment Labor Relations Forum, 2013; The Florida Bar, 38th Annual Employment Labor Relations Forum, 2012; The Florida Bar, Dispute Resolution Center, Conference for Mediators and Arbitrators, 2011; The Florida Bar, 37th Annual Employment Labor Relations Forum, 2011; The Florida Bar, 36th Annual Employment Labor Relations Forum, 2010; The Florida Bar, Impasse Resolution in the Public Sector, 2010; The Florida Bar, 35th Annual Employment Labor Relations Forum, 2009; The Florida Bar, Dispute Resolution Center, Conference for Mediators and Arbitrators, 2009; The Florida Bar, Dispute Resolution Center, Conference for Mediators and Arbitrators, 2008; The Florida Bar, Dispute Resolution Center, Approved Arbitration Training, 2008. |
| **Professional Licenses** | The Florida Bar, 2004-present<br>State Bar of Georgia (inactive), 1979-present<br>Tennessee Bar Association (non-practicing), 1980-present<br>Florida Circuit Civil Mediator, 2008-present<br>Florida Qualified Arbitrator, 2008-prresent<br>Florida Public Employment Relations Commission Special Magistrate, 2001-present |
| **Professional Associations** | The Florida Bar<br>Labor and Employment Section of The Florida Bar<br>City County and Local Government Section of The Florida Bar<br>Sarasota County Bar Association<br>Florida Academy of Professional Mediators |
| **Education** | University of Tulsa (BS-1968);<br>University of Georgia (JD-1979). |

*Kenneth R. Starr, Esq.*
*Neutral ID : 152124*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing. Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

| | |
|---|---|
| **Publications and Speaking Engagements** | Speaker, "Arbitration Practice Pointers," 38th Annual Public Employment Labor Relations Forum, 2012; |
| | Speaker, "The Good, the Bad and the Ugly of Labor Arbitration," Florida Labor-Management Conference, 2010. |
| **Citizenship** | United States of America |
| **Languages** | English |
| **Locale** | Sarasota, Florida, United States of America |

**Compensation**

| | |
|---|---|
| Hearing: | $300.00/Hr |
| Study: | $300.00/Hr |
| Travel: | $150.00/Hr |
| Cancellation: | $300.00/Hr |
| Cancellation Period: | 15 Days |
| Comment: | There is an eight-hour minimum for all scheduled arbitration sessions. There is an eight-hour cancellation fee for each day of arbitration where notice of cancellation is not provided to the Arbitrator at least 15 calendar days prior to the beginning of the first arbitration session. The Arbitrator maintains a second location in Atlanta, GA and is willing to serve in the Greater Atlanta Metropolitan area with no additional charges for travel. |

*Kenneth R. Starr, Esq.*
*Neutral ID : 152124*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing. Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

AMERICAN
ARBITRATION
ASSOCIATION®

INTERNATIONAL CENTRE
FOR DISPUTE RESOLUTION®

# R. Jeffrey Stull, Esq.
R. Jeffrey Stull, P.A.

| | |
|---|---|
| **Current Employer-Title** | R. Jeffrey Stull, P.A. - President |
| **Profession** | Attorney - Commercial Litigation, Labor Law |
| **Work History** | President, R. Jeffrey Stull, P.A., 1996-present; President/Senior Partner, Stull & Barber, P.A., 1994-96; President/Senior Partner, Stull, Dee & Barber, P.A., 1987-94; President/Senior Partner, Stull & Heidt, P.A., 1980-87; Attorney, Sole Practitioner, 1977-80. |
| **Experience** | Practice in commercial litigation representing both plaintiffs and defendants (50%). Represent contractors, subcontractors, material suppliers and property owners in bringing and defending construction lien and public payment bond cases. Has represented consumers and business owners in hundreds of cases involving such matters as construction disputes, automobile repair disputes, warranty claims involving consumer products, fraudulent sales and billing disputes, and securities cases. Served as both plaintiff's counsel and defendant's counsel. Litigated collection, leases, contracts and employment matters for various business clients. Experience in securities law litigation including churning, negligence and RICO claims. Labor law practice in both public and private sectors (50%) with experience in wrongful termination, discrimination and wage and hour cases under the FLSA. Also, extensive experience in non-compete cases representing both employers and employees. Formerly, Adjunct Professor, St. Leo's University Graduate Program teaching Human Relations Law and Adjunct Professor, University of Tampa teaching Business Law in both the undergraduate and graduate programs. |
| **Alternative Dispute Resolution Training** | AAA Protecting Your Award from Appellate Challenge, 2016; AAA,Imposing Sanctions in Arbitration: Just How Far Can You Go? 2015; AAA The Dynamics of Multi-Party Mediation for Large, Complex Construction Disputes, 2014; AAA Maximizing Efficiency & Economy in Arbitration: Challenges at the Preliminary Hearing, 2012, 2011; AAA Webinar, Solving the Puzzle of Just Cause in Labor Arbitration, 2012; AAA Dealing With Delay Tactics in Arbitration (ACE004), 2010, 2005; AAA Webinar, How to Prevent Arbitrations from Transforming into Litigations, 2009; AAA Arbitration Roadmap: The Standard for Efficient and Cost Effective Arbitration, 2008; AAA Arbitration Awards: Safeguarding, Deciding & Writing Awards (ACE001), 2004; AAA Commercial Arbitrator II Training, 2002; AAA Annual Arbitrator Update, 2001; AAA Commercial Arbitrator Training, 1998; AAA Employment Arbitrator Training, 1998; AAA Securities Arbitrator Training; AAA Advanced Arbitrator Training. |
| **Professional Licenses** | Admitted to the Bar: Florida, 1977; U.S. District Court, Middle District of Florida, 1983; U.S. Court of Appeals, Eleventh Circuit, 1983; U.S. Supreme Court, 1985; United States District Court Southern District of Florida |

*R. Jeffrey Stull, Esq.*
*Neutral ID : 101369*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing. Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

**Professional
Associations**          Florida Bar Association; Hillsborough County Bar Association.

**Education**            Rollins College (BA-1972); Vermont Law School (JD-1976).

**Citizenship**          United States of America
**Languages**            English
**Locale**               Tampa, Florida, United States of America

**Compensation**

| | |
|---|---|
| Hearing: | $200.00/Hr |
| Study: | $200.00/Hr |
| Travel: | $0.00/Hr |
| Cancellation: | $0.00/Day |
| Cancellation Period: | 0 Days |
| Comment: | $200.00 per hour for pre-arranged study days or deliberation. Travel time outside of actual hearing days will be billed at $75.00 per hour. Expenses for food, lodging, travel, etc. will be billed at actual cost. |

*R. Jeffrey Stull, Esq.*
*Neutral ID : 101369*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing.  Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.