

| | |
|---|---|
| **From:** | Carlos J. Burruezo <carlos@burruezolaw.com> |
| **Sent:** | Wednesday, July 18, 2018 9:13 PM |
| **To:** | Glenda Perez; Johnson, Nancy A.; Jones, Jeffrey B. |
| **Cc:** | Bertha L. Burruezo; Carmen Iris Nieves; florioc@adr.org; prosemadrservices@adr.org; King, Vicki M.; Filmore, Michelle A. |
| **Subject:** | Order on Respondent's Motion for Summary Judgment |
| **Attachments:** | 20180718 Order on Respondent's Motion for Summary Judgment (Perez v. CIGNA).pdf |

Dear Parties:

Attached please find my Order on Respondent's Motion for Summary Judgment.

Ms. Perez, in response to your recent inquiry, please note that CIGNA's Arbitration Rules, as well as AAA's Arbitration Rules for the resolution of employment disputes, permit the arbitrator to consider dispositive motions like motions for summary judgment. The applicable rules and the law obligate me to apply the law to the facts as presented. I am hopeful that the attached Order will help you understand the basis for my decision.



**Carlos J. Burruezo, Esq., Shareholder**
**Attorney, Mediator & Arbitrator**
Burruezo & Burruezo PLLC, d/b/a Dispute Solutions
941 Lake Baldwin Lane, Suite 102
Orlando (Baldwin Park), Florida 32814
407.754.2904 (T) | 407.754.2905 (F) | 407.616.3058 (M)
carlos@burruezolaw.com | burruezolaw.com

**-- CASE closed --**

**Alternative Dispute Resolution * Mediations * Arbitrations * Conflict Resolution**

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

**IN THE MATTER OF THE ARBITRATION BETWEEN**

**GLENDA PEREZ,**

    **Claimant,**

v.

**CIGNA HEALTH & LIFE INSURANCE CO.,**

    **Respondent.**

Case No. 01-17-0004-5405

Arbitrator – Carlos J. Burruezo, Esq.

## ORDER ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE, came before the undersigned for consideration of Respondent's Motion for Summary Judgment (dated June 22, 2018), Claimant's Response to Respondent's Motion for Summary Judgment and Supporting Memorandum of Law (dated July 2, 2018), and the parties' Joint Stipulation Regarding Exhaustion of Administrative Remedies (dated July 5, 2018). After considering the Motion (and related pleadings), the arguments and caselaw submitted by the parties, the undersigned FINDS AND CONCLUDES:

1. On or about August 9, 2017, Claimant, Glenda Perez ("Perez"), filed the instant action, alleging claims for discrimination (on the basis of her race/national origin) and retaliation under Title VII of the Civil Rights of 1964, the Florida Civil Rights Act of 1992, and 42 U.S.C.A. § 1981 (West).

2. The discovery period in this case closed on May 31, 2018.

3. Thereafter, on June 22, 2018, Respondent, CIGNA Health & Life Insurance Co. ("CIGNA"), moved for summary judgment on the grounds that Perez failed to satisfy her evidentiary burdens both in the establishment of her *prima facie* obligations, and in the establishment of pretext (to the extent Perez established the elements of her *prima facie* case).

4.      On July 2, 2018, Perez filed her Response to Respondent's Motion for Summary Judgment and Supporting Memorandum of Law. Notably, Perez did not support her Response with any sworn testimony – either in the form of depositions or affidavits.

5.      **Findings of Fact.** The undersigned makes the following findings of fact:

   a.   On October 7, 2013, Perez commenced her employment with CIGNA as an Implementation Set-Up Representative ("ISR"), and remained in that capacity throughout her employment.

   b.   Perez' work performance was generally acceptable for most of her employment.

   c.   In or about April 2016, Valery Ponton began to supervise Perez, who worked from home.

   d.   Prior to Ms. Ponton becoming Perez' supervisor, CIGNA had issued Perez a verbal warning for attendance issues.

   e.   In March 2017, Perez made a mistake on an AON account in connection with a coding issue on the account.

   f.   While correcting this mistake, Perez committed another error, which compounded the problem.

   g.   CIGNA instructed Perez to correct these errors by starting over and undoing the mistakes. In the process, Perez committed a keystroke mistake.

   h.   Ms. Ponton thereafter spoke with Perez about the mistakes. During their discussion, Ms. Ponton perceived that Perez did not take the criticism seriously, and that she lacked the proper attitude to fix the problem.

   i.   In light of these mistakes, CIGNA assigned five other ISRs, plus Perez, to correct the issues. Moreover, Ms. Ponton counseled Perez further about the string of mistakes and the importance of accountability.

2

  j. On May 23, 2017, Ms. Ponton decided to place Perez on a Performance Corrective Action Plan ("PCAP") in an effort to assist Perez in improving her performance.

  k. During the conversation concerning the PCAP, Perez told Ms. Ponton that "I feel like I'm being discriminated and used as a scapegoat." Perez did not explain what she meant by being "discriminated."

  l. CIGNA maintains an anti-discrimination policy, one of the features of which includes a "speakeasy process" – a mechanism whereby employees may raise issues of discrimination directly with CIGNA's Employee Relations team.

  m. Perez initiated the speakeasy process the day after receiving the PCAP.

  n. During her speakeasy conversation with an Employee Relations representative, Perez did not connect the "discrimination" she contends she experienced with either her race or national origin.[1]

  o. Employee Relations interviewed Ms. Ponton and confirmed that there had been performance issues that justified the issuance of the PCAP.

  p. During the 30-day PCAP process, Perez continued to make errors.

  q. Because of continuing errors, CIGNA extended the PCAP review period.

  r. During the extended review period, Perez worked overtime without informing her supervisor in violation of company policy.

  s. On July 19, 2017, Perez took a PTO day without notifying the company.

  t. The next evening, Saturday, July 20, 2017, at 7:30 p.m., Perez sent Ms. Ponton an e-mail, explaining that, because of an emergency, she (Perez) had not worked a full day on July 19, 2017, and that she was logging in on July 20, 2017, to make up time.

---

[1] As discussed, *infra*, even though there is no record evidence that Perez connected her claim of "discrimination" with her race or national origin, it will be assumed for purposes of analysis that she did make CIGNA aware that her race or national origin was the basis of her disparate treatment claim.

3

    u. Because of all of the performance issues that Perez had exhibited, including Perez' failure to abide by the company's attendance rules, Ms. Ponton decided to terminate Perez' employment.

    v. CIGNA terminated Perez' employment, effective July 27, 2017.

    w. During Perez' employment, Ms. Ponton was not certain of Perez' race or national origin, and believed her to be "American and Caucasian."

  6. **Conclusions of Law.** The undersigned makes the following conclusions of law:

    a. Under federal law, summary judgment is appropriate when the pleadings, discovery, and exhibits show there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The moving party is not required to produce evidence showing the absence of a genuine issue of material fact; rather, the moving party's burden is satisfied by showing that there is insufficient evidence to support the non-moving party's case. *Id.* at 325. The party opposing summary judgment must provide sufficient evidence that would allow a reasonable trier of fact to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Id.* at 252. Moreover, a plaintiff's speculative testimony about the motive for an employer's actions is insufficient to create a triable issue of material fact. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990) (conclusory allegations insufficient to defeat summary judgment). Summary judgment is not "a disfavored procedural shortcut," but is an integral part of the Federal Rules of Civil Procedure, which the United States Supreme Court has unequivocally endorsed. *Celotex Corp.*, 477 U.S. 317.

    b. Perez does not allege or provide any "direct" evidence of discrimination. As such, her claims will be analyzed under the *McDonnell Douglas* framework, which applies to claims of employment discrimination when circumstantial evidence is being offered to support them. *McDonnell*

4

*Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), *holding modified by Hazen Paper Co. v. Biggins*, 507 U.S. 604, 113 S. Ct. 1701, 123 L. Ed. 2d 338 (1993).

        c.        To establish her claims of racial and/or national origin discrimination, Perez must show: (i) she is a member of a protected class; (ii) she was subject to an adverse employment action; (iii) she was qualified for the position held; and (iv) she was replaced or treated less favorably than someone less favorably than someone similarly situated outside of her protected class. *Knight v. Baptist Hosp. of Miami, Inc.*, 330 F.3d 1313, 1316 (11th Cir. 2003).

        d.        It is acknowledged that Perez asserts in her Response that the third element of the *prima facie* case – the qualification element – does not apply in cases that do not involve failure-to-hire or failure-to-promote allegations. While the undersigned does not agree with the Claimant's statement of the law in this regard, it is clear from the record evidence that CIGNA did not view Perez as meeting the company's performance standards. However, even if the third prong were eliminated from the analysis, and if it were assumed that Perez established the first two prongs, it is evident that Perez has failed to establish the fourth – namely, the requirement that she was replaced or treated less favorably than someone similarly situated outside her protected class.

        e.        Indeed, there is no record evidence – in the form of deposition or affidavit testimony, or authenticated records – that Perez was replaced by a person not of Puerto Rican descent or of a different race. Similarly, there is no record evidence that similarly situated employees were treated more favorably than Perez. Indeed, the law is clear that, in order for a plaintiff (or claimant) to establish this element of the *prima facie* case, the claimant must show that the similarly situated employee is "similarly situated" in all relevant respects. *Holifield v. Reno*, 115 F.3d 1555, 1561–62 (11th Cir. 1997); *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999)(comparators must be "nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples and

5

oranges"); *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 258, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981)("it is plaintiff's task to demonstrate that similarly situated employees were not treated equally").[2]

    f.   Further, in the face of a lack of comparator evidence, there is likewise no record evidence creating a "convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Hamilton v. Sheridan Healthcorp Inc.*, 602 F. App'x 485 (11th Cir. 2015).488 (11th Cir. 2015)(quoting *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011)(affirming summary judgment where no comparator evidence could be presented); *Ingram v. Dealership Detailing Specialists, Inc.*, No. 8:15-CV-1516-T-30AEP, 2016 WL 4441673, at *3–4 (M.D. Fla. Aug. 23, 2016)(affirming summary judgment in favor of employer where no comparator could be identified).[3]

    g.   Even if it were assumed for the sake of analysis that Perez has established her *prima facie* case, Perez has not offered any evidence to establish pretext. To establish pretext, a claimant must show that the employer's proffered legitimate, non-discriminatory reason is false and a mere pretext for what was an otherwise discriminatory motive. Here, Perez has not established that CIGNA's reason for her termination – poor performance and violations of workplace rules – is a **false** reason and a pretext for discrimination.

    h.   Turning to Perez' claim for retaliation, she must show that: (i) she engaged in statutorily protected expression; (ii) she suffered an adverse employment action; and (iii) there is a causal relation between the two events. *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 587 (11th Cir. 2000). To establish the causal relationship, Perez must show that her protected activity (in the first prong) was

---

[2] It is acknowledged that Perez alleges in her Response that Kimberly Magaruh and Lauren Dopson are "similarly situated" comparators. However, saying that they are in an unverified pleading does not make it so. There is no record evidence supported by sworn facts or testimony that Ms. Magaruh and Ms. Dopson are truly comparators as defined under the law.

[3] Perez suggests in her Response that CIGNA's alleged lack of proper record-keeping is sufficient to create material issues of fact, precluding the entry of summary judgment. The undersigned disagrees. Perez' allegations are little more than speculation and conjecture in a pleading not otherwise supported by sworn facts or other evidence.

6

the *but-for* cause of the alleged adverse action (in the second prong). *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 133 S. Ct. 2517, 2534, 186 L. Ed. 2d 503 (2013); *Trigo v. City of Doral*, No. 13-24086-CIV, 2015 WL 11202636, at *5 (S.D. Fla. Sept. 30, 2015), *aff'd*, 663 F. App'x 871 (11th Cir. 2016).

    i.  CIGNA alleges that Perez cannot even establish the first prong of the analysis because her claim of "discrimination" during her PCAP meeting with Ms. Ponton, and subsequently with the Employee Relations representative, was non-specific as to the protective characteristic (*i.e.*, race and/or national origin) Perez was claiming was at the center of her employer's employment decisions. The undersigned is not persuaded by CIGNA's argument in this regard. Indeed, CIGNA is a sophisticated company with established anti-discrimination policies and human resources systems in place to address claims of discrimination. Given this, it is more likely than not that an employee's mention of "discrimination" would lead the company to make a reasonable inquiry as to the nature of the "discrimination" at issue.

    j.  This notwithstanding, and if it is assumed that Perez did engage in protected expression, there is no evidence to support that Perez' claim of "discrimination" in May 2017 was the "but-for" reason for her termination two months later in late July 2017. If anything, the record shows that Perez' PCAP was extended beyond the initial 30-day period, and that Perez' supervisor continued to believe that Perez' performance failed to meet expectations. Ultimately, Perez' supervisor's continuing assessment and impression that Perez was not meeting performance standards led to the company's decision to terminate Perez' employment. The law does not permit the undersigned to sit as a "super-personnel department" to second-guess the decision of the employer. Rather, the employer's decision must be accepted unless there is evidence to support that the decision was based on an illegal motive. Here, there is no evidence that CIGNA's decision was based on a motive made illegal under the law.

    k.  What is more, as with her claim for discrimination, Perez has failed to establish that CIGNA's proffered legitimate, non-retaliatory reason for Perez' termination, *i.e.*, poor performance

7

and a violation or workplace rules, is false and a pretext for retaliation. Perez' failure to prove pretext proves fatal to her retaliation claim.

7.   Based on the above, Perez' claims for discrimination and retaliation are ripe for summary disposition and dismissal.

Accordingly, it is ORDERED AND ADJUDGED that Respondent's Motion for Summary Judgment shall be and is hereby **GRANTED**. Judgment is hereby entered in favor of CIGNA, and against Perez, on all claims raised by Perez in this cause.

DONE AND ORDERED in Orlando, Orange County, Florida, this 18th day of July, 2018.

/S/ *Carlos J. Burruezo, Esq.*
Carlos J. Burruezo, Esq.
Arbitrator