# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GLENDA PEREZ,

    Plaintiff,

v.                                          Case No: 8:18-cv-1862-T-17JSS

CIGNA HEALTH AND LIFE
INSURANCE COMPANY,

    Defendant.

_____/

## PLAINTIFF'S REPLY TO CIGNA HEALTH & LIFE INSURANCE CO.'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD

    Plaintiff, Glenda Perez, on its own behalf ("Plaintiff"), hereby reply in opposition to Defendant, Cigna Health & Life Insurance Co. ("Cigna","Defendant") Answer, and in support of Plaintiff's response, states as follows:

### INTRODUCTION

    Plaintiff filed its "Petition to Vacate Arbitration Award" on July 27, 2018, and has properly perfected service of its action to Defendants on August 20, 2019, as shown in (Dkt.9, 10). On September 13, 2018, the clerk of the court entered a default against defendant Cigna (Dkt.15). Defendants successfully moved to vacate its default and the court ordered them to file an answer regarding the petition by February 1, 2019 (Dkt.25).

1

## ARGUMENT

Cigna is now contending that the petition is "being raised merely as a tactical response to having lost arbitration award" and "Regardless, it cannot be disputed that the fact that Mr. Jones and Mr. Burruezo worked together at the time of Mr. Burruezo's 50th birthday party was disclosed to Ms. Perez three times."

Defendant's answers are, indeed, misleading and should be disregarded. Such a statement is disingenuous and should be held as a glaring example of the massive confusion created by the defendants. The factual inaccuracies and misstatements are clearly identified on defendant's submitted response and in the plaintiff's binder under (Dkt. 7)[1].

### A. AAA Conflict Check List

Defendant argues that the Plaintiff alerted AAA of potential bias regarding the disclosure made by the first arbitrator and did not do the same for "Mr. Burruezo after full disclosure". It is true the plaintiff addressed concerns to AAA regarding Ms. Dinneen's full disclosure of her Oath. However, a full disclosure was never made with respect to Mr. Burruezo.

### I. Disclosure of Ms. Dinneen

The following is an answer made by the first candidate, Ms. Dinneen, who originally was selected to arbitrate the underlying claim. (This is found in both parties exhibits'):

> 3. Have you had any professional or social relationship with counsel for any party in this proceeding or the firms for which they work?
>
> Answer: Yes

---

[1] Plaintiff filed in compliance to the court's "Standing Order" regarding documents exceeding "twenty-five pages".

> Comments : I have served or am serving as arbitrator in several cases where attorneys in various Littler offices have been involved. None of those cases has gone to a hearing, and my only contact with those attorneys would have been in pre-hearing conference calls and correspondence. To the best of my knowledge, I have never had any contact with Mr. Schmitz, but I did meet Mr. Jones in June 2016 when I was the mediator and he was representing a client at a mediation that lasted for about two hours or less. Constance Norton, with whom I worked at a law firm in Los Angeles in approximately 1994-97, is now a shareholder in Littler's San Francisco office.

**II.     Disclosure of Mr. Burruezo**

The only disclosure made with respect to the Arbitrator's Resume, Oath, amended response to the Oath and Mr. Schmitz[2] email all stated that he worked for the Littler Mendelson office. He denied having any relationships.

Further, the court should take notice that the defendant did not file an affidavit in response to the petition. The facts show the defendant were well aware of this action and by ignoring critical arguments of undisclosed long social relationship with the arbitrator, has chosen to increase prejudice upon plaintiff.

The arbitrator and defendants presented themselves as "complete strangers" during the arbitration proceedings (*Karlseng v. Cooke*, Tex. App.—Dallas 2011, no pet). The records therein, clearly show that the nondisclosure involves a "significant compromising relationship" (*Positive Software Solutions, Inc. v. New Century Mortgage Corp*. 476 F.3d 278, 286 (5th Cir.) (en banc), *cert. denied*, 127 S. Ct. 2943 (June 11, 2007) (No. 06-1352). Specifically, counsel fails to defend an exhibit[3] filed with the court regarding a blog posted on **May 7, 2018** on the arbitrator's website describing a life

---

[2] Mr. Schmitz is one of the defendant's attorneys in the underlying claim.
[3] https://burruezolaw.com/the-day-my-husband-was-diagnosed-with-cancer/

3

threatening condition and the relationship he had with the firm during that time which stated (Dkt 7):

> ... By the age of 37, he was promoted to managing shareholder at a national labor and employment boutique law firm, a promotion almost unheard of for someone that young.
>
> ... Just 13 days before his 49th birthday, after a routine colonoscopy, the doctor came bearing words we did not expect, nor ever thought we would hear: "Carlos, I'm very sorry to tell you, but you have cancer … Stage 3 colon cancer."
>
> ... his firm and partners made it very clear they would support him and help him weather this storm for as long as it took. By no means was his position at risk. If anything, it was more secure than ever.
>
> ... the decision was a no-brainer. He thanked his partners for all their support, packed up his desk, and joined me in Entrepreneur Land.
>
> ... Just a few months ago, ... He had reached his five-year milestone. The doctors told him the odds of the cancer returning had decreased dramatically.

The arbitrator's resume states, 2014, was the year he left the Littler Mendelson firm. According to the blog the arbitrator left the firm before his 50th birthday. This fact contradicts the defendant's statement regarding receipt of a full disclosure of relationships made to the plaintiff.

### B. Defendants' Asserted Objective Criteria for Determining Ex-Parte Communications

There were three known ex-parte communications defendants made with the arbitrator:

> **i.** Administrative in nature, regarding a subpoena admitted by the

defendants (Dkt.7), which violates the AAA commercial rule R19(a):

> No party and no one acting on behalf of any party shall communicate ex parte with an arbitrator or a candidate for arbitrator concerning the arbitration, except that a party, or someone acting on behalf of a party, may communicate ex parte with a candidate for

4

>direct appointment pursuant to R-13 in order to advise the candidate of the general nature of the controversy and of the anticipated proceedings and to discuss the candidate's qualifications, availability, or independence in relation to the parties or to discuss the suitability of candidates for selection as a third arbitrator where the parties or party-designated arbitrators are to participate in that selection

**ii.** Stated by defendant during a stipulation phase: "... I can just notify the arbitrator separately..." (Dkt. 7)

**iii.** Joint final stipulation phase where defendant states: "... I am going to ask the arbitrator to file our trial briefs no later than noon tomorrow..." (Dkt. 7).

The exhibits clearly distinguish the relaxed behavior regarding defendants' contact with the arbitrator. Further defendants do not deny that any ex-parte communications were made but only states that the exhibits do not "show any type of ex parte communication".

## CONCLUSION

Wherefore, Plaintiff's argument and substantial records exemplify the Arbitrator's evident partiality. Defendant's failed to prove ex partes never took place with the Arbitrator and never provided full disclosures to the Plaintiff. Thus, pursuant to the F.A.A. and applicable laws inferred by this Court, a ruling in favor of Judgment for the Plaintiff should be granted.

Respectfully submitted February 7, 2019.

/s/ Glenda Perez_____
Glenda Perez
10158 Newminster Loop
Ruskin, Florida 33573
*Pro se*

6

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 7, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic filing to the following CM/ECF participants:

Nancy A. Johnson, Esquire
Email: najohnson@littler.com
LITTLER MENDELSON, P.C.
111 North Magnolia Avenue
Suite 1250
Orlando, Florida 32801

/s/ Glenda Perez
*Pro se*