# UNITED STATES DISTRICT COURT
## IN THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

GLENDA PEREZ,

       Plaintiff,

v.

CIGNA HEALTH & LIFE INSURANCE CO.,

       Defendant.

Case No. 8:18-cv-01862-T-17-JSS

## **CASE MANAGEMENT REPORT**

The parties have agreed on the following dates and discovery plan pursuant to this Fed.R.Civ.P.26(f) and Local Rule 3.05:

| DEADLINE OR EVENT | PROPOSED DATE[1] |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1))* <br>[Court recommends 30 days after CMR meeting] | March 4, 2019 |
| Certificate of Interested Persons and Corporate Disclosure Statement <br>[Each party who has not previously filed must file immediately] | Completed |
| Motions to Add Parties or to Amend Pleadings <br>[Court recommends 1- 2 months after CMR meeting] | |

---

[1] As to each proposed deadline relating to discovery as denoted by an "*" next to the "Deadline or Event," Defendant does not agree to the proposed dates set forth herein but instead takes the position that no discovery is necessary because this matter is fully briefed and before this Court ready for resolution. Defendant is concurrently filing a separate motion setting forth its request that either discovery be disallowed in this matter or, alternatively a preliminary pre-trial conference be held due to the unusual nature of this proceeding in order to set forth expectations for an expedient handling of this matter.

| | |
|---|---|
| Disclosure of Expert Reports*<br>Plaintiff:<br>Defendant:<br>[Court recommends 1 - 2 months before discovery deadline to allow expert depositions] | June 15, 2019 |
| Discovery Deadline*<br>[Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | August 2, 2019 |

| DEADLINE OR EVENT | PROPOSED DATE |
|---|---|
| Dispositive Motions, *Daubert,* and *Markman* Motions [Court requires 5 months or more before trial term begins] | August 30, 2019 |
| Meeting *In Person* to Prepare Joint Final Pretrial Statement*<br>[10 days before Joint Final Pretrial Statement] | August 30, 2019 |
| Joint Final Pretrial Statement* *(Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (with diskette), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form) [Court recommends 6 weeks before Trial] | September 6, 2019 |
| All Other Motions Including Motions *In Limine* [Court recommends 1 weeks before Final Pre-trial Conference] | September 6, 2019 |
| Final Pretrial Conference [As needed, the Court will set a date that is approximately 4 weeks before trial] | TBD by Court |
| Trial Briefs [Court recommends 2 weeks before Trial] | TBD by Court |

| | |
|---|---|
| Trial Term Begins<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms typically begin on Monday preceding the 1st day of the month; trials before magistrate judges Will be set on a date certain after consultation with the parties] | October, 2019 |
| Estimated Length of Trial   [trial days] | 1-2 days |
| DEADLINE OR EVENT | PROPOSED DATE |
| Jury/Non-Jury | Non-Jury |
| Mediation Deadline*:<br><br>Mediat<br>or:<br>Addres<br>s:<br><br>Telephone:<br><br>[Absent arbitration, mediation is *mandatory;* Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | August 30, 2019<br><br>Parties to agree upon mediator if necessary |
| All Parties Consent to Proceed Before Magistrate Judge | Yes |

I.  **Meeting of Parties in Person**

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless the parties agree on a different location. Pursuant to this Court's Order (Doc. No. 25), a meeting was held in person on Monday, February 4th at 12:30 pm at the United States Court House, Tampa, FL and was attended by:

Counsel for (if applicable)

Petitioner    Glenda Perez, Pro Se  Respondent    Nancy Johnson

II. **Pre-Discovery Initial Disclosures of Core Information Fed.R.Civ.P. 26(a)(l)(A) - (D) Disclosures***

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties ___ have exchanged __X__ agree to exchange (check one) information described in Fed.R.Civ.P. 26(a)(l)(A)(i)- (iv)  (check one) by March 4, 2019 (date).

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section III below.

III. **Electronic Discovery***

The parties have discussed issues relating to disclosure or discovery of

electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

   \_\_\_ No party anticipates the disclosure or discovery of ESI in this case;

   \_✘\_ One or more of the parties anticipate the disclosure or discovery of ESI in this case. If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:

   A. The form or forms in which ESI should be produced.

   B. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

   C. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

   D. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

   E. The characteristics of the patty's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

   F. Any issues relating to preservation of discoverable ESL

   G. Assertions of privilege or of protection as trial-preparation materials,

including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under the Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV. F. below on Confidentiality Agreements.

  H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' position on each:

  -  Defendant believes that no discovery should be allowed and that no ESI should be allowed given the nature of this proceeding as set forth in Defendant's separately filed Motion to Disallow Discovery.

If there are disputed issues specified above, or elsewhere in this report, then (check one):

  ☒ One or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

  **If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.**

__ All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

The parties discussed ESI issues and agree as follows:

1) If allowed, each party will be responsible for its own costs of responding to discovery except as otherwise agreed or ordered by the Court. Neither party waives their right to assert that cost-shifting is appropriate as to any request made of that party.

2) The parties agree to work together to develop a reasonable list of search terms and date filters to be applied to each custodians' files. If they are unable to agree to such a list, they will seek assistance from the Court.

3) Unless otherwise agreed upon by the parties or the Court, the parties will produce electronic documents in pdf format. No metadata will be provided. The pdfs will be endorsed with a bates label that identifies the producing party. Subject to paragraph 4 below, no party shall be required to re-produce any previously produced document or ESI in a different form.

4) A party may make a request for production of a specific document(s) to be produced in native format only upon the showing of a particularized need. No party may seek to compel production of native files on a wholesale or categorical basis. Any request for re-production of ESI in native format must be made within 45 days from the date the Receiving party received the ESI.

IV. **Agreed Discovery Plan for Plaintiffs and Defendants***

    A. **Certificate of Interested Persons and Corporate Disclosure Statement -**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.

A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

    ☒ Yes    ___ No

    B. **Discovery Not Filed —**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f). The parties further agree as follows:

No additional considerations at this time.

C. **Limits on Discovery –**

If allowed at all, absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the patties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows if allowed:

1. Depositions - No additional considerations for limitation at this time. To be conducted in accordance with federal rule.

2. Interrogatories - No additional considerations for limitation at this time. To be conducted in accordance with the rules.

3. Document Requests - No additional considerations for limitation at this time. To be conducted in accordance with the rules.

4. Requests to Admit - No additional considerations for limitation at this time. To be conducted in accordance with federal rule.

5. Supplementation of Discovery - No additional considerations for limitation at this time. To be conducted in accordance with federal rule.

D. **Discovery Deadline –**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel

filed after the discovery deadline. In addition, the parties agree as follows:

No additional considerations at this time. To be conducted in accordance with federal rule.

    **E.**    **Disclosure of Expert Testimony -**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

No additional considerations at this time. To be conducted in accordance with federal rule.

    **F.**    **Confidentiality Agreements -**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.,* 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.,* 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The

motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows: The parties intend to enter into a mutual Confidentiality Agreement.

G. **Other Matters Regarding Discovery —**

No additional considerations at this time. To be conducted in accordance with federal rule.

V. **Settlement and Alternative Dispute Resolution.**

A. **Settlement** -

The parties agree that settlement is

\_\_\_\_ likely **X** unlikely

The parties request a settlement conference before a United States Magistrate Judge

yes\_\_\_    **NO**    likely to request in future

B. **Arbitration** -

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

yes           **NO**           likely to agree in future\_\_\_\_

C. **Mediation** –

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

D. **Other Alternative Dispute Resolution** -

The parties intend to pursue the following other methods of alternative dispute resolution:

Mediation by _____.

Date: February 19, 2019.

| | |
|---|---|
| */s/ Glenda Perez* | */s/ Nancy A. Johnson* |
| Glenda Perez | Jeffrey B. Jones, Esquire |
| Email: glendaperez52@yahoo.com | Florida Bar No.: 0039950 |
| | Email: jbjones@littler.com |
| | |
| | Nancy A. Johnson, Esquire |
| 10158 Newminster Loop | Florida Bar No.: 0597562 |
| Ruskin, FL 33573 | Email: najohnson@littler.com |
| | |
| | LITTLER MENDELSON, P.C. |
| | 111 North Magnolia Avenue |
| | Suite 1250 |
| | Orlando, Florida 32801 |
| | Telephone:  407.393.2900 |
| |  Facsimile:   407.393.2929 |
| | |
| *Pro Se* | *Attorneys for Respondent* |