UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLENDA PEREZ,

    Plaintiff,

v.

CIGNA HEALTH & LIFE INSURANCE CO.,

    Defendant.

Case No. 8:18-cv-01862-T-17-JSS

**DEFENDANT CIGNA HEALTH & LIFE INSURANCE CO.'S MOTION REQUESTING A SCHEDULING ORDER DISALLOWING DISCOVERY IN THIS MATTER OR, ALTERANATIVELY, FOR A RULE 16(a) CONFERENCE**

    Defendant Cigna Health & Life Insurance Co. ("Cigna" or "Defendant") respectfully moves the Court to enter an order disallowing discovery in this matter or, alternatively, pursuant to Federal Rule 16(a), setting this matter for a preliminary pre-trial conference. In support of this Motion, Cigna states as follows.

    1.    This matter is before this Court upon Plaintiff's filing of a Petition to Vacate (ECF 1) which asks this Court to vacate an arbitration award entered against Plaintiff and in favor of Defendant. Plaintiff's Petition sets forth Plaintiff's contentions as to why she believes the arbitration award should be vacated and includes numerous exhibits.

    2.    Defendant filed its opposition to the Petition including exhibits supporting Defendant's contention that Plaintiff has not and cannot establish grounds to vacate the arbitration award at issue. (ECF 29) Further, Plaintiff filed a "Reply" to Defendant's Opposition to the Petition wherein she asks for a ruling in her favor and does not note any need for additional discovery. (ECF 30)

3. Upon the filing of the Petition initiating this proceeding, this Court issued an Order classifying this matter as a Track One matter under the applicable local rules. (ECF 5)

4. Thereafter, this Court entered an Order requiring the parties to conduct a meeting to discuss a case management and scheduling order and to comply with Track Two requirements which typically include discovery deadlines. (ECF 27)

5. In conducting the conference and preparing the Case Management and Scheduling Report, it became apparent that there is a difference of opinion as to the orderly proceedings in this case going forward.

6. Specifically, Plaintiff believes that she is entitled to discovery in this proceeding including written and oral discovery and Defendant believes that no discovery is available or necessary in this proceeding.

7. In order to establish early control so that this case becomes streamlined and expedited and in order to discourage pretrial activities that this Court deems unnecessary, Defendant therefore requests a Pre-Trial conference in this matter pursuant to Rule 16(a).

## **Memorandum of Law**

This matter presents in a somewhat unusual fashion before this Court simply asking for a determination as to whether, in an underlying arbitration proceeding already completed between the parties, justification exists under the Federal Arbitration Act to vacate the arbitration award entered against Plaintiff and in favor of Defendant.

While this matter was initially set as a Track One matter wherein discovery and pre-trial procedures are limited and often dispensed with, this Court subsequently asked the Parties to meet and prepare a joint proposed case management report proposing dates for things such as discovery cut off.

Plaintiff has articulated that she would like to engage in discovery. In contrast, Defendant asserts that, pursuant to *Frere v. Orthofix, Inc.*, No. 00CIV.1968, 2000 WL 1789641, at *4-5 (S.D.N.Y. Dec. 6, 2000), discovery in a post-arbitration judicial proceeding to confirm or vacate is available only in limited circumstances, where relevant and necessary to the determination of an issue raised by such application. Here, discovery is unnecessary and would only unnecessarily delay and make more costly an arbitration process that the parties agreed upon. Here, the Court should simplify and control the process because arbitration is intended to a relatively prompt and inexpensive procedure - a prompt and relatively inexpensive procedure that the parties willingly agreed to use. *See, e.g., Lyeth*, 929 F.2d at 898 (quoting *Imperial Ethiopian Government v. Baruch–Foster Corp.*, 535 F.2d 334, 337 (5th Cir. 1974)); *National Hockey League Players Ass's*, 1994 WL 38130, at *2; *Hunt v. Mobil Oil Corp.*, 654 F. Supp. 1487, 1495–96 (S.D.N.Y. 1987). *See generally Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983); *Legion Ins. Co. v. Insurance Gen'l Agency, Inc.,* 822 F.2d 541, 543 (5th Cir. 1987).

Moreover, in view of the narrowness of the grounds on which an arbitral award may be challenged, the need for discovery is typically not nearly as acute as in other civil lawsuits. *See, e.g., id.* at 542–43. Necessarily, then, the liberality that normally attends discovery in civil litigation is not appropriate in this context. In addition, any inquiry that is targeted at the arbitrator is particularly suspect, since the arbitrator's coerced involvement in post-award litigation will inevitably intrude upon the arbitrator's quasi-judicial function and discourage qualified individuals from offering their services as arbitrators. *E.g., National Hockey League Players' Ass'n*, 1994 WL 38130, at *2, 7; *Temporary Commission of Investigation v. French*, 68

A.D.2d 681, 690–91, 418 N.Y.S.2d 774, 779 (1st Dep't 1979). *Cf. Austern v. Chicago Bd. of Options Exchange*, 898 F.2d 882, 886 (2d Cir.), cert. denied, 498 U.S. 850 (1990).

Here, Plaintiff had an opportunity to, and did, submit evidence to this Court that she felt was pertinent and that she felt supported the arguments set forth in her Petition. Defendant has done the same in its opposition and there is no unusual circumstance set forth that would compel the need for additional discovery.

Therefore, Defendant believes that, in light of the Parties' commitment to keep costs down and to provide an expedited resolution to disputes, it would be inappropriate to set out a lengthy and necessarily costly discovery plan for the single issue before this Court.

However, given this Court's direction to prepare a case management report, Defendant alternatively requests, pursuant to Federal Rule 16(a), that this Court either set a preliminary pre-trial conference to discuss the orderly and prompt procedures expected in this matter.

### Local Rule 3.01(g) Certification

The undersigned certifies that she has conferred with Plaintiff with respect to the disagreement as to the availability of discovery and the parties' respective positions are set forth above. Plaintiff further agreed that a preliminary pretrial conference would assist the parties in this matter to be able to proceed in an orderly manner. However, Plaintiff does not agree that discovery should be disallowed.


Date: February 19, 2019

*/s/ Nancy A. Johnson*
Jeffrey B. Jones, Esquire
Florida Bar No.: 0039950
Email: jbjones@littler.com

Nancy A. Johnson, Esquire
Florida Bar No.: 0597562
Email: najohnson@littler.com

LITTLER MENDELSON, P.C.
111 North Magnolia Avenue
Suite 1250
Orlando, Florida 32801
Telephone:   407.393.2900
Facsimile:   407.393.2929

*Attorneys for Respondent*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a copy via email this 19th day of February, 2019 to the following CM/ECF participant:

    Glenda Perez
    10158 Newminster Loop
    Ruskin, FL 33573
    Email: glendaperez52@yahoo.com
    Perezglenda924@gmail.com


                              ***/s/ Nancy A. Johnson***
                              Nancy A. Johnson
                              Attorney for Respondent