UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLENDA PEREZ,

    Plaintiff,

v.                                                Case No: 8:18-cv-1862-T-17JSS

CIGNA HEALTH AND LIFE
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

THIS MATTER is before the Court *sua sponte* upon review of Petitioner's Application to Vacate Arbitration Award[1] ("Motion") and the Court's consideration of whether it has jurisdiction over this matter. (Dkt. 1.) A district court must ensure that subject-matter jurisdiction is present before ruling on the merits of a case. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001); *Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013); *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises.").

In the Motion, Ms. Perez alleges federal-question jurisdiction under 28 U.S.C. § 1331. (Dkt. 1 at 1.) But the Federal Arbitration Act ("FAA") "is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent

---

[1] Although filed as a petition, the correct procedure under the Federal Arbitration Act ("FAA") is to file a motion. 9 U.S.C. § 6 ("Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided."); *see also O.R. Sec., Inc. v. Prof'l Planning Assocs., Inc.*, 857 F.2d 742, 746 (11th Cir. 1988) (explaining that the "proper procedure" is "for the party seeking to vacate an arbitration award to file a Motion to Vacate").

federal-question jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983). Accordingly, the Eleventh Circuit has held that Section 10 of the FAA, which allows a court to vacate an arbitration award, does not confer federal subject-matter jurisdiction. *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1470 (11th Cir. 1997). Instead, a motion under Section 10 must demonstrate independent grounds for federal subject-matter jurisdiction. *Peebles v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 431 F.3d 1320, 1325 (11th Cir. 2005).

The Motion appears to suggest that federal-question jurisdiction exists because the underlying arbitration complaint raised claims under federal law. (Dkt. 1 at 2.) However, several circuits have held that a motion to vacate arbitration must raise a federal question itself, without regard to the underlying claims in arbitration. *See Goldman v. Citigroup Global Mkts. Inc.*, 834 F.3d 242, 255 (3d Cir. 2016) ("We therefore hold that a district court may not look through a § 10 motion to vacate to the underlying subject matter of the arbitration in order to establish federal question jurisdiction."); *Magruder v. Fid. Brokerage Servs. LLC*, 818 F.3d 285, 288 (7th Cir. 2016) (holding that "a federal issue resolved by the arbitrator does *not* supply subject-matter jurisdiction for review or enforcement of the award") (emphasis in original); *Carter v. Health Net of Ca., Inc.*, 374 F.3d 830, 836 (9th Cir. 2004) ("A clear jurisdictional principle has emerged from these cases: the presence of federal questions in an underlying arbitration is insufficient to provide an independent basis for federal question jurisdiction to review an arbitration award under the FAA."); *Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1247 (D.C. Cir. 1999) (holding "that § 10 does not create federal question jurisdiction, even when the underlying arbitration involves federal law"); *Collings v. Blue Cross Blue Shield of Mich.*, 103 F.3d 35, 38 (6th Cir. 1996) (holding that "neither the FAA nor the underlying arbitrated claim provide an independent basis of federal jurisdiction in an action to confirm or vacate an arbitration award.").

*Contra McCormick v. Am. Online, Inc.*, 909 F.3d 677, 682 (4th Cir. 2018); *Ortiz-Espinosa v. BBVA Sec. of P.R., Inc.*, 852 F.3d 36, 47 (1st Cir. 2017); *Doscher v. Sea Port Grp. Sec., LLC*, 832 F.3d 372, 388 (2d Cir. 2016); *see also Baltin*, 128 F.3d at 1472 (finding that a motion to vacate arbitration based on evident partiality did not present a federal issue).

Accordingly, it is **ORDERED** that Plaintiff must file a supplemental brief, by **July 5, 2019**, specifically addressing how the Court has subject-matter jurisdiction over this action. Defendant must file a response to Plaintiff's brief by **August 5, 2019**.

**DONE** and **ORDERED** in Tampa, Florida, on June 12, 2019.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record