UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLENDA PEREZ,

    Plaintiff,

v.                                                      Case No: 8:18-cv-1862-T-17JSS

CIGNA HEALTH AND LIFE
INSURANCE COMPANY,

    Defendant.
_____/

**SUPPLEMENTAL BRIEF ON SUBJECT MATTER JURISDICTION**

Plaintiff, Glenda Perez, respectfully submits this supplemental brief pursuant to the Court's docket order (Docket No. 41) regarding subject matter jurisdiction. In support of this brief, the petitioner states as follows:

## I. INTRODUCTION

It is proper for the Court to "*look through*" the federal court complaint to the underlying allegations. This Court has subject matter jurisdiction over this case. Specifically, a "look through" approach should be applied to determine federal subject matter jurisdiction in a petition to vacate under § 10 of the Federal Arbitration Act ("FAA"). Moreover, if this Court follows *Doscher,* that holding applies to this case because Plaintiffs' petition was brought under § 10 of the FAA. Doscher v. Sea Port Grp. Sec., LLC, 832 F.3d 372, 389 (2d Cir. 2016)

1

## II.   ARGUMENT

### A. "Look Through" establishes federal court jurisdiction to review the underlying controversy

The holding in *Doscher* was that "a federal district court *faced with a §10 petition* may 'look through' the petition to the underlying dispute, applying to it the ordinary rules of federal-question jurisdiction..." to determine whether it has jurisdiction. *Doscher,* 2016 U.S. App. LEXIS 14767 at 43 (emphasis added).

In *Doscher*, the court identified a key inconsistency between *Vaden's* "look through" jurisdictional approach for § 4 petitions and the general rule that federal question jurisdiction for all other remedies under the FAA must be found on the face of the petition. *Doscher*, 832 F.3d at 383. *Doscher* notes, first, that *Vaden's* conclusions that for the § 4 petition at issue there, "the district court possessed jurisdiction only by operation of § 1331" and second, that "the federal question required by § 1331 arose from the underlying dispute, not the face of the petition." *Id*. As *Doscher* observes, these statements produce a logical inconsistency because *Vaden* simultaneously reiterated that "§ 4 of the FAA does not enlarge federal-court jurisdiction," but then authorized federal courts to "look through" the "face of the petition" at the "underlying substantive dispute" based solely on the textual "save for" language of § 4. *Id*.

In other words, "[t]he inconsistency here is evident: if § 4 of the FAA does not enlarge federal-court jurisdiction, how can a federal court's jurisdiction under the same jurisdictional statute differ between § 4 and all other remedies under the Act?" *Id*. (emphases in original) (internal punctuation and citations omitted). "[t]he necessary result of limiting the look-through approach solely to § 4 petitions is to conclude that the same dispute between the parties [is] sufficient to confer § 1331 jurisdiction for the purposes of

§ 4 petitions but insufficient to confer § 1331 jurisdiction for the purposes of any of the Act's other remedies." *Id.* at 384. Such a result "is simply not logically possible without construing § 4 to expand federal jurisdiction—a conclusion the Supreme Court has expressly" and repeatedly forbidden the courts to draw. *Id*

In order to comply with the Supreme Court's holding that the FAA statute does not bestow jurisdiction, it cannot find that the "look through" approach does not apply to § 10 because it lacks the "save for" language in the text of § 4. Logic requires that the court can avoid this inconsistent result only by finding that the jurisdictional inquiry under § 1331 looks to the underlying substantive dispute with respect to all remedies under the FAA, not just to those under § 4. Applying the "look through" approach to the entire Act complies with the requirement that the FAA does not enlarge jurisdiction, and also follows the third guidepost set forth in *Vaden*, namely, that of avoiding "absurd and illogical discrepancies in jurisdiction among the Act's provisions" as a practical consequence of an interpretive choice. *Doscher*, 832 F.3d at 386. There are many negative practical consequences to an interpretation that permits parties to file motions to compel arbitration in any case where the underlying disputes raise a federal question but precludes them from seeking the same federal court's aid under the Act's other remedial provisions related to the same dispute.

For example, the *Doscher* court raised the concern that "if the look-through approach did not apply to a §10 petition then an intelligent practitioner who wishes to preserve access to federal courts for later disputes over arbitrators, subpoenas, or final awards will attempt to lock in jurisdiction by filing a federal suit first, followed by motions to compel and a stay of proceedings. Construing the Act in a way that

3

encourages the protective filing of federal suits would be the height of absurdity in light of Congress's desire to cabin federal involvement in disputes subject to arbitration." *Id*. at 388 (internal quotations omitted).

      **B.**      **Court's jurisdiction over arbitration agreements**

In 2009, the Supreme Court in *Vaden* sought to resolve the split among Federal Circuit Courts over whether jurisdiction to compel arbitration was based on the arbitration agreement itself or on the underlying controversies to which the arbitration agreement related. *See* State Bank v. Strong, 485 F.3d 597, 606 (11th Cir. 2007) (finding that the court may "look through" a § 4 petition to see if it has jurisdiction on an independent basis from the FAA *See* Vaden v. Discover Bank, 556 U.S. 49, 62 (2008) (finding it is appropriate for a federal court to "look through" a § 4 petition to compel arbitration to the parties' underlying substantive controversy to see if there is subject matter jurisdiction). Prior to the *Vaden* decision, the U.S. Courts of Appeals for the Second, Sixth, and Seventh Circuits held that it was not proper to "look through" a § 4 petition to determine jurisdiction while in contrast, the U.S. Courts of Appeals for the Fourth and Eleventh Circuits held that a court could "look through" a § 4 petition to compel arbitration to determine if there was federal subject matter jurisdiction. *See id*. at 57 (finding that the lower courts were in conflict regarding whether a federal court could "look through" a § 4 petition to compel arbitration to determine if the court had jurisdiction); Cmty. State Bank v. Strong, 485 F.3d 597, 606 (11th Cir. 2007) (holding that the district court was correct in "look[ing] through" the underlying dispute to determine if it had jurisdiction over a § 4 petition); Discover Bank v. Vaden, 396 F.3d 366, 367 (4th Cir. 2005) (finding that to compel arbitration a court should determine if it has federal question jurisdiction over the underlying issue).

Moreover, the Second Circuit addressed a federal court's application of the "look through" analysis of subject matter jurisdiction in connection with a motion to confirm a domestic arbitral award under FAA § 9. *See* Landau v. Eisenberg, No. 17-3963, 2019 U.S. App. LEXIS 13137 (2d Cir. May 1, 2019). *Landau* concerned a trademark dispute that was arbitrated before a rabbinical tribunal. After prevailing at arbitration, the petitioner sought to confirm the award in a federal district court, but respondent *Eisenberg* challenged the petition, claiming, *inter alia*, that the district court lacked subject matter jurisdiction. *Id*. at \*2-3. The district court confirmed the arbitral award over respondent's objections, prompting his appeal.

The Court of Appeals affirmed the district court's decision, relying in part on its earlier decision in *Doscher* and on the First Circuit's opinion in *Ortiz-Espinosa*. The Second Circuit reasoned that the justifications for its approval of the use of the "look through" approach in *Doscher* "apply with equal force to § 9, which contains substantially identical language to § 10." *Id*. at \*5-6 (internal citations omitted). It held that there was "no reason to employ a different approach for § 9 than § 10," and therefore that "a district court should employ the 'look through' approach described in *Doscher* when determining subject matter jurisdiction over petitions to confirm arbitration awards under § 9." *Id*. at \*6.

### C. Applying look through would avoid "Curious Practical Consequences"

The "look through" approach should be applied to the entire FAA because it creates consistency and prevents the "curious practical consequences" that the Supreme Court in *Vaden* sought to avoid. It would have been strange for Congress to only intend there to be federal jurisdiction to compel arbitration, yet to enforce the arbitration award,

5

arising from the same arbitration, there would be no federal jurisdiction. *See* Ortiz-Espinosa, 852 F.3d at 46–47 (1st Cir. 2017)(noting that it would be inconsistent to be denied a federal forum when the underlying federal issue is based on a federal law); *Doscher*, 832 F.3d at 387(holding that to allow federal jurisdiction for petitions to compel arbitration where the underlying controversy is a federal issue yet forbid federal court enforcement of the post-award enforcement of the same issue would be an absurd distinction).

If this was Congress's intention in enacting the FAA, Congress would not have needed to include §§ 9–11 in the FAA *See* Doscher, 832 F.3d at 386 (concluding that if Congress only cared about federal courts having the ability to compel arbitration then it did not need to include § 10 or § 11 of the FAA).

It would result in similar "curious practical consequences" to allow federal courts to compel arbitration yet not allow those courts to enforce, vacate, or modify the arbitration award that arose out of the same issue. Thus, it would be a mistake to fail to apply the "look through" approach to other sections of the FAA. Such a mistake would result in creating the same "curious practical consequences" that the Court in *Vaden* avoided.

    D.    **Federal grounds for Vacatur.**

Should the court review the plaintiff's petition "file, as a whole", it would have the authority over the enumerated grounds to vacate the arbitration award set forth pursuant to the FAA.

**Pursuant to the Federal Arbitration Act, a court may vacate an arbitration award in the following four circumstances:**
    (1)  Where the award was procured by corruption, fraud, or undue means;
    (2)  Where there was evident partiality or corruption in the arbitrators, or either of them;

(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made

**CONCLUSION**

The First Circuit in *Ortiz-Espinosa* correctly extended the Supreme Court's decision in *Vaden* by expanding the "look through" approach to §§ 9 – 11 of the FAA. Applying the "look through" approach creates consistency in compelling arbitration and vacating, modifying, or enforcing the arbitration award based on the same underlying issue. The "look through" approach aligns with Congress's intention of overcoming judicial hostility towards arbitration agreements by allowing federal courts to have power to enforce post arbitration awards. Further, applying the "look through" approach to the FAA consistently avoids the "curious practical consequences" that the Court in *Vaden* sought to prevent. Thus, the textual reliance that the Third and Seventh Circuits placed on the different provisions within the FAA were misplaced. If the text of § 4 in the FAA was the only reason the Court in *Vaden* applied the "look through" test, the "save for [the arbitration] agreement" language, in effect, expanded a federal court's jurisdiction over the FAA because it bestowed a federal court with the power to examine an arbitration agreement without having independent subject matter jurisdiction over the arbitration agreement, which is contrary to almost every precedent the Supreme Court has decided regarding the FAA.

**WHEREFORE**, Plaintiff respectfully requests that the Court assert its jurisdiction and vacate the arbitration award.

Respectfully submitted July 4, 2019.

7

/s/ Glenda Perez
Glenda Perez
10158 Newminster Loop
Ruskin, Florida 33573
*Pro se*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 4, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic filing to the following CM/ECF participants:

Nancy A. Johnson, Esquire
Email: najohnson@littler.com
LITTLER MENDELSON, P.C.
111 North Magnolia Avenue
Suite 1250
Orlando, Florida 32801

/s/ Glenda Perez
*Pro se*