UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLENDA PEREZ,

              Plaintiff,

    v.

                      Case No. 8:18-cv-01862-T-17-JSS

CIGNA HEALTH & LIFE INSURANCE
CO.,

              Defendant.

**DEFENDANT CIGNA HEALTH & LIFE INSURANCE CO.'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF ON SUBJECT MATTER JURISDICTION**

Defendant Cigna Health & Life Insurance Co. ("Cigna" or "Defendant") respectfully submits its Response to Plaintiff's Supplement Brief on Subject Matter Jurisdiction (D.E. 42) ("Petition") per this Court's Order (D.E. 41), and states as follows.

## INTRODUCTION AND FACTUAL BACKGROUND

On July 27, 2018, Petitioner filed a document entitled "Petitioner's Application to Vacate Arbitration Award" ("Petition") in this Court seeking federal court review of an arbitration order issued on July 18, 2018 based on claims she raised under Title VII of the Civil Rights Act, 42 U.S.C. §2000(e), as amended, and 42 U.S.C. §1981. (D.E. 1.) In her Petition, Plaintiff Glenda Perez ("Ms. Perez") noted that this Court has subject matter jurisdiction to consider her requests based on federal question jurisdiction. (D.E. 1 ¶ 1.)

On June 12, 2019, this Court, *sua sponte*, reviewed this matter and issued an Order seeking briefing by the parties addressing the question of whether subject matter jurisdiction exists given some conflicting case law in various federal courts throughout the country. (D.E. 41.) Specifically, this Court ordered Plaintiff to file a supplemental brief by July 5, 2019 and

Defendant, Cigna Health and Life Insurance Company ("Cigna") to file a response by August 5, 2019. *Id.*

In Plaintiff's supplemental brief, Ms. Perez argues that federal subject matter jurisdiction exists because this Court should adopt the "look through" approach when considering a petition to vacate under § 10 of the Federal Arbitration Act ("FAA.")  (D.E. 42.)

Cigna agrees that this Court has jurisdiction over this action, including, specifically, to consider and rule on Plaintiff's Petition.  Specifically, this jurisdiction is based both on federal question jurisdiction as set forth in 28 U.S.C. §1331 in connection with applicable case law and legal principles related to actions seeking review of arbitration awards under the FAA as suggested by Ms. Perez and also pursuant to diversity jurisdiction under 28 U.S.C. §1332.

There is and can be no question that the underlying arbitration raised federal questions because Plaintiff claims Cigna discriminated against her and retaliated against her in contravention, inter alia, of federal laws—Title VII of the Civil Rights Act, 42 U.S.C. §2000(e), as amended, and 42 U.S.C. §1981. (Exhibit A – Amended Complaint in arbitration proceeding). Further, as set forth below, the Eleventh Circuit has determined that the "look through" approach is appropriate and, therefore, because the underlying question in the arbitration was a question raised under federal laws, looking through the petition to the claims underlying the arbitration for purposes of determining whether a federal question exists compels the conclusion that federal question jurisdiction is appropriate here.

Separately, the parties are indisputably diverse (a Florida Plaintiff and a Connecticut Defendant) and, the amount in controversy requirement is met under 28 U.S.C. §1332 because Ms. Perez sought back pay, front pay and emotional distress damages in the underlying arbitration which, according to Ms. Perez, total over $1,000,000.  Accordingly, Cigna agrees

with Plaintiff that this Court has subject matter jurisdiction over the claims before it in this matter.

**THIS COURT HAS SUBJECT MATTER JURISDICTION**
**TO CONSIDER MS. PEREZ'S PETITION**

I.    **This Court has Subject Matter Jurisdiction over the Petition Pursuant to 28 U.S.C. §1331 Because the Underlying Arbitration Concerns a Federal Question.**

Although this Court cites to several cases determined by federal courts in other jurisdictions suggesting that a federal court cannot "look through" a petition to vacate an arbitration award to the underlying arbitration controversy to determine whether a federal subject matter is at issue, the Eleventh Circuit, in *DIRECTV, LLC v. Arndt*, 546 Fed. App'x 836 (11th Cir. 2013), definitively determined that a federal court has federal subject matter jurisdiction under 28 U.S.C. § 1331 in a request to consider a petition filed under Section 10 of the FAA when the underlying claims in the arbitration arose under a federal employment law statute. *Arndt* at 830 ("In this case [seeking review of an arbitration award under § 10 of the FAA], the district court had federal question jurisdiction under 28 U.S.C. § 1331 because the [Petitioner's] claims arose under a federal statute—the FLSA.")  The Eleventh Circuit in *Arndt* cited to a case it decided earlier in 2013 noting, without comment, that federal question jurisdiction exists in the same circumstances.  *Southern Communications Services v. Thomas*, 720 F.3d 1352, 1357 n.5 (11th Cir. 2013). Further, other district courts within the Eleventh Circuit have also, based on this Eleventh Circuit precedent, "looked through" a petition to vacate an arbitration award under section 10 of the FAA to analyze whether the nature of the underlying dispute involved a federal question. *See Eggelston v. Marshall Durbin Food Corporation*, 2016 WL 424652 (N.D.Ala. Feb. 4, 2016).  *Turner v. MBNA Amer. Bank, N.A.*, 2006 WL 825991, at *1 (N.D. Ga. Mar. 29, 2006).

Accordingly, the Eleventh Circuit has specifically endorsed a "look through" approach for district courts to analyze if they possess subject matter jurisdiction based on federal question in analyzing a petition to vacate an arbitration award. Therefore, although a circuit split exists, as this Court has noted in its June 12, 2019 Order, the Eleventh Circuit has followed the group of cases in finding it appropriate to utilize a "look through" approach in assessing federal question jurisdiction when presented with petitions under Sections 10 and 11 of the FAA. This Court must follow binding precedent from the Eleventh Circuit and determine that it, in fact, has jurisdiction here pursuant to 28 U.S.C. § 1331.

II.   **This Court has Subject-Matter Jurisdiction over the Petition due to Diversity Jurisdiction Pursuant to 28 U.S.C. §1332.**

Further, even if there was no federal question subject matter jurisdiction here, this Court has subject matter jurisdiction over the issues presented by Ms. Perez in her petition by virtue of diversity jurisdiction as set forth in 28 U.S.C. § 1332. Under that statute, if the parties are diverse and the amount in controversy exceeds, $75,000, a federal court has subject matter jurisdiction to consider a controversy before it.

In *Peebles v. Merrill Lynch, Pierce, Fenner & Smith Inc.* 431 F.3d 1320 (11th Cir. 2005), the Eleventh Circuit noted that, "although the Federal Arbitration Act ("FAA") does not confer subject matter jurisdiction over petitions to vacate arbitration awards, nor does it create federal question jurisdiction, district courts still have original jurisdiction over actions to vacate arbitration awards, including under sections 10 and 11 of the FAA, where the amount in controversy exceeds $75,000.00 and the action is between citizens of different states pursuant to 28 U.S.C. §1332." *Peebles* at 1325; *see also McCormick v. Am. Online, Inc.*, 909 F.3d 677, 681 (4th Cir. 2018) ("When the parties to an arbitration agreement are of diverse citizenship and the amount in controversy exceeds $75,000, diversity jurisdiction would authorize a federal court to

resolve disputes concerning the arbitration process, regardless of the nature of the underlying dispute.").

Here, Ms. Perez is indisputably a citizen of Florida while Cigna was incorporated in Connecticut and maintains its headquarters and principle place of business in Connecticut making it a citizen of Connecticut. Thus, the parties are diverse under 28 U.S.C. §1332 jurisprudence.

As to amount in controversy, the appropriate amount to consider in these circumstances is the amount claimed by the petitioner in the original arbitration action, not the amount of the arbitration award. *Peebles,* 431 F.3d 1320 (11th Cir. 2005). *Peebles* is particularly instructive on this point as, in that matter, Peebles filed a motion to vacate a zero-dollar arbitration award in favor of the respondent, Merrill Lynch, in the appropriate state court. *Id.* at 1324. Merrill Lynch then removed the case to the United States District Court for the Southern District of Florida. Thereafter, Peebles objected claiming that the amount-in-controversy element of jurisdiction was not met because he was only seeking to vacate a zero-dollar arbitration award against him. Ultimately, the district court found diversity jurisdiction based on the amount claimed in the underlying arbitration and noted that Peebles was also seeking a new arbitration hearing where he would argue he was owed up to $2,000,000.00 in damages and denied his petition to vacate. *Id.*

On Peebles's appeal, the Eleventh Circuit found that, because the parties were diverse and because the plaintiff was still seeking damages over the $75,000.00 amount in controversy requirement (in the form of seeking a new arbitration hearing where he would argue he was entitled to damages between one and two million dollars), the District Court had subject matter jurisdiction over the plaintiff's petition to vacate the zero dollar arbitration award against him. *Id.*

*at* 1325-26. Thus, according to the Eleventh Circuit, the appropriate amount in controversy to consider in a case like the one Ms. Perez filed is the amount that the petitioner is seeking should her relief (vacating the arbitration award) be granted.

Looking specifically at the amount that Ms. Perez is seeking should the relief she requests be granted, such sum easily exceeds the $75,000 threshold.  First, the total damages Plaintiff seeks, as reflected in the declaration and proposed order submitted by Ms. Perez previously, total over one million dollars.[1] (Exhibit B.) Additionally, even looking to the type of damages claimed in her underlying petition should this Court vacate the arbitration award and order a new arbitration (the only relief available to Ms. Perez should her Petition be granted), the amount claimed again easily exceeds the $75,000 threshold.  In fact, the amount is met by only taking into account the claim for backpay set out in the Amended Complaint in Arbitration.  (Ex. A, ¶ 27(a).)  Under Title VII or 42 U.S.C. § 1981, a prevailing plaintiff is entitled to an award of pay she would have earned but for the adverse employment action (termination).  According to Ms. Perez's declaration sent to this Court, Ms. Perez earned an annual income of $51,259.95. (Ex. B.)  Thus, from the date of her termination through the date of this filing, Ms. Perez could seek approximately two year of back pay or approximately $102,519.90 without even taking into account interest, front-pay or alleged emotional distress damages.

Thus, here, as in *Peebles*, this Court has original subject matter diversity jurisdiction over Plaintiff's Petition.[2]

---

[1] Plaintiff emailed a declaration and proposed order in this matter to both Judge Kovachevich's chambers and Cigna's counsel on December 10, 2018 referring to her claim of entitlement to this amount of money.

[2] Of the cases that this Court cited in its Order (Dkt. 41) in support of the proposition that no federal question jurisdiction exists regarding petitions to vacate under §10 of the FAA even when the underlying subject matter of the arbitration involves federal questions, none involved diversity jurisdiction, which would have provided an independent basis to exercise subject matter jurisdiction in those cases over the petitions there. *Magruder v. Fid. Brokerage Servs.*, 818 F.3d 285, 287 (7th Cir. 2016) (no diversity jurisdiction as amount in controversy capped at $50,000.00); *Goldman v. Citigroup Global Mkts.*, 834 F.3d 242, 249 n.7 (3d Cir. 2016) (no diversity jurisdiction as parties not diverse);; *Carter v. Health Net of California*, 374 F.3d 830, 834 (9th Cir. 2004) (same); *Kasap v. Folger*

## **<u>CONCLUSION</u>**

For the reasons argued above, this Court has two bases, independent of the FAA, to exercise subject matter jurisdiction over this matter.  First, federal question jurisdiction exists pursuant to 28 U.S.C. §1331.  Second, diversity jurisdiction exists pursuant to 28 U.S.C. §1332 for the reasons above.  Either of these bases is sufficient, alone, to grant this Court subject matter jurisdiction over this action.  Therefore, this Court can and must consider and, ultimately, rule on the Petition.

Date:   July 31, 2019                                */s/ Nancy A. Johnson*
                                                  Jeffrey B. Jones, Esquire
                                                  Florida Bar No.:  0039950
                                                  Email: jbjones@littler.com

                                                  Nancy A. Johnson, Esquire
                                                  Florida Bar No.:  0597562
                                                  Email: najohnson@littler.com

                                                  LITTLER MENDELSON, P.C.
                                                  111 North Magnolia Avenue
                                                  Suite 1250
                                                  Orlando, Florida 32801
                                                  Telephone:    407.393.2900
                                                  Facsimile:    407.393.2929


                                                  *Attorneys for Respondent*

---

*Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1245 (D.C. Cir. 1999) (same); *Collings v. Blue Cross Blue Shield of Michigan*, 103 F.3d 35, 37 n.3 (6th Cir. 1996) (same).

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a copy via email this 31st day of July, 2019 to the following CM/ECF participant:

Glenda Perez
10158 Newminster Loop
Ruskin, FL 33573
Email: glendaperez52@yahoo.com
Perezglenda924@gmail.com

*/s/ Nancy A. Johnson*
Nancy A. Johnson
Attorney for Respondent