# EXHIBIT A

## IN THE MATTER OF THE ARBITRATION BETWEEN

| | |
|---|---|
| Glenda Perez,<br><br>　　　　Claimant,<br>v.<br><br>CIGNA Health & Life Insurance, Co.<br><br>　　　　Respondent. | Case Number: 01-17-0004-5405 |

## **AMENDED COMPLAINT**

## **I. NATURE OF CLAIM**

1.  In this action, Plaintiff, GLENDA PEREZ, seeks to redress injuries suffered as a result of employment discrimination and retaliation by Defendants CIGNA HEALTH & LIFE INSURANCE CO. Plaintiff suffered and continues to suffer from being subjected to unequal treatment, racial discrimination, and to a hostile working environment. Additionally, plaintiff seeks damages for the termination of employment, in retaliation for having complained about the discriminatory treatment. Plaintiff brings the claims of discrimination and retaliation under: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.* ("Title VII"); 42 U.S.C. 1981 ("Section 1981"); and the Florida Civil Rights Act 760.01 *et seq.*, Florida Statutes ("FCRA").

## II. PARTIES

2. Plaintiff GLENDA PEREZ, was born in New Jersey and is of Puerto Rican descent.

3. Plaintiff resided in Connecticut where she was employed by Defendants through Randstad temp agency from October 2012 until end of assignment in April 2013.

4. Plaintiff was recruited for a full-time position by the Defendants on October 7, 2013.

5. Defendant CIGNA HEALTH & LIFE INSURANCE CO., a Connecticut corporation which employs fifteen (15) or more persons' for at least twenty (20) weeks and has engaged in an industry affecting interstate commerce.

6. At all times relevant, Defendants have been made aware of Plaintiff's race.

## III. FACTS

7. Plaintiff was recruited by Defendant CIGNA HEALTH & LIFE INSURANCE CO., and began employment on October 7, 2013 as a Pharmacy Account Install Senior Associate.

8. On or about April 2016, Plaintiff reports to a new Supervisor Valery Ponton who is non-Hispanic.

9. Plaintiff moves to Florida in June 2016 and operated job role as a "Work at Home" employee for Defendants.

10. On or about August 2016, Plaintiff was promoted to a Subject Matter Expert ("SME") / Technical Coach which manages the Implementation Setup Representative email box ("ISR") along with five other colleagues.

11. 3/6/17 - Plaintiff had a discussion with Supervisor regarding 2016-year end evaluation and was given a pay increase and bonus.

12. 3/23/17 - Plaintiff's Technical Coach Heather Fago (non-Hispanic) who is a direct report to the Plaintiff's Supervisor, held a team meeting regarding "DEDUCTIBLE ID ERRORS & THEIR IMPACTS".

   a. During the meeting, Technical Coach informed that senior management was concerned with the "#1 consistent ISR coding error for 2017" and would look into addressing them.

13. 4/27/17 - Supervisor falsified date of Plaintiff's reprimand in the company's Operations Management Document ("OMD") with a verbal warning and reasons stated as "inconsistent performance".

   a. 5/1/17- Plaintiff applied to an internal job posting and informed Supervisor via email.

   b. 5/9/17 - Supervisor met with Plaintiff for an unregular one on one discussion and informed the Plaintiff of the verbal warning.

   c. 5/10/17 - Plaintiff submits PTO (Personal Time Off) request to Supervisor which was granted for dates of 5/18/2017, 5/22/2017, 5/31/2017, and 6/1/2017.

  d. 5/22/17 - Supervisor falsified date of Plaintiff's reprimand in the company's OMD with a verbal warning and reasons stated as "misconduct".

 14. 5/23/17 - Supervisor presented a Performance Corrective Action Plan ("PCAP") to Plaintiff.

  a. Defendants PCAP was inaccurate.

  b. Plaintiff requested Supervisor to provide documents and performance metrics to support their claim for reprimand.

  c. Supervisor advised the Plaintiff to sign PCAP to show accountability.

  d. Supervisor scheduled a call for the following day with Plaintiff.

  e. Plaintiff insisted and was ignored to have Human Resource mediate the issue.

  f. 5/24/17 – Supervisor downplayed the PCAP by advising the Plaintiff to "forget about dates, timelines and just move forward".

  g. Supervisor asserted her position on the inaccurate details listed on the PCAP and warned the Plaintiff that it was "in your best interest to sign".

  h. Supervisor further mentioned "other people are following the same gatekeeping pilot process".

  i. Plaintiff felt intimidated and expressed frustration with Supervisor and stated, "I'm being used as a scapegoat".

    j.    Plaintiff asserts that Defendant's motive was racially biased and informed Supervisor the importance of having HR intervention to further mediate discussions.

    k.    Supervisor ignored Plaintiff's request to provide supporting documents.

    l.    At no time prior to termination, did anyone express to Plaintiff any dissatisfaction pertaining to work performance.

    m.    Plaintiff submits internal complaint of discrimination to the Employee Relations, HR department known as Speak Easy.

15.    5/25/17 - Supervisor emailed Plaintiff the "ISR Break Down" document used for Gatekeeping which is part of the PCAP requirement.

    a.    Plaintiff appeals the reprimand to Supervisor's direct report Maeve Mickle (non-Hispanic) who is the Director of CIGNA's Pharmacy Implementation.

    b.    Director downplayed the severity of reprimand.

    c.    Director condoned Supervisor's malice behavior.

    d.    Director encouraged Plaintiff to sign the PCAP.

    e.    Plaintiff refused to sign PCAP.

16.    5/30/17 - Plaintiff met with HR representative, Karen King (non-Hispanic), regarding internal complaint.

    a.    Plaintiff informed HR of the PCAP process on submitting gatekeeping documents over to the shared ISR email box.

  b. Plaintiff mentioned other non-Hispanics were not submitting documents to the ISR email box.

  c. Plaintiff gave HR consent to disclose identity for the investigation.

  d. On June 2, 2017, HR informed Plaintiff that her investigation was complete and scheduled a meeting for 6/05/17.

  e. On June 5, 2017, HR provided Plaintiff with results of investigation.

  f. Plaintiff expressed concern to HR on their lack of investigation.

  g. HR ignored Plaintiff's complaint on racial discrimination and focused on the PCAP form.

  h. HR said to Plaintiff "the PCAP is just for 30 days, however, you can still post out".

  i. The PCAP was not modified by Defendant and remained unsigned by Plaintiff.

  17. On June 5, 2017, Plaintiff was subjected to retaliation for having complained to HR about racial discrimination.

  a. Supervisor ordered the Plaintiff to commence the performance improvement plan and called it "gatekeeping".

  b. Supervisor told Plaintiff that the files would be confidential and was instructed to submit updates to the ISR email box for review.

  c. Plaintiff proceeded with performance improvement plan in good faith.

    d.    Plaintiff suffered humiliation, scrutiny and disparate treatment in reference to the performance improvement plan.

    e.    6/23/17 - The PCAP was completed, however, the gatekeeping process continued to no end.

    f.    Plaintiff complained to Supervisor of similarly situated non-Hispanic employees who were not subjected to "gatekeeping" plan.

    g.    Supervisor responds via instant message, "Thank you for doing all of this gatekeeping. I hope you can see the benefits of it in the end."

18.    7/21/17 - Plaintiff had a family emergency involving child custody court proceedings and logged off work an hour early.

    a.    7/22/17 - Plaintiff informed supervisor via email of early leave.

    b.    7/24/17 - Defendant responds to Plaintiff's email by informing that a meeting will be scheduled to go over the 7/21/17 event.

    c.    7/25/17 - Plaintiff submitted PTO request to Supervisor for dates of 8/7/17 and 8/8/17 which were approved.

    d.    7/26/17 - Supervisor sends meeting request to Plaintiff which included Director as "optional" dated for 7/27/17.

19.    7/27/17 - Supervisor told Plaintiff, "you are being terminated from Cigna effective immediately".

    a.    Supervisor's reason for termination was "not meeting the PCAP", Director asserted decision as final without severance.

      b.      Plaintiff was ambushed and misled to believing the meeting's agenda.

      c.      HR representative was not on the phone to support this matter.

      d.      HR representative was without knowledge of this event.

      e.      7/28/17 - Plaintiff called HR department to get clarification on benefits and was informed of no changes to employment status.

      f.      Similarly situated non-Hispanic employees were not terminated.

## IV. CLAIMS FOR RELIEF

### A.   FIRST CLAIM FOR RELIEF - RACE DISCRIMINATION

### [TITLE VII, FCRA and SECTION 1981]

19.    Defendants engaged in discriminatory employment practices as described in this complaint in paragraph 1 through 19, which resulted in Plaintiff being subjected to unequal treatment, an offensive and hostile work environment and a retaliatory discharge which violated Plaintiff's right secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq., 42 U.S.C. 1981, and Florida Civil Rights Act, 760.01 et seq., Florida Statutes.

20.    At all times material, Plaintiff was a "person" as that term is defined under the Florida Civil Rights Act.

21.    At all times material, defendant was an "employer" as that term is defined under the Florida Civil Right Act.

22.    Plaintiff was subjected to discrimination because of race in violation of the Florida Civil Right Act.

23. As a proximate result of the discrimination, Plaintiff suffered lost wages, benefits, the financial security that job previously provided, pension right, humiliation, embarrassment and emotional pain and suffering.

24. Plaintiff made internal complaint of discrimination which is considered a filed complaint under the Florida Civil Rights Act.

25. Other non-Hispanic employees were not treated adversely as plaintiff was.

26. Defendant committed the unlawful acts alleged here maliciously, oppressively, with the wrongful intention of injuring Plaintiff, with improper and evil motives amounting to malice, and in willful and conscious disregard of Plaintiffs right.

27. Wherefore, as to the first claim for relief, Plaintiff, Glenda Perez, Pro Se, respectfully, requests arbitration to enter a judgment awarding Plaintiff all such, equitable, and monetary relief as well effectuate the purpose of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq., section 1981, and the Florida Civil Rights Act, 760.01 et seq., Florida statutes, including, but not limited to:

    a. Awarding appropriate backpay to Plaintiff;

    b. Issuing a declaratory judgment that Defendant's practices are violative of Plaintiff's rights under Title VII, section 1981, and the FCRA;

    c.     Enjoining Defendant's from continuing or maintaining the policy, practice, and custom of denying employees' their right secured by Title VII, section 1981, and the FCRA;

    d.     Ordering Defendant to place Plaintiff in the position which would have had, absent Defendant's unlawful discrimination;

    e.     Restoring Plaintiff with credits of all other employee benefits which would have received but for Defendant's unlawful discrimination;

    f.     Awarding Plaintiff economic and compensatory damages;

    g.     Granting Plaintiff cost and reasonable fees; and

    h.     Awarding Plaintiff damages for loss of enjoyment of life, loss of self-esteem, inconvenience and humiliation;

    i.     Granting any other relief, the Arbitrator deems as just and equitable.

## V. <u>CLAIMS FOR RELIEF</u>

### B. <u>FIRST CLAIM FOR RELIEF - RETALIATION</u>

### [TITLE VII, FCRA and SECTION 1981]

28.    Defendants Retaliated against Plaintiff for complaining unequal treatment and hostile work environment as described in this complaint in paragraph 1 through 19, which violated Plaintiff's rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e <u>et seq.</u>, 42 U.S.C. 1981, and Florida Civil Rights Act, 760.01 <u>et seq.</u>, Florida Statutes.

29. Plaintiff expressed frustration with Supervisor, Director and HR as being treated differently than others.

30. Defendant retaliated against Plaintiff for engaging in protective activity under Fla. Stat. Chapter 760.

31. Plaintiff was subjected to a pattern of illegal collective, retaliatory, adverse personal actions by Defendant.

32. Plaintiff had a good faith belief that was subjected to race discrimination under the Florida Civil Rights Act.

33. After Plaintiff complained internally and filed an investigation of discrimination, Defendant's retaliated against Plaintiff.

34. Defendant engaged in a pattern of retaliatory, employment actions against Plaintiff that when viewed collectively, constitutes a pattern of antagonism that would dissuade a reasonable worker from making or supporting a charge of discrimination.

35. As a proximate result of Defendant's unlawful retaliation of Plaintiff, Plaintiff has suffered and continues to suffer emotional pain, loss of enjoyment of life and humiliation and other general damages.

36. Defendant committed the unlawful acts alleged here maliciously, oppressively, with the wrongful intention of injuring plaintiff, with improper and evil motives amounting to malice, and in willful and conscious disregard of Plaintiffs right.

37. Wherefore, as to the Second claim for relief, Plaintiff, Glenda Perez, Pro Se, respectfully, requests Arbitrator to enter a judgment awarding Plaintiff all such, equitable, and monetary relief as well effectuate the purpose of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq., section 1981, and the Florida Civil Rights Act, 760.01 et seq., Florida Statutes, including, but not limited to:

  a. Awarding appropriate backpay to Plaintiff;

  b. Issuing a declaratory judgment that Defendant's practices are violative of Plaintiff's rights under Title VII, section 1981, and the FCRA;

  c. Enjoining Defendant's from continuing or maintaining the policy, practice, and custom of denying employees' their right secured by Title VII, section 1981, and the FCRA;

  d. Ordering Defendant to place Plaintiff in the position which would have had, absent Defendant's unlawful discrimination;

  e. Restoring Plaintiff with credits of all other employee benefits which would have received but for Defendant's unlawful discrimination;

  f. Awarding Plaintiff economic and compensatory damages;

  g. Granting Plaintiff cost and reasonable fees; and

  h. Awarding Plaintiff damages for loss of enjoyment of life, loss of self-esteem, inconvenience and humiliation;

  i. Granting any other relief the Arbitrator deems as just and

equitable.

Signed: *Glenda Perez*

Name: Glenda Perez

Date: 11/26/2017

Glenda Perez
10158 Newminster Loop
Ruskin, FL 33573

*Pro se*

Please send a copy of this Answering Statement to all other case participants and the AAA. If you are filing a counterclaim, please include the appropriate Filing Fee, if any, per the applicable Rules/Fee Schedule.