# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GLENDA PEREZ,

    Plaintiff,

v.                                                         Case No: 8:18-cv-01862-TPB-JSS

CIGNA HEALTH AND LIFE
INSURANCE COMPANY,

    Defendant.

_____/

## PLAINTIFF'S OBJECTION TO THE MAGISTRATE'S REPORT AND RECOMMENDATION

Pro Se Plaintiff, Glenda Perez, respectfully makes the following objection to the Report and Recommendation ("R&R", "Report") entered in this matter on June 4, 2020. Pursuant to 28 U.S.C. § 636(b)(1), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 6.02, Local Rule of the Middle District of Florida. For the reasons stated below, the Report should not be followed, and this case should not be dismissed:

### INTRODUCTION

The Plaintiff has identified several factual errors and recommendations that are contrary to law in the Magistrate's Report, which are described in detail below.

### STANDARD OF REVIEW

The district judge reviews a magistrate judge's report and recommendation *de novo.* Fed. R. P. 72(b)(3). "The district judge may accept, reject, or modify the

1

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions". Id.

"The Supreme Court stated that the authority granted to magistrate judges under the Federal Magistrates Act is to be construed narrowly." *U.S. v. Desir*, 257 F.3d 1233, 1236 (11th Cir. 2001). When a party files timely written objections to a magistrate judge's report, the district court must "make a *de novo* determination of those portions of the report or specified report findings or recommendations to which objection is made." 28 U.S.C. 636(b)(1)(C); see also *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir.1991)("De novo review is statutorily and constitutionally required....").

## LEGAL STANDARD

In the Eleventh Circuit, the court observed *Commonwealth Coatings Corp. v. Cont'l Cas. Co.,* 393 U.S. 145 (1968) "has been interpreted" as "requiring the award to be set aside" where the arbitrator "failed to disclose *potentially* prejudicial facts which *could* impair his judgment." *Middlesex Mut. Ins. Co. v. Levine*, 675 F.2d 1197, 1201 (11th Cir. 1982) (emphases added). Accordingly, it holds "an arbitrator is obligated to disclose those facts that 'create a reasonable impression of partiality,' or put another way, 'information which would lead a reasonable person to believe that a potential conflict exists." *Univ. Commons-Urbana, Ltd. v. Universal Constructors Inc.*, 304 F.3d 1331, 1339 (11th Cir. 2002) (emphasis added)

## OBJECTIONS

**I.     The Magistrate's Report omits Plaintiff's material facts, requiring a *De Novo*:**

The Report does not consider Plaintiff's material facts regarding its position to disqualify Arbitrator Edith N. Dineen. The R&R only referenced Arbitrator Dineen's

2

statements regarding her relationship with the firm, Littler Mendelson. The Report omits the disclosure made by Arbitrator Dineen's relationship to the Defendants' attorney, Jeffrey Jones. Her disclosure of their relationship was the reason she was not selected. (Dkt 50. p2.) see, (Dkt 1. ¶10). Arbitrator Dineen's disclosure (Exhibit A)[1]:

> 3. Have you had any professional or social relationship with counsel for any party in this proceeding or the firms for which they work?
>
> Answer : YES
>
> Comments : I have served or am serving as arbitrator in several cases where attorneys in various Littler offices have been involved. None of those cases has gone to a hearing, and my only contact with those attorneys would have been in pre-hearing conference calls and correspondence. To the best of my knowledge, I have never had any contact with Mr. Schmitz, but I did meet Mr. Jones in June 2016 when I was the mediator and he was representing a client at a mediation that lasted for about two hours or less. Constance Norton, with whom I worked at a law firm in Los Angeles in approximately 1994-97, is now a shareholder in Littler's San Francisco office.

*Bradner v. Bradner*, __ So. 3d __, 2019 WL 7204943 (Fla. 1st DCA 2019) (viewed that the court erred by dismissing the case without using its inference. The court vacated judgment because it found that the trial court improperly ignored the material facts presented by the non-moving party.) "If even "the slightest doubt remains" on whether the facts are so crystallized after the evidence has been assessed and all inferences have been drawn in favor of the non-moving party, a trial court's granting of summary judgment cannot stand."(quoting *Convergent Techs., Inc. v. Stone*, 257 So. 3d 161, 166 (Fla. 1st DCA 2018)) (quoting *Bowman v. Barker*, 172 So. 3d 1013, 1015 (Fla. 1st DCA 2015)). "An order granting summary judgment is reviewed de novo." *Hawthorne v. Lyons*, 192 So. 3d at 1280. As it is further explained below, the court should not follow the Report's Recommendation.

On March 7, 2019, this court disallowed discovery and on May 22, 2019 the magistrate denied Plaintiff's request for a hearing. Thus, the Plaintiff respectfully objects

---

[1] The exhibit is located in the clerk's office in a white binder. Per the Standing Order re: 25 pages, docket 3

to the Report's conclusion.(Dkt 36, Dkt 40). The Report, absent a hearing, errs in its recommendation. Further, when a party raises a prima facie case on an arbitrator's evident partiality the Court "should have plunged into evidentiary fact-finding". See *University Commons-Urbana, Ltd. v. Universal Constructors, Inc.,* 304 F.3d 1331, 1340-41 (11th Cir. 2002). The court should note that in order to "ascertain the extent of the Arbitrator's relationship", the party raising evident partiality were permitted to discovery. See, *Metro. Delivery Corp. v. Teamsters Local Union 769*, Case No. 19-22649-Civ-SCOLA/TORRES, 2 (S.D. Fla. Aug. 8, 2019)(Finding the obligation for the Arbitrator to disclose his personal relationship and to conclude that discovery must be further explored to conclude that a reasonable impression of bias exists); *Investors Capital Corp. v. Brown*, 129 F. Supp. 2d 1340 (M.D. Fla. 2000)(sustaining the objection and ordering discovery). None of these things were addressed in the Report therefore the Plaintiff objects to the R&R and the Court should not follow its Recommendation to dismiss the claim.

### II.     The Report's Legal Errors Contrary Law

#### A.     A Party's Waiver

The R&R errors on its findings that a full disclosure is made when the Arbitrator disclosed his previous employment with the Littler Mendelson firm (Dkt 50 p.7). The Report went further to state that, the parties appointed Arbitrator Burruezo after being "fully disclosed" thus, "wavier" their right to raise a complaint. This is based on both factual and legal errors.  Importantly, while the report makes statements on "waiver" to the portion of *Continental Ins. Co. v. Williams*,[2] it omits "the irreducible minimum requirement ... is full disclosure." *Federal Vending, Inc. v. Steak & Ale of Florida, Inc.*,

---

[2] *Continental Ins. Co. v. Williams*, No. 84–2646–CIV–MARCUS, 1986 WL 20915, at *4 (S.D. Fla. Sept. 17, 1986)

4

71 F. Supp. 2d 1245 (S.D. Fla. 1999)(quoting *Cont'l Ins. Co.*, 1986 WL 20915, at *4 (S.D. Fla. Sept. 17, 1986), *aff'd*, 832 F.2d 1265 (11th. Cir. 1987).

The Court in *Bianchi v. Roadway Exp., Inc.*, 441 F.3d 1278 (11th Cir. 2006) explains that defendants have the burden to prove plaintiff's waiver holding to *Lambert v. Travelers Fire Ins. Co.*, 274 F.2d 685, 687-88 (5th Cir. 1961) and such waiver is applied "where a party has acted with full knowledge of the facts." (quoting)*(Middlesex Mut. Ins. Co.)* The Court further examined waiver in *University Commons-Urbana, Ltd.,* where the arbitrator did not disclose the "extensive-nature" of his relationship and thus did not waiver a party's argument. The Court adopted its interpretation of waiver *Id.* in *United Steelworkers of America Local 1913 v. Union R. Co.,* 648 F.2d 905, 913 (3d Cir. 1981)("When the reasons supporting an objection are known beforehand, a party may not wait to make an objection to the qualifications of a Board member until after an unfavorable award has been made.") The R&R does not consider material facts presented by Plaintiff in this case to support its findings. Defendants do not support evidence to support waiver and record shows Plaintiff was not provided with a full disclosure.

**B.     The Full Extent of an Arbitrator's Relationship**

The Report presents its view on nondisclosure cases, which is contrary to the interpretation of the law established in the 11th Circuit. The report cites, *Positive Software Solutions, Inc v. New Century Mortg. Corp.*, 476 F.3d 278, 282–83 (5th Cir. 2007), and *Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 256 (3d Cir. 2013), and *University* (Dkt 50 p.7 ¶2). The report states that an Arbitrator's undisclosed contacts with the opposing party "does not suggest evident partiality"(qouting)(*University Commons-Urbana, Ltd.*). The report errs by not supporting its findings according to

5

controlling law decided in *University Commons-Urbana, Ltd.* which found *Sanko S.S. Co., Ltd. v. Cook Indus., Inc.,* 495 F.2d 1260, 1262-63 (2d Cir.1973) to be persuasive in applying that "finding discrepancies regarding an arbitrator's possible conflicts and his disclosures about those conflicts, and deciding that "[t]hese discrepancies require that [the] case be remanded so that an evidentiary hearing may be held and the full extent and nature of the relationships at issue may be ascertained."(*University Commons-Urbana, Ltd.*). Plaintiff objects to the reports conclusion on nondisclosure as it is contrary to the facts and laws omitted in its finding. Specifically, Plaintiff objects to the Report's findings that state, "At best, Ms. Perez's evidence shows a friendly relationship between the arbitrator and Mr. Jones.", because it ignores the circumstances that were raised in the Plaintiff's claim. (Dkt 50 p.7)

      C.    **Circumstances Establishing Reasonable Impression Of Partiality**

Cases regarding evident partiality is "fact-intensive, case-specific." *Fed. Vending, Inc. v. Steak & Ale of Fla., Inc.,* 71 F. Supp. 2d 1245, 1247 (S.D. Fla. 1999)." *Metro. Delivery Corp. v. Teamsters Local Union 769*, Case No. 19-22649-Civ-SCOLA/TORRES, 5 (S.D. Fla. Aug. 8, 2019). The R&R cites cases that are contrary to law and inconsistent with the facts of this case. The report cites *Thames v. Woodmen of World Life Ins. Soc'y* ("Absent facts or circumstances suggesting such previous contacts give rise to bias, financial linkages, ongoing business relations, or a significant compromising connection . . . , there is no § 10(a)(2) violation."). The Report's statement in support of its conclusion follows that, "Ms. Perez has not pointed to evidence demonstrating a relationship that would establish evident partiality"(Dkt 50 p.8 ¶2). Again the report omits material facts supported by the Plaintiff. In *Thymes* the Defendant's attorneys' support the record with "declarations flatly denying such a

6

relationship" existed. Neither the Defendants nor the Magistrate can point to a material fact on record that makes the same distinction. The Plaintiff objects to the Reports conclusion.

Further, the Plaintiff has demonstrated, in fact, that it has moved to disqualify an Arbitrator due the disclosure of Defendant's attorney, Jeffrey Jones, and had the Plaintiff had that same knowledge disclosed to it with respect to Arbitrator Burruezo, it would have moved to disqualify him as well. See, *Federal Vending Inc.*, at *Approx.*\*1250, "First and foremost, *Steak & Ale* has failed to demonstrate any actual prejudice from the arbitrator's failure to disclose. For example, there has been no showing that *Steak & Ale* was entitled to exercise a peremptory challenge and would have done so to strike the arbitrator had it possessed the nondisclosed information. By the same token, *Steak & Ale* has failed to demonstrate how it would have tried the case differently had it possessed the non-disclosed information."

### D. The Reports Cites Cases Where Arbitrators Personal Relationship Was Disclosed

The R&R cites a couple of cases that are contrary to the standard narrative of law regarding reasonable impression of partiality. These cases are at odds with the facts of this case. The Report cites *Austin S. I*, 799 F. Supp. at 1143 ("The mere fact that an arbitrator may have conversed with a party at some point during the proceedings is insufficient to establish 'evident partiality.'")(Dkt 50. P.8). The report omits that in *Austin S. I*, a three panel arbitration, one of the arbitrators disclosed a personal relationship prior to the arbitration. The same cannot be said about this case nor is supported in the Report that such disclosure was ever done. Thus, the Plaintiff objects to the Report's conclusion.

The cases used in the Report have made decisions addressing the grounds of establishing prima facie for evident partiality and the record shows, contrary to the Report, that Plaintiff has met the requirements.

The report errs in its conclusion to state that the Plaintiff failed to give rise to its reasonable impression of partiality. Without holding an evidentiary hearing it curtails the conclusion to adequately make a finding to dismiss the case. In *University Commons-Urbana, Ltd.*, the court found that "The district court rejected this ground on its face, without holding an evidentiary hearing. We conclude that appellants' allegations of partiality are sufficient to warrant an evidentiary hearing. We therefore vacate the award and remand the case so that an evidentiary hearing may be held and findings of fact and conclusions of law may be made concerning the issue."

The report cites *In re Arbitration Between Sharp River Birch Homes, Inc.*, No. MC-07-0018-KD-M, 2007 WL 9717906, at *5 (S.D. Ala. Dec. 27, 2007) a case where "prior academic relationship involving an arbitrator did not create a reasonable impression of partiality"(quoting) *Metro. Delivery Corp.* The Report does not consider the circumstance brought in this case that bring a reasonable impression of partiality.

Further, the Report statement in citing *Gianelli* is err when referencing it with, "As such, Ms. Perez has not shown an undisclosed relationship that "would lead a reasonable person to believe that a potential conflict exists." *Gianelli*, 146 F.3d at 1312 (Dkt 50 p.8).

Plaintiff objects to the reports conclusion because the legal standard referenced in *Gianelli* is not supported in the report. *Gianelli* applies a two step prong in reviewing a claim, those are as follow, ("[A]n arbitration award may be vacated due to the 'evident

8

partiality' of an arbitrator only when either (1) an actual conflict exists, or (2) the arbitrator knows of, but fails to disclose, information which would lead a reasonable person to believe that a potential conflict exists.") Id. (citing *Lifecare Int'l, Inc. v. CD Med., Inc.*, 68 F.3d 429, 433 (11th Cir. 1995); *Middlesex Mut. Ins. Co. v. Levine*, 675 F.2d 1197, 1202 (11th Cir. 1982)). In order to meet those "conditions", it "requires a fact-intensive inquiry" Id. (citing *Lifecare*, 68 F.3d at 435).

*See, World Invest Corp. v. Breen*, 684 So.2d 221 (Fla.Dist.Ct.App.1996), the Plaintiff investor filed a petition in the circuit Court to vacate an arbitration award in favor of the Defendant investment corporation on the bases that the Arbitrator was biased and that the award was arbitrary and capricious. The trial Court dismissed the petition, and the plaintiff appealed. Citing *O.R. Sec. v. Professional Planning Assocs., Inc.*, 857 F.2d 742 (11th Cir.1988), the *Breen* Court stated, "When a petition to vacate an arbitration award alleges facially sufficient grounds for relief, the trial Court must, at least, hold a limited evidentiary hearing to allow the movant to submit evidence to establish its claim." 684 So.2d at 222. Thus, the *Breen* Court held that the trial Court erred in summarily dismissing the plaintiff's motion to vacate the arbitration award.

    E.    The R&R on ex parte and "undue means"

The Report unreasonably supports its conclusion that ex parte communications are a non issue without first engaging the parties on an evidentiary hearing, thus plaintiff objects to the reports finding on ex parte communications.

In *Soreen v. Kumble,* 578 So. 2d 836, 836(Fla. 3d DCA 1991), the Court addressed "undue means", as one of the grounds to vacate an arbitration award, as matters of, an Arbitrator's ex parte communications, or undisclosed relationships.

9

Considering the facts omitted in the Report and the lack of evidentiary hearing, the Court should sustain the Plaintiff's objection. It should not follow the recommendations that ex parte communications do not violate law because it did not consider an evidentiary hearing. *See, RDC Golf of Florida I, Inc. v. Apostolicas,* 925 So. 2d 1082, 1094 (Fla. 5th DCA 2006)(explaining that an arbitration award may be vacated on undisclosed information that creates a reasonable impression of partiality "ordinarily requires a fact-intensive inquiry").

The circumstance in this case should be viewed fairly and by applying inference in light of the Plaintiff's asserted claims, establishing the grounds of evident partiality. If the Court allows the parties to conduct discovery, Plaintiff will make the necessary showing to receive relief.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully objects to the Magistrate Judge's Report and Recommendation and requests a de novo review finding in favor of the Plaintiff.

Respectfully submitted June 17, 2020.

/s/ Glenda Perez_____
Glenda Perez
10158 Newminster Loop
Ruskin, Florida 33573
*Pro se*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 17, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic filing to the following CM/ECF participants:

Nancy A. Johnson, Esquire
Email: najohnson@littler.com
LITTLER MENDELSON, P.C.
111 North Magnolia Avenue
Suite 1250
Orlando, Florida 32801

/s/ Glenda Perez_____
*Pro se*