[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12730
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cv-01862-TPB-JSS

GLENDA PEREZ,

    Plaintiff - Appellant,

versus

CIGNA HEALTH AND LIFE INSURANCE COMPANY,

    Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 13, 2021)

Before WILSON, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Glenda Perez, proceeding *pro se*, appeal's the district court's order denying her motion to vacate an arbitration award in favor of her former employer, Cigna Health and Life Insurance Company ("Cigna"), based on allegations of the arbitrator's partiality. After review, we affirm.

## I.   Background

### A. Arbitration proceedings

As part of her employment with Cigna, Perez signed an agreement that "all serious employment related disputes that can not be resolved internally" would be resolved through mediation or arbitration, "and not in court." After Cigna terminated Perez on July 27, 2017, she mailed Cigna a demand for arbitration to settle her allegations that Cigna had wrongfully terminated her in violation of both federal and state law. On August 18, 2017, the American Arbitration Association ("AAA") initiated the arbitration process by sending Perez and Cigna a letter enclosing a list of arbitrators for selection. Perez represented herself and Cigna was represented by Littler Mendelson, P.C.

Initially, Perez and Cigna were unable to agree on an arbitrator, but when Perez ranked Carlos Burruezo as her first choice from a list of proposed arbitrators provided by AAA, Cigna agreed to Burruezo. When AAA provided Perez and Cigna with the list of proposed arbitrators, it also provided a curriculum vitae ("cv") for each arbitrator, including Burruezo. Burruezo's cv showed that he was a

2

managing shareholder at Littler from 2007–2014.  In its e-mail accepting Burruezo as arbitrator on Cigna's behalf, Cigna's counsel said to Perez: "We accept Carlos Burruezo.  As you are aware, Mr. Burruezo used to work in our office."

After the parties selected him as their arbitrator, Burruezo e-mailed them and stated, in relevant part:

> After further review of the pleadings and other matters filed with AAA, I feel compelled to note that, from May 2007 to March 2014, I served as Shareholder with Littler Mendelson, P.C., the law firm that represents [Cigna] in this matter.  I was a resident of the Firm's Orlando Office, and served of [sic] the Orlando Office's Managing Shareholder from 2007 through 2013.  During my tenure there (or at any other point in time in my career), I never handled any matters for CIGNA [sic].  I left the firm in March 2014 to join my wife (at Burruezo & Burruezo, PLLC) to focus my practice on the mediation and arbitration of employment disputes.  I do not feel that my previous experience with Littler Mendelson, P.C. in any way causes me to feel any bias toward any particular party.  As an arbitrator, my aim is to weigh the facts and law consistent with the evidence in an unbiased fashion.
>
> Of course, I will leave it up to the parties to assess my ability to serve, and will honor and respect the will of the parties.

After Burruezo's e-mail, neither party objected to him serving as their arbitrator.

Following arbitration proceedings, Burruezo entered summary judgment in favor of Cigna on all of Perez's claims.

### B. Procedural history

#### 1. District court.

Perez, proceeding *pro se*, moved under the Federal Arbitration Act ("FAA") to vacate Burruezo's final decision.  Perez alleged that Burruezo had failed to

3

disclose his friendship with Jeffrey Jones,[1] one of Cigna's counsel of record.[2] After Cigna filed its answer in opposition, Perez moved for an evidentiary hearing, which the district court denied because the parties had extensively briefed both the factual and legal issues and it did not believe an additional hearing was necessary.

Then, the magistrate judge issued a report and recommendation ("R&R"), recommending that the district court deny Perez's motion. More specifically, as relevant to this appeal, the magistrate judge recommended that the district court find that Burruezo had already disclosed his relationship with Littler, such that any claim of partiality related to Burruezo's relationship with Littler was waived, and even if he should have disclosed personal friendships with some of the Littler attorneys, Perez did not present sufficient evidence to show a significant compromising connection or bias.

Perez objected to the R&R, arguing, as relevant to this appeal, that (1) Burruezo did not make the required full disclosure of his personal friendships with Littler attorneys; and (2) that there should be an evidentiary hearing to address

---

[1] Specifically, the record confirms that, Jones, a Littler shareholder, supervised attorneys Gregory Schmitz and later Nancy Johnson in their representation of Cigna in the arbitration proceeding.

[2] Perez also sought to vacate the award based on alleged *ex parte* communications—three e-mails—that occurred during the arbitration proceeding. However, she does not pursue this issue on appeal. Accordingly, we conclude that she has abandoned this issue. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("issues not briefed on appeal by a *pro se* litigant are deemed abandoned.").

4

the *ex parte* communications issue. The district court adopted the R&R and Perez timely appealed.[3]

## II. Standard of Review

We review the denial of a motion to vacate an arbitration award for clear error with respect to factual findings and *de novo* with respect to legal conclusions. *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010).

## III. Discussion

On appeal, Perez argues that the district court's order denying her motion to vacate the arbitration award should be reversed because Burruezo failed to disclose

---

[3] Perez has moved to supplement the record to include the following new evidence: (1) a "secondary" CV of Burruezo's that Perez obtained from "AAA Mediation.org"; and (2) several e-mails between Perez, Nancy Johnson—another of Cigna's counsel of record—and Burruezo related to the case management conference in the district court. Cigna has moved to strike these documents as well as portions of Perez's brief that rely on these documents as they were not part of the record before the district court. Perez has failed to explain why she could not have submitted these documents to the district court. *See Albra v. Advan, Inc.*, 490 F.3d 826 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("Still, once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). Furthermore, the documents she seeks to add to the record are not significantly probative or dispositive of any issue on appeal. Accordingly, we decline to exercise our discretion to supplement the record and her motion to supplement is denied and Cigna's motion to strike is granted. *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1555 (11th Cir.1989) (explaining that, although we have the "inherent equitable power . . . to supplement the record with information not reviewed by the district [court]," when it would be in the interests of justice, we rarely exercise this power and doing so is disfavored); *see also Shahar v. Bowers*, 120 F.3d 211, 212 n.1 (11th Cir.1997) ("At no time when a case is on appeal is adding information to the record— information that was never before the district court—usual and favored by the law."). Moreover, even if we did grant the motion to supplement, the documents at issue would not alter the outcome of our decision, for the reasons explained below.

his friendship with Jones, one of Cigna's counsel of record. Perez's argument is unpersuasive.

Judicial review of arbitration awards is "narrowly limited," and "the FAA presumes that arbitration awards will be confirmed." *Lifecare Int'l, Inc. v. CD Medical, Inc.*, 68 F.3d 429, 434 (11th Cir. 1995) (quotation omitted). The FAA provides four reasons for vacating an arbitration award, only one of which is applicable in this case: under 9 U.S.C. § 10(a)(2), vacatur is appropriate "[w]here there is evident partiality or corruption in the arbitrators." We have explained that an arbitration award may only be vacated because of evident partiality when either "(1) an actual conflict exists; or (2) the arbitrator knows of, but fails to disclose, information which would lead a reasonable person to believe that a potential conflict exists." *Gianelli Money Purchase Plan & Trust v. ADM Inv. Servs., Inc.*, 146 F.3d 1309, 1312 (11th Cir. 1998). In order to vacate an arbitration award due to evident partiality when the allegation is based on non-disclosure, as it is here, the party challenging the arbitration award bears the burden of establishing that the undisclosed facts create a "reasonable impression of partiality." *Middlesex Mut. Ins. Co. v. Levine*, 675 F.2d 1197, 1201 (11th Cir. 1982). The alleged partiality must be "direct, definite and capable of demonstration rather than remote, uncertain and speculative." *Id.* at 1202. "[T]he mere appearance of bias or

partiality is not enough to set aside an arbitration award." *Lifecare Int'l*, 68 F.3d at 433.

Perez has not met her burden of proving evident partiality.[4] Perez alleges that a picture of Burruezo and Jones standing "arm in arm in celebration of [Burruezo's] 50th birthday party" establishes that Burruezo and Jones had an undisclosed relationship and their friendship demonstrates bias. Burruezo disclosed that he was a former shareholder with Littler for seven years, and it follows necessarily from this disclosure that he likely has friendships with many of Littler's employees. Nevertheless, to the extent that his friendship with Jones should have been separately disclosed, we have explained that "standing alone, the fact that an arbitrator . . . had previous contacts with counsel for one of the parties does not suggest evident partiality." *Univ. Commons-Urbana, Ltd. v. Univ. Constructors Inc.*, 304 F.3d 1331, 1340 (11th Cir. 2002). In other words, the existence of a collegial relationship between the arbitrator and counsel for one of the parties without more does not establish evident partiality or bias on the part of the arbitrator. Perez has alleged no additional basis that might give a reasonable impression of partiality such as financial incentives or concurrent representations

---

[4] Perez also challenges the district court's finding that she waived any allegations of bias based on Burruezo's past employment at Littler because his employment was disclosed to her. Because we address the merits of Perez's claim, we do not address her argument concerning the district court's waiver finding.

involving Burruezo and counsel for Cigna. *See id*. at 1333, 1329–36 (remanding to district court for evidentiary hearing regarding evident partiality when party challenging arbitration award proved that (1) the arbitrator was serving as co-counsel in another legal matter with one of the individual attorneys representing one of the parties in the arbitration proceeding; and (2) the arbitrator had a meeting with the president of one of the parties' parent organization during which the president asked the arbitrator to represent him in unrelated legal matters); *see also Middlesex Mut.*, 675 F.2d at 1202, 1204 (affirming district court's vacating of arbitration award based on "adversarial and close financial relations that existed for a period of years" between the arbitrator and one of the parties). At best, Perez offers mere speculation of unfair bias based on a photograph from a birthday party, which is "too remote, uncertain and speculative" to create "a reasonable impression of partiality"—particularly where the attorney in question was not counsel handling the day-to-day matters in the arbitration proceeding for Cigna. *See Univ. Commons-Urbana*, 304 F.3d at 1339.[5]

---

[5] Perez also argues that Burruezo made a partial and incomplete disclosure to the parties, which improperly shifted the onus of discerning whether a conflict existed to the parties. Because we find that Perez has not met her burden of proving a bias that created evident partiality, we need not consider this argument.

Additionally, Perez argues that the district court erred in failing to conduct discovery and hold an evidentiary hearing on the issue of evident partiality. We conclude there was no abuse of discretion. *See Odyssey Marine Expl., Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir. 2011) ("We review a district court's decision not to hold an evidentiary hearing for abuse of discretion."). We have held that when, as here, a party seeking to vacate an arbitration award has failed to allege sufficient evidence of a ground for vacating an arbitration

For these reasons, we affirm the denial of the motion to vacate the arbitration award.

**AFFIRMED.**

---

award in its initial pleading, it is not an abuse of discretion for the district court to deny discovery and to deny an evidentiary hearing. *O.R. Sec. Inc. v. Pro. Plan. Assocs., Inc.*, 857 F.2d 742, 746 n.3, 747–48 (11th Cir. 1988).

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 13, 2021

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 20-12730-JJ
Case Style: Glenda Perez v. Cigna Health and Life Ins.
District Court Docket No: 8:18-cv-01862-TPB-JSS

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Tiffany A. Tucker, JJ at (404)335-6193.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs